UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **CROCS, INC.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ACME EX-IM, INC., et al.,** )<br>)<br>Defendants. )<br>) | Case No. 06 CV 00605-PSF-BNB<br><br>Judge Phillip S Figa<br><br><br>**ANSWER**<br>**WITH JURY DEMAND** |

Defendant Double Diamond Distribution, Ltd. ("Double Diamond"), through counsel, hereby answers Plaintiff's complaint as follows:

1. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

2. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

3. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

4. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

5. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

6. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

7. Admitted

8. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

9. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

10. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

11. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

12. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

13. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

14. Double Diamond admits that this court has subject matter jurisdiction over this case, but denies any other allegations.

15. Denied.

16. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

17. Denied.

18. Denied.

19. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

20. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

21. Double Diamond admits that the U.S. Patent and Trademark Office issued U.S. Patent Number 6,993,858 B2 ("the '858 Patent"), entitled "Breathable Footwear Pieces," on February 7, 2006, that Crocs, Inc. is listed as assignee on the cover page thereof, and that a copy of the patent is Exhibit 1 to the Complaint. Double Diamond denies all other allegations.

22. The '858 Patent speaks for itself. Double Diamond denies all other allegations.

23. The '858 Patent speaks for itself. Double Diamond denies all other allegations.

24. Double Diamond admits that the U.S. Patent and Trademark Office issued U.S. Patent Number D 517,789 ("the '789 Patent"), entitled "Footwear," on March 28, 2006, that Crocs, Inc. is listed as assignee on the cover page thereof, and that a copy of the patent is Exhibit 2 to the Complaint. Double Diamond denies all other allegations.

25. The '789 Patent speaks for itself. Double Diamond denies all other allegations.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

31. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

32. Double Diamond lacks sufficient information as to the allegations of this paragraph and, therefore, denies the same.

33. Denied.

34. Denied.

35-50. Double Diamond lacks sufficient information as to the allegations of these paragraphs and, therefore, denies the same.

51. Admitted.

52. Dawgs Clogs are manufactured in China and have been not been directly imported into the United States. Dawgs Clogs can be purchased through Double Diamond's website, www.dawgsclogs.com.

53. Denied.

54-83. Double Diamond lacks sufficient information as to the allegations of these paragraphs and, therefore, denies the same.

84. Double Diamond incorporates by reference the answers to the foregoing paragraphs.

85. Denied as to Double Diamond's Dawgs Clogs. Double Diamond lacks sufficient information as to the other allegations of this paragraph and, therefore, denies the same.

86. Denied.

87. Double Diamond incorporates by reference the answers to the foregoing paragraphs.

88. Denied as to Double Diamond's Dawgs Clogs. Double Diamond lacks sufficient information as to the other allegations of this paragraph and, therefore, denies the same.

89. Denied.

90. Double Diamond incorporates by reference the answers to the foregoing paragraphs.

91. Denied as to Double Diamond's Dawgs Clogs. Double Diamond lacks sufficient information as to the other allegations of this paragraph and, therefore, denies the same.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Double Diamond incorporates by reference the answers to the foregoing paragraphs.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Double Diamond incorporates by reference the answers to the foregoing paragraphs.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

## AFFIRMATIVE DEFENSES

1. The '858 and '789 patents are invalid.

2. The '858 and '789 patents are unenforceable.

3. Plaintiff's claims are barred by the statute of limitations.

4. Plaintiff's product was not marked in accordance with 35 U.S.C. § 287 and, therefore, Plaintiff is barred from recovering from Double Diamond any damages for alleged patent infringement activity prior to the date of actual notice served on Double Diamond.

5. Plaintiff's claims are being made in bad faith, knowing that it does not have priority of use, exclusive use, or secondary meaning in design elements it claims to be protectable trade dress and that such elements are functional and, therefore, not protectable as trade dress.

**WHEREFORE**, Defendant Double Diamond prays that:

A. The Court deny Plaintiff's claims and dismiss this action with prejudice;

B. The Plaintiff be denied any accounting or award of damages;

C. The Plaintiff be denied any injunctive relief;

D. The Court find that the '858 and '789 patents are invalid and/or unenforceable; and

E. Such other relief that the Court deems just and equitable.

## JURY DEMAND

Defendant hereby demands a jury to determine all issues so triable.

Respectfully submitted,

/s/Glenn D. Bellamy
Greenebaum Doll & McDonald PLLC
2800 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio 45202
(513) 455-7600
Attorneys for Defendant,
Double Diamond Distribution, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, whom will send notification of such filing to the parties.

/s/Glenn D. Bellamy
Attorney for Defendant.
Double Diamond Distribution, Ltd.