**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-00605-PSF-BNB

**CROCS, INC.,**

      Plaintiff/Counterclaim Defendant,

v.

**AUSTRALIA UNLIMITED, INC., et al.**

      Defendant/Counterclaim Plaintiff.

---

### DEFENDANT AUSTRALIA UNLIMITED, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

---

Defendant/Counterclaimant Australia Unlimited, Inc. ("AU"), a Washington corporation, through its counsel of record, respectfully submits this answer, affirmative defenses and counterclaims in response to the Complaint filed by Plaintiff Crocs, Inc. ("Crocs").

## <u>THE PARTIES</u>

1.    AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and, on that basis, denies such allegations.

2.    AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and, on that basis, denies such allegations.

3.    AU admits that it is a Washington corporation.  AU denies that it has a principal place of business at 2638 East Marginal Way South, Seattle, WA 98134.

1

4.      AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and, on that basis, denies such allegations.

5.      AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and, on that basis, denies such allegations.

6.      AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and, on that basis, denies such allegations.

7.      AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and, on that basis, denies such allegations.

8.      AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and, on that basis, denies such allegations.

9.      AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and, on that basis, denies such allegations.

10.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and, on that basis, denies such allegations.

11.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and, on that basis, denies such allegations.

12.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and, on that basis, denies such allegations.

13.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and, on that basis, denies such allegations.

## JURISDICTION AND VENUE

14.     AU admits that Crocs purports to bring this Action under the patent laws of the United States 35 U.S.C. § 1, *et seq.* and that this Court has subject matter jurisdiction over matters properly arising under the patent laws of the United States.  AU also admits that this Court may exercise supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a).  All remaining allegations of paragraph 14 of the Complaint are denied.

15.     To the extent that paragraph 15 of the Complaint contains allegations relating to respondents other than AU, AU lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies such allegations.  AU denies that it has imported infringing products into the United States.  AU admits that some of its products may be sold in Colorado, but it denies that it has directed any of its activities as alleged in the Complaint to the State of Colorado.  AU denies all remaining allegations contained in paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 16 contains any other allegations, those allegations are denied.

## GENERAL ALLEGATIONS

17.     AU admits that Crocs is a manufacturer and marketer of branded footwear for men, women and children.  Regarding all remaining allegations of paragraph 17 of the Complaint, AU lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies such allegations.

18.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis denies such allegations.

19.     AU admits that Crocs sells its footwear in department stores, specialty footwear stores, sporting good stores, and outdoor retailers.   Regarding all remaining allegations contained in paragraph 19 of the Complaint, AU lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies such allegations.

20.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and, on that basis, denies such allegations.

## IV.     CROCS' PATENT AND TRADE DRESS

### THE '858 PATENT

21.     AU admits that on February 7, 2006, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,993,858 B2, entitled "Breathable Footwear Pieces" ("the '858 patent"), with Crocs as the assignee.   AU denies that the '858 patent was "duly, properly, and legally issued" by the USPTO.   AU admits that Exhibit 1 of the Complaint is a true copy of the '858 patent.   All remaining allegations of paragraph 21 of the Complaint are denied.

22.     AU admits that the '858 patent claims a footwear piece.   To the extent that paragraph 22 alleges legal conclusions relating to claim interpretation, no response to these allegations is required.   AU states that the claims of the '858 patent speak for themselves.   All remaining allegations of paragraph 22 of the Complaint are denied.

23.     AU admits that the '858 patent contains two independent claims.   AU states that both claims of the '858 patent speak for themselves.   To the extent that paragraph 23 of

the Complaint contains legal conclusions relating to claim interpretation, no response is necessary.  All remaining allegations contained in paragraph 23 of the Complaint are denied.

## THE '789 PATENT

24.    AU admits that on March 28, 2006, the USPTO issued U.S. Patent No. D517,789, entitled "Footwear" ("the '789 patent"), with Crocs as the assignee.  AU denies that the USPTO "duly, properly, and legally issued" the '789 patent.  AU admits that Exhibit 2 to the Complaint is a true and correct copy of the '789 patent.  All remaining allegations contained in paragraph 24 of the Complaint are denied.

