IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-00605-PAB-BNB

CROCS, INC.,

    Plaintiff,

v.

ACME EX-IM, INC.,
AUSTRALIA UNLIMITED, INC.,
CHENG'S ENTERPRISES, INC.,
D. MEYERS & SONS, INC.,
DOUBLE DIAMOND DISTRIBUTION, LTD.,
EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
INTER-PACIFIC TRADING CORPORATION,
SHAKA HOLDINGS, INC., and
DOES 1-10,

    Defendants.

---

## ORDER LIFTING STAY

---

    This matter is before the Court on the Motion to Lift Stay and Transfer Record [Docket No. 70] filed by plaintiff Crocs, Inc.  On May 16, 2006, this Court administratively closed this case pursuant to 28 U.S.C. § 1659(a) [Docket No. 31] pending resolution of proceedings before the United States International Trade Commission (the "Commission").  Because the proceedings before the Commission are now final, plaintiff requests that the Court lift the stay and allow the case to continue. Docket No. 70 at 3.  Additionally, plaintiff requests that the Court allow for the transfer of the record of the proceedings before the Commission to this Court.  *Id*.

Having reviewed the pleading, the Court finds there is good cause to lift the stay and administratively re-open this case.[1]

Accordingly, it is

**ORDERED** that the Motion to Lift Stay and Transfer Record [Docket No. 70] is **GRANTED**.  It is further

**ORDERED** that the stay issued pursuant to 28 U.S.C. § 1659(a) is lifted and this case shall be administratively re-opened pursuant to D.C.COLO.LCivR 41.2.  It is further

**ORDERED** that the record of the proceedings before the United States International Trade Commission shall be transmitted to this Court.  It is further

**ORDERED** that, on or before June 8, 2012, the parties shall file status reports regarding what deadlines should be set in this matter.

DATED May 9, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] For the purposes of 28 U.S.C. § 1659, the Commission proceedings become final after all appeals are exhausted. *In re Princo Corp.*, 486 F.3d 1365, 1369 (Fed. Cir. 2007).