IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00605-PAB-BNB

CROCS, INC.,

Plaintiff,

v.

ACME EX-IM, INC., et al.

Defendants

---

**RESPONSE AND OBJECTION BY DOUBLE DIAMOND DISTRIBUTION, LTD.
TO CROCS'S MOTION TO AMEND [Dkt. No. 92]**

---

Double Diamond Distribution, Ltd. ("DDD"), through counsel, hereby responds to

Crocs's Motion for Leave to Amend Complaint (the "Motion") [Dkt. No. 92].[1]

## I.  SUMMARY OF ARGUMENT

The Motion should be denied as futile for two reasons.  First, adding U.S.A.

Dawgs, Inc. as a party would violate the joinder requirements of the Leahy-Smith

America Invents Act, Public Law No. 112-29, 125 Stat. 284 (2011) ("AIA") codified at 35

U.S.C. §299, by improperly joining U.S.A. Dawgs, Inc. as a defendant with Effervescent,

---

[1] This response deals specifically with the futility of a Rule 15 amendment which seeks to add

U.S.A. Dawgs, Inc. as an additional party in the case at bar.  Crocs's proposed amendment also seeks to

drop several non-patent claims and to drop several defendants who are no longer involved in the case.

While DDD does not object specifically to dropping of the non-patent claims or of the uninvolved

defendants, the misjoinder problem (and resulting futility) would remain even if the other amendments

were allowed, for the reasons set forth in this brief.

Inc. and Holey Soles Holdings, Ltd.  Though the case at bar was originally filed before the effective date of the AIA, the proposed amended complaint does not relate back to the original Complaint so far as a new party such as U.S.A Dawgs, Inc. is concerned. The proposed amendment is therefore prohibited by the AIA.

Second, even if addition of U.S.A. Dawgs, Inc. as a party were not prohibited by the AIA, the proposed amended complaint would violate Fed. R. Civ. P. 20, 21 by improperly joining U.S.A. Dawgs, Inc. with the other defendants.  The original Complaint itself contained no claim for relief asserted against these defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences between the defendants.  The proposed amended complaint expands the misjoinder by attempting to add an additional party accused of infringing the Crocs patents under separate transactions and separate occurrences and using separate products.[2]

## II.   ARGUMENT

### A.   Legal Standard for a Motion for Leave to Amend

Although Fed. R. Civ. P. 15(a) requires leave to amend be given freely, amendment should be disallowed if the amendment would be futile. *TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028

---

[2] While there is some overlap in ownership and some product overlap (e.g., product sourcing) between DDD and U.S.A. Dawgs, Inc., there is none between DDD and defendants Holey Soles Holdings, Ltd. or Effervescent, Inc.  Both are competitors of DDD and U.S.A. Dawgs. Furthermore, DDD and U.S.A. Dawgs sell different products into different markets.  DDD sells in Canada, where the patents-in-suit are unenforceable.

(10th Cir. 1992); *Foman v. Davis*, 371 U.S. 178, 182 (1962). *Accord, First City Bank,*

*N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir.1987).

### B.   The Motion for Leave to Amend Should be Denied

### 1.   Amendment Would be Futile Because the Amended Complaint

### Violates the Joinder Requirements of 35 U.S.C. §299

Even though this case was originally filed in 2006 (before passage of the AIA),

the amendment sought by Crocs is controlled by the AIA.  35 U.S.C. §299, effective

September 16, 2011, permits joinder of multiple defendants in a patent case **only if**:

> (1) any right to relief is asserted against them jointly, severally, or in the alternative **with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences** relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or products or processes; **and**

> (2) questions of fact common to **all** defendants or counterclaim defendants will arise in the action.

35 U.S.C §299(a)(emphasis added).  The statute also identifies insufficient conditions

for joinder:

> (b) Allegations Insufficient for Joinder – For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

35 U.S.C §299(b).

The AIA further states that "[t]he amendments made by [new 35 U.S.C. §299]

shall apply to any civil action commenced on or after the date of the enactment of this

Act."  AIA §19 at 129; Pub. L. 112-29, §19(e).

Though the case at bar was first filed in 2006, for purposes of a new party such as U.S.A. Dawgs, Inc., the action should be deemed to have commenced upon filing of the amended complaint unless the amendment relates back to the original complaint. *See, Prime Care of Northeast Kansas, LLC v. Humana Insurance Co.*, 447 F.3d 1284, 1287-88 & n.4 (10th Cir. 2006).  In *Prime Care,* the court discussed amendments to a complaint after passage of the Class Action Fairness Act of 2005 ("CAFA").  The court rejected the position that a civil action can "commence" only once, and held that an amendment "commences" an action as to a newly-added party when the amendment does not relate back to the original complaint under Rule 15(c).  *See, also, Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 803 (5th Cir.2006)( "Generally, 'a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court.'")(quoting *United States v. Martinez*, 195 U.S. 469, 473 (1904)).