25.    AU admits the '789 patent claims an ornamental design for footwear.  To the extent the paragraph 25 of the Complaint contains allegations relating to the scope of the claim contained in the '789 patent, these are legal conclusions for which no response is necessary.  All remaining allegations contained in paragraph 25 of the Complaint are denied.

## CROCS' TRADE DRESS

26.    To the extent paragraph 26 of the Complaint alleges the existence of protectable Trade Dress, these allegations relate to legal conclusions for which no response is necessary.  AU denies that Crocs possesses any protectable Trade Dress as alleged in the Complaint.  All remaining allegations contained in paragraph 26 of the Complaint are denied.

27.    To the extent paragraph 27 of the Complaint alleges the existence of protectable Trade Dress, these allegations relate to legal conclusions for which no response is necessary.  AU denies that Crocs possesses any enforceable Trade Dress.  All remaining allegations contained in paragraph 27 of the Complaint are denied.

28.    To the extent paragraph 28 of the Complaint alleges the existence of protectable Trade Dress, these allegations relate to legal conclusions for which no response is necessary.  AU denies that Crocs possesses any enforceable Trade Dress.  All remaining allegations contained in paragraph 28 of the Complaint are denied.

29.     AU denies that Crocs "created" any aspect of the configuration of its products currently alleged as protectable Trade Dress.  To the extent that allegations in paragraph 29 allege the existence of protectable Trade Dress, those allegations are legal conclusions for which no response is necessary.  All remaining allegations of paragraph 29 of the Complaint are denied.

30.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and on that basis denies such allegations.

31.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and on that basis denies such allegations.

32.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and on that basis denies such allegations.

33.     AU denies that Crocs has any protectable Trade Dress, and denies that any elements of Crocs' product configuration or packaging are "inherently distinctive."   All remaining allegations contained in paragraph 33 of the Complaint are denied.

34.     AU denies all allegations contained in paragraph 34 of the Complaint.

## <u>DEFENDANTS' INFRINGING ACTIVITIES</u>

**DEFENDANT ACME EX-IM, INC.**

35.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and on that basis denies such allegations.

36.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and on that basis denies such allegations.

37.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and on that basis denies such allegations.

**DEFENDANT AUSTRALIA UNLIMITED, INC.**

38.     AU admits that it is a manufacturer and distributor of NOTHINZ brand shoes, including the NOTHINZ clogs.

39.     AU admits the allegations contained in paragraph 39 of the Complaint.

40.     AU admits that NOTHINZ shoes are sold on its Web site *www.nothinz.com* and that Web site provides links to other Web sites, including *www.slipperstore.com* and *www.shoebuy.com*.  All remaining allegations of paragraph 40 of the Complaint are denied.

41.     All allegations contained in paragraph 41 of the Complaint are denied.

**DEFENDANT CHENG'S ENTERPRISES INC.**

42.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and, on that basis, denies such allegations.

43.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, and, on that basis, denies such allegations.

44.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and, on that basis, denies such allegations.

**DEFENDANT COLLECTIVE LICENSING INTERNATIONAL, LLC**

45.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and, on that basis, denies such allegations.

46.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, and, on that basis, denies such allegations.

47.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and, on that basis, denies such allegations.

## DEFENDANT D. MYERS & SONS, INC.

48.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and, on that basis, denies such allegations.

49.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and, on that basis, denies such allegations.

50.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and, on that basis, denies such allegations.

## DEFENDANT DOUBLE DIAMOND DISTRIBUTION LTD.

51.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and, on that basis, denies such allegations.

52.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and, on that basis, denies such allegations.

53.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, and, on that basis, denies such allegations.

**DEFENDANT EFFERVESCENT INC.**

54.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, and, on that basis, denies such allegations.

55.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, and, on that basis, denies such allegations.

56.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, and, on that basis, denies such allegations.

**DEFENDANT GEN-X SPORTS**

57.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and, on that basis, denies such allegations.

58.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, and, on that basis, denies such allegations.