Because Congress did not specify otherwise in the AIA, the normal relation-back rules govern when an action was "commenced."  *See Farina v. Nokia Inc.*, 625 F.3d 97, 111 (3d Cir. 2010) (holding that CAFA applied when the amended complaint did not relate back to the original complaint).  The *Farina* court reasoned:

> Congress passed CAFA aware of the general principles of relation-back analysis, both under state law and Fed. R. Civ. P. 15(c). It is only natural that Congress would intend to incorporate into the CAFA the case law governing amended pleadings. "Precisely because CAFA does not define 'commencement' of an action, it is obvious that CAFA is not intended to replace case[]law deciding when a lawsuit is considered 'commenced … .'" … Under this standard, the Second Amended Complaint commenced a new action.

*Id.* at 112. Congress similarly did not define "commenced" for purposes of the AIA.

For an amendment to relate back to the original complaint, Fed. R. Civ. P. 15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrences set out – or attempted to be set out – in the original pleading" Fed. R. Civ. P. 15(c)(1).[3]  A claim cannot relate back to an earlier complaint where the right to assert infringement did not exist at the time of the original filing. *See, e.g., Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 558 n. 10 (D. Del. 2007)(no relation back for patents which had not been issued at time original complaint filed.)

Therefore, as a matter of law, the proposed First Amended Complaint cannot relate back to the original Complaint because U.S.A. Dawgs, Inc. did not exist at the time of the original complaint, and therefore Crocs's right to assert infringement against defendant U.S.A. Dawgs, Inc. did not exist at the time of the original filing.

Further, any activity attributed to defendant U.S.A. Dawgs could not be the same "conduct, transaction, or occurrence" as existed on or before the time of the original Complaint and therefore does not satisfy Rule 15(c).  U.S.A. Dawgs, Inc., a Nevada corporation, was not formed until June 28, 2006.[4]  Rule 15(c) requires that the additional party "knew or should have known that the action would have been brought

---

[3] *Prime Care*, 447 F.3d 1289 n. 6. notes in *dicta* the "prevailing view" that relation back should be judged by the law of the forum State rather than Fed. R. Civ. P. 15(c).  The operative State rule, Colo. R. Civ. P. 15(c) , is substantially identical to the federal rule.

[4] Nevada Secretary of State information for U.S.A. Dawgs, Inc. is available at: http://nvsos.gov/sosentitysearch/CorpDetails.aspx?lx8nvq=3p7u1IAdLG0CU9M%252bgwEArA%253d%253d&nt7=0  (Accessed July 19, 2012)

against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). It is not possible to suggest that defendant U.S.A. Dawgs, Inc. "knew or should have known" that Crocs would have asserted any claims against them when the original Complaint was filed almost three months before U.S.A. Dawgs, Inc. existed.

In summary, the motion for leave to amend should be denied because the Amended Complaint violates 35 U.S.C. §299, and the amendment would therefore be futile. The Amended Complaint does not, and could not, allege that the parties are jointly or severally liable for any acts of infringement. Nor does it allege any common "transaction, occurrence, or series of transactions or occurrences" among the defendants' "accused product[s] or process[es]." Instead, the Amended Complaint alleges that multiple unrelated products from multiple different defendants infringe two separate patents.  However, each defendant is separately accused of infringement based on unique actions and different alleged infringing products. These allegations do not meet the requirements of 35 U.S.C. §299(a), and joinder is indeed expressly prohibited by 35 U.S.C. §299(b).

## 2.    Amendment Would Be Futile Under Fed. R. Civ. P. 20.

Courts have uniformly held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a). *See* 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1683 (2001). Under Rule 20, the joinder of multiple defendants in one action is proper only if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*

> (B) any question of law or fact common to all defendants will arise in the
>
> action.

Fed. R. Civ. P. 20(a)(2)(emphasis added).

Even if this Court finds the AIA does not apply to the motion for leave to amend

the complaint, amendment should be denied under Rule 20(a)(2).  Prior to passage of

the AIA, there was a division of authority among the district courts concerning the

proper application of Rule 20 in patent cases:  a minority position articulated in *MyMail,*

*Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 456 (E.D. Tex. 2004) (permitting joinder of

defendants based on a showing that defendants used shared resources with other

defendants in addition to allegations of infringement of the same patent), and the

majority position, which has now been codified in 35 U.S.C. § 299.  By passing 35

U.S.C. § 299, Congress sought to "effectively conform[] [the minority courts']

jurisprudence to that followed by a majority of jurisdictions." H.R. REP. No. 112-98, pt.