59.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and, on that basis, denies such allegations.

**DEFENDANT HOLEY SOLES HOLDINGS LTD.**

60.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, and, on that basis, denies such allegations.

61.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and, on that basis, denies such allegations.

62.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and, on that basis, denies such allegations.

63.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and, on that basis, denies such allegations.

## DEFENDANT INTER-PACIFIC TRADING CORPORATION

64.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, and, on that basis, denies such allegations.

65.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and, on that basis, denies such allegations.

66.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and, on that basis, denies such allegations.

67.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, and, on that basis, denies such allegations.

68.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, and, on that basis, denies such allegations.

69.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, and, on that basis, denies such allegations.

70.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint, and, on that basis, denies such allegations.

71.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint, and, on that basis, denies such allegations.

72.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and, on that basis, denies such allegations.

73.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and, on that basis, denies such allegations.

74.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, and, on that basis, denies such allegations.

75.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint, and, on that basis, denies such allegations.

76.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint, and, on that basis, denies such allegations.

77.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, and, on that basis, denies such allegations.

78.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint, and, on that basis, denies such allegations.

DEFENDANT AUSTRALIA UNLIMITED, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

79.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint, and, on that basis, denies such allegations.

80.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint, and, on that basis, denies such allegations.

81.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint, and, on that basis, denies such allegations.

82.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint, and, on that basis, denies such allegations.

83.     AU lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint, and, on that basis, denies such allegations.

## COUNT I

## INFRINGEMENT OF THE '858 PATENT

84.     AU hereby incorporates by reference its responses to paragraphs 1-83 of the Complaint as if fully set forth herein.

85.     To the extent that paragraph 85 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient knowledge or information regarding the truth of such allegations, and on that basis denies such allegations.  All remaining allegations contained in paragraph 85 of the Complaint are denied.

86.     To the extent that paragraph 86 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient knowledge or information regarding the

truth of those allegations, and on that basis denies such allegations.  All remaining allegations contained in paragraph 86 of the Complaint are denied.

## COUNT II

### INFRINGEMENT OF THE '789 PATENT

87.     AU incorporates its responses to paragraphs 1-86 of the Complaint as if fully set forth herein.

88.     To the extent that paragraph 88 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient knowledge or information regarding the truth of such allegations, and on that basis denies such allegations.  All remaining allegations contained in paragraph 88 of the Complaint are denied.

89.     To the extent that paragraph 89 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient knowledge or information regarding the truth of those allegations, and on that basis denies such allegations.  All remaining allegations contained in paragraph 89 of the Complaint are denied.

## COUNT III

### TRADE DRESS INFRINGEMENT

90.     AU incorporates its responses to paragraphs 1-89 of the Complaint as if fully set forth herein.

91.     To the extent that paragraph 91 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient knowledge or information regarding the truth of such allegations, and on that basis denies such allegations.  All remaining allegations contained in paragraph 91 of the Complaint are denied.

92.     To the extent that paragraph 92 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient information or knowledge regarding the

truth of such allegations, and on that basis denies such allegations.  All remaining allegations contained in paragraph 92 of the Complaint are denied.

93.     To the extent that paragraph 93 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient information or knowledge regarding the truth of such allegations, and on that basis denies such allegations.  All remaining allegations contained in paragraph 93 of the Complaint are denied.

94.     To the extent that paragraph 94 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient information or knowledge regarding the truth of such allegations, and on that basis denies such allegations.  All remaining allegations contained in paragraph 94 of the Complaint are denied.

95.     To the extent that paragraph 95 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient information or knowledge regarding the truth of such allegations, and on that basis denies such allegations.  All remaining allegations contained in paragraph 95 of the Complaint are denied.

## COUNT IV

### VIOLATION OF COLORADO CONSUMER PROTECTION ACT

96.     AU hereby incorporates by reference its responses to paragraphs 1-95 of the Complaint as if fully set forth herein.

97.     To the extent paragraph 97 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient knowledge or information as to the truth of such allegations, and on that basis denies those allegations.  All remaining allegations contained in paragraph 97 of the Complaint are denied.