1, at 55 n. 61 (citing *Rudd v. Lux Prods. Corp.*, 2011 Westlaw 148052, at *2, 3 (N.D. Ill.

Jan. 12, 2011)).

*Optimum Power Solutions LLC v. Apple, Inc.,* 2011 Westlaw 4387905, *2, 3 (N.

D. Cal., Sept. 20, 2011) follows the majority rule.  There, the court denied as futile a

motion by the plaintiff to amend its complaint to, among other things, add five new

defendants to a patent case in which five other defendants were already named.  In the

same order, the court granted defendant Apple, Inc.'s motion entitled Motion To Dismiss

All But One Defendant.

> Although plaintiff accuses defendants of infringing the '784 Patent in five similar
> ways, plaintiff does not allege that defendants' infringement involved the "same
> transaction, occurrence or series of transactions or occurrences." Fed. R. Civ.
> Proc. 20(a)(2). Plaintiff has not alleged that defendants acted in concert or

otherwise controlled or directed each others' conduct—and indeed defendants appear to be ardent competitors of one another in the marketplace for their products; nor has plaintiff alleged any connection between defendants except for the fact that each defendant is alleged to have infringed plaintiff's patent. Although plaintiff asserts that the infringement analysis will not vary from defendant to defendant, Rule (20)(a) requires both a "question of law or fact common to all defendants" and "the same transaction, occurrence, or series of transactions or occurrences." . . .

The Court concludes that defendants are misjoined, and . . . that it would be futile to grant Plaintiff leave to amend to file the proposed [First Amended Complaint] as the new defendants would be dismissed for improper joinder.

*Id.* at *3.

In *Genetic Technologies Ltd. v. Agilent Technologies, Inc.*, 2012 Westlaw 1015355 (D. Colo., Mar. 23, 2012)(Mix, M.J.) the Court surveyed the joinder tests applied in patent cases commenced before September 16, 2011.[5] The Court found that when the Rule 20 requirement for a "common transaction or occurrence" is not alleged, and where the commonality between the named defendants is limited to alleged infringement of the same patent, "the majority view precluding joinder based solely on allegations of infringement of the same patent would result in a finding of misjoinder. *Id.* at *5. The Court also found that as there were no allegations of any other links between the defendants, joinder in that case would be improper even under the minority view.

In simple terms, although Plaintiff's claims raise common questions of patent law, Plaintiff's right to relief regarding [one] Defendant in relation to the other Defendants does not arise from the same transaction or occurrence, pursuant to either the minority or majority approach to joinder in patent cases. Although some overlap may occur in terms of evidence and case proceedings (such as in claim construction), the variety in the allegedly infringing products manufactured or processes employed by each Defendant is too pronounced to be properly

---

[5] "Although . . . the AIA applies only to cases filed [sic] on or after September 16, 2011, the Court views the AIA as persuasive authority."  2012 Westlaw 1015355 *3 n. 2.

considered as arising out of the same transaction or occurrence based on the allegations in the First Amended Complaint.

*Id.* at *6.

Here, as in *Genetic Technologies*, although the defendants are accused of infringing the same patents, there are no other links of commonality between the defendants and there is no allegation of a common transaction or occurrence. Even if there were sufficient commonality as between U.S.A. Dawgs, Inc. and DDD to allow the two to be joined in a single suit, this would not solve the problem of misjoinder of DDD (or U.S.A. Dawgs) with defendants Effervescent and Holey Soles. The other defendants carry different products, differently sourced, differently designed, and in direct competition with DDD and U.S.A. Dawgs.

As a result, the joinder of U.S.A. Dawgs, Inc. in the proposed Amended Complaint fails to satisfy the requirements of Rule 20 under either the majority or minority view articulated in *Genetic Technologies*, and the motion for leave to amend should be denied as futile.

III.    **CONCLUSION**

For the foregoing reasons, the Motion for Leave to File Amended Complaint should be denied.

Respectfully submitted this 24th day of July, 2012.

SCHMITZ LEWIS PC
*(Duly signed original on file at the offices of Schmitz Lewis PC)*

By:   *s/ Paul F. Lewis*
Paul F. Lewis
620 N. Tejon St., Suite 101
Colorado Springs, CO  80903
Tel: (719) 439-2934
Cell: (720) 323-1765
E-mail:  plewis@schmitzlewis.com

Attorneys for Double Diamond Distribution, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2012, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Terry JoHansen*
*(Duly signed original on file at the offices of Schmitz Lewis PC)*