98.     To the extent paragraph 98 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient knowledge or information as to the truth of such allegations, and on that basis denies those allegations.  All remaining allegations contained in paragraph 98 of the Complaint are denied.

99.     To the extent paragraph 99 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient knowledge or information as to the truth of such allegations, and on that basis denies those allegations.   All remaining allegations contained in paragraph 99 of the Complaint are denied.

100.     To the extent paragraph 100 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient knowledge or information as to the truth of such allegations, and on that basis denies those allegations.   All remaining allegations contained in paragraph 100 of the Complaint are denied.

101.     To the extent paragraph 101 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient knowledge or information as to the truth of such allegations, and on that basis denies those allegations.   All remaining allegations contained in paragraph 101 of the Complaint are denied.

102.     To the extent paragraph 102 of the Complaint contains allegations relating to Defendants other than AU, AU lacks sufficient knowledge or information as to the truth of such allegations, and on that basis denies those allegations.   All remaining allegations contained in paragraph 102 of the Complaint are denied.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

103.     AU hereby incorporates by reference its responses to paragraphs 1-102 of the Complaint as if fully set forth herein.

104.     To the extent that paragraph 104 of the Complaint contains allegations relating to Defendants other than AU, AU is without sufficient knowledge or information regarding to the truth of such allegations, and on that basis denies those allegations.   All remaining allegations contained in paragraph 104 of the Complaint are denied.

105.     To the extent that paragraph 105 of the Complaint contains allegations relating to Defendants other than AU, AU is without sufficient knowledge or information regarding to

the truth of such allegations, and on that basis denies those allegations.   All remaining allegations contained in paragraph 105 of the Complaint are denied.

106.    To the extent that paragraph 106 of the Complaint contains allegations relating to Defendants other than AU, AU is without sufficient knowledge or information regarding to the truth of such allegations, and on that basis denies those allegations.   All remaining allegations contained in paragraph 106 of the Complaint are denied.

107.    To the extent that paragraph 107 of the Complaint contains allegations relating to Defendants other than AU, AU is without sufficient knowledge or information regarding to the truth of such allegations, and on that basis denies those allegations.   All remaining allegations contained in paragraph 107 of the Complaint are denied.

## JURY DEMAND

108.    Crocs' demand for a jury amounts to a legal prayer and conclusion for which no response is necessary.

## PRAYER FOR RELIEF

109.    AU denies that Crocs is entitled to any of the relief it prays for in its Complaint.

## AFFIRMATIVE DEFENSES

Defendant/Counterclaimant AU asserts its affirmative defenses to Crocs' Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE:  FAILURE TO STATE A CLAIM

110.    Crocs' Complaint fails to state a claim against AU upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE:  NONINFRINGEMENT

111.    AU has not directly infringed any claim of the '858 patent, nor has it induced or contributed to the infringement of any claim of the referenced patent.

112.    AU has not directly infringed the single claim of the '789 patent, nor has it induced or contributed to the infringement of the claim of the '789 patent.

113.    AU has not directly infringed Crocs' Trade Dress nor has it contributed to the infringement of Crocs' Trade Dress.

## THIRD AFFIRMATIVE DEFENSE:  INVALIDITY

114.    The '858 patent is invalid for failure to comply with one or more provisions of the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, including without limitation 35 U.S.C. §§ 102, 103, and 112.

115.    The '789 patent is invalid for failure to comply with one or more provisions of the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, including without limitation 35 U.S.C. §§ 102, 103, 112, and 171.

## FOURTH AFFIRMATIVE DEFENSE:  NO PROTECTABLE TRADE DRESS

116.    Crocs has no protectable Trade Dress in its product packaging or in the configuration of its product.

117.    The Trade Dress alleged to exist by Crocs is not inherently distinctive, nor has it acquired secondary meaning.

118.    The Trade Dress alleged to exist by Crocs is functional, and thus not protectable as Trade Dress.

## FIFTH AFFIRMATIVE DEFENSE:  NO TRADE DRESS INFRINGEMENT

119.    To the extent that Crocs has any protectable Trade Dress, the NOTHINZ clogs do not infringe that Trade Dress because their sale, distribution, or advertising as alleged in the complaint is not likely to cause confusion.

120.    The NOTHINZ clogs are sold in distinctive packaging and contain clear markings to differentiate AU as the source.  Based on the packaging and the existence of the NOTHINZ mark emblazoned on no fewer than seven surfaces of the clogs, confusion is not likely to occur.  There can be no Trade Dress infringement as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE:  FAILURE TO MARK

121.    Some or all of the damages sought by Crocs are barred in whole or in part by the failure to comply with the requirements of 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE:  PATENT UNENFORCEABILITY

122.    During prosecution of the '858 and '789 Patent applications, Crocs or its attorneys failed to disclose material prior art to the USPTO.  The material prior art that was not disclosed to the USPTO includes, but is not necessarily limited to, sales by an entity known as "Finproject N.A." to a distributor who resold in the United States more than one year prior to the filing dates of both the '858 and '789 Patents.  On information and belief, sales made in the U.S. of the Finproject shoe were of a shoe generally depicted in the drawings of the '858 and '789 Patents without a strap.  Furthermore, the original claims of the '858 Patent were directed to prior art shoes, with no limitation regarding a strap.  Some drawings in the '789 Patent do not depict a strap.  Sales made by Finproject of the shoes depicted in the drawings and claimed in the claims of both the '858 and the '789 Patents were made with full knowledge by Foam Creations, a predecessor-in-interest to Crocs.  Crocs knew or should have known about these sales which took place more than one year prior to the filing date of both the '858 and the '789 patent applications.  Crocs' failure to disclose the existence of these sales to the USPTO was a material omission of fact in violation of 37 C.F.R. § 1.56.

123.    Not only did Crocs fail to disclose material information to the USPTO during the prosecution of the '858 and the '789 patent applications, but it misrepresented to the USPTO the true inventorship of both the '858 and the '789 Patents.  The patents claimed in

both the '858 and the '789 patent applications were not invented by Scott Seamans or anyone at Crocs.  The true invention of the shoe claimed by the application claims of the '858 Patent and shown in the drawings of the '789 Patent is Ettore Battiston.

124.    The misrepresentations made by Crocs to the Patent Office and the failure to disclose material prior art as alleged herein were conducted by Crocs or its attorneys with an intent to deceive the USPTO.

125.    Principles of equity favor a judgment by this Court declaring that both the '858 Patent, and the '789 Patent and all patents claiming priority from or relating to the '858 and '789 patent are unenforceable due to Crocs' inequitable conduct.

## EIGHTH AFFIRMATIVE DEFENSE:  PATENT MISUSE

126.    Crocs knew or should have known that the '858 and '789 Patents are invalid under 35 U.S.C. §§ 102, 103, 112 or 171 but have unlawfully attempted to prevent AU and other defendants from selling foam clogs alleging infringement of knowingly invalid or unenforceable patents.  Facts supporting this defense include, among other things, the actions and conduct described in paragraphs 122 and 123 above.

127.    Crocs has also committed patent misuse by impermissibly broadening the physical limitations of both the '858 and '789 Patents beyond the scope of the patent grant with an anti-competitive effect.  Both the '858 and '789 Patents should be held unenforceable in view of Crocs' patent misuse.

## DEFENDANT'S COUNTERCLAIMS

Defendant/Counterclaimant AU asserts counterclaims in this Action against Crocs as follows:

## PARTIES

128.   Defendant/Counterclaimant AU is a corporation in good standing incorporated under the laws of the State of Washington, with its principal place of business in Kent, Washington.

129.   Defendant/Counterclaimant AU is informed and believes, and on that basis alleges, that Crocs is a company organized under the laws of the State of Colorado, having a principal place of business in Niwot, Colorado 80503.

## JURISDICTION AND VENUE

130.   AU's counterclaims seek a declaratory judgment that the '858 Patent and '789 Patent are not infringed and that both patents are invalid.  AU's counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  This Court has jurisdiction over the subject matter of AU's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over AU's state law counterclaims pursuant to 28 U.S.C. § 1667(a).

131.   This Court has personal jurisdiction over Crocs by virtue of Crocs' existence in this judicial district.

132.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(c).

## FIRST COUNTERCLAIM:  DECLARATORY JUDGMENT OF NONINFRINGEMENT

133.   Defendant/Counterclaimant AU realleges and incorporates by reference the allegations in previous paragraphs 1-132 as if fully set forth herein.

134.   In its Complaint, Crocs alleges that AU has infringed the '858 Patent.  In its answer, AU denies it has infringed the '858 Patent or contributed to the infringement of the '858 Patent or induced infringement of the '858 Patent.  Accordingly, there exists a substantial and continuing justiciable controversy between Crocs and AU as to the infringement or noninfringement of the '858 Patent.

135.     In its Complaint, Crocs alleges that AU has infringed the '789 Patent.  In its answer, AU denies that it has infringed, actively induced infringement, or contributed to the infringement of the '789 Patent.   Accordingly, there exists a substantial and continuing justiciable controversy between AU and Crocs as to the infringement or noninfringement of the '789 Patent.

136.     Defendant/Counterclaimant AU makes a variety of foam footwear sold under the name and mark NOTHINZ.  No clog sold in the past or currently sold by AU infringes any claim of the '858 Patent or '789 Patent, either literally or under the doctrine of equivalents.

### SECOND COUNTERCLAIM:  DECLARATORY JUDGMENT OF INVALIDITY

137.     Defendant/Counterclaimant AU incorporates by reference the allegations contained in paragraph 1-136 above as if fully set forth herein.

138.     In its Complaint, Crocs alleges that the '858 Patent was duly and legally issued. In its answer, AU alleges that the '858 Patent is invalid for failure to comply with one or more allegations of the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, including without limitation, 35 U.S.C. §§ 102, 103, and 112.  Accordingly, there exists a substantial and continuing justiciable controversy between Crocs and AU as to the invalidity of the '858 Patent.

139.     In its Complaint, Crocs alleges that the '789 Patent was duly and legally issued. In its answer, AU alleges that the '789 Patent is invalid for failure to comply with one or more of the provisions of the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, including without limitation 35 U.S.C. §§ 102, 103, 112, and 171.   Accordingly, there exists a substantial and continuing justiciable controversy between Crocs and AU as to the invalidity of the '789 Patent.

140.     Defendant/Counterclaimant AU requests that the Court enter a declaratory judgment that both the '789 Patent and the '858 Patent are invalid for failure to comply with

one or more of the provisions of the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 103, 112, and 171.

### THIRD COUNTERCLAIM:  PATENT UNENFORCEABILITY

141.    Defendant/Counterclaimant AU incorporates by reference the allegations in paragraphs 1-140 above as if fully set forth herein.

142.    During prosecution of the '858 and '789 Patent applications, Crocs or its attorneys failed to disclose material prior art to the USPTO.  The material prior art that was not disclosed to the USPTO includes, but is not necessarily limited to, sales by an entity known as "Finproject N.A." to a distributor who resold in the United States more than one year prior to the filing dates of both the '858 and '789 Patents.  On information and belief, sales made in the U.S. of the Finproject shoe were of a shoe generally depicted in the drawings of the '858 and '789 Patents without a strap.  Furthermore, the original claims of the '858 Patent were directed to prior art shoes, with no limitation regarding a strap.  Some drawings in the '789 Patent do not depict a strap.  Sales made by Finproject of the shoes depicted in the drawings and claimed in the claims of both the '858 and the '789 Patents were made with full knowledge by Foam Creations, a predecessor-in-interest to Crocs.  Crocs knew or should have known about these sales which took place more than one year prior to the filing date of both the '858 and the '789 patent applications.  Crocs' failure to disclose the existence of these sales to the USPTO was a material omission of fact in violation of 37 C.F.R. § 1.56.

143.    Not only did Crocs fail to disclose material information to the USPTO during the prosecution of the '858 and the '789 patent applications, but it misrepresented to the USPTO the true inventorship of both the '858 and the '789 Patents.  The patents claimed in both the '858 and the '789 patent applications were not invented by Scott Seamans or anyone at Crocs.  The true invention of the shoe claimed by the application claims of the '858 Patent and shown in the drawings of the '789 Patent is Ettore Battiston.

144.     The misrepresentations made by Crocs to the Patent Office and the failure to disclose material prior art as alleged herein were conducted by Crocs or its attorneys with an intent to deceive the USPTO.

145.     Principles of equity favor a judgment by this Court declaring that both the '858 Patent, and the '789 Patent and all patents claiming priority from or relating to the '858 and '789 patent are unenforceable due to Crocs' inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant AU requests that the Court:

146.     Enter judgment in favor of AU and against Crocs on Crocs' Complaint;

147.     Dismiss Crocs' Complaint with prejudice;

148.     Enter judgment in favor of AU against Crocs on AU's counterclaims;

149      Declare that AU has not infringed, actively induced infringement of, or contributed to the infringement of either the '858 Patent or the '789 Patent and that the '789 and '858 Patents are invalid;

150.     Declare that this is an exceptional case, and award AU its attorneys fees, expenses and costs pursuant to 35 U.S.C. § 285;

151.     Declare that both the '789 and the '858 Patents are unenforceable due to Crocs' inequitable conduct during prosecution of the patents;

152.     Declare both the '858 and '789 Patents unenforceable based on Crocs' patent misuse as alleged herein; and

153.     Award AU such other and further relief as the Court may deem just and proper.

## JURY DEMAND

154.     AU demands a trial by jury on all issues so triable.

Dated this 31st day of July, 2006.

Respectfully submitted,


/s/      Paul J. Lopach
Paul J. Lopach, Esq.
**MUSGRAVE & THEIS LLP**
370 17th Street, Suite 4450
Denver, CO  80202
Telephone:  (303) 385-4700
Facsimile:  (303) 385-4725

and

**/s/      Mark P. Walters**
Mark P. Walters, Esq.
Christensen O'Connor Johnson Kindness, PLLC
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347

**ATTORNEYS FOR DEFENDANT**
AUSTRALIA UNLIMITED, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July 2006, I served a true and correct copy of the foregoing **DEFENDANT AUSTRALIA UNLIMITED, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system which will send notification of such to the following e-mail addresses:

Natalie Marie Hanlon-Leh
Matt Stump
Faegre & Benson, LLP
Wells Fargo Center, Suite 3200
1700 Lincoln Street
Denver, Colorado 80203-4532
*Attorneys for Plaintiff, Crocs, Inc.*

Michael G. Martin
Lanthrop & Gage, LLC
370 17th Street, Suite 4650
Denver, Colorado 80202
*Attorneys for Defendants, Collective Licensing International, LLC; Effervescent, Inc.; Holey Soles Holdings, Ltd.*

Peter Gergely
Merchant & Gould, P.C.
1050 17th Street, Suite 1950
Denver, Colorado 80265
*Attorney for Defendant, Inter-Pacific Trading Corp.*

I hereby certify that on this 31st day of July 2006, I served a true and correct copy of the foregoing **DEFENDANT AUSTRALIA UNLIMITED, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** to the following non-CM/ECF participants by U.S. mail:

Donald C. Casey
Law Offices of Donald C. Casey
311 North Washington Street, Suite 100
Alexandria, Virginia 22314
*Attorney for Defendant, D. Myers & Sons, Inc.*

Glenn Dean Bellamy
Greenbaum Doll & McDonald, PLLC
Chemed Center, Suite 2800
255 East 5th Street
Cincinnati, Ohio 45202-4728
*Attorney for Defendant, Double Diamond Distribution, Ltd.*

John J. Marshall
Drinker Biddle & Reath, LLP
1000 Westlakes Drive, Suite 300
Berwyn, PA 19312
*Attorney for Defendant, Gen-X Sports, Inc*.

*/s/* Terri D. Thomas