**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-00605-PAB-BNB

**CROCS, INC.**

        Plaintiff,

v.

**ACME EX-IM, INC.;
AUSTRALIA UNLIMITED, INC.;
CHENG'S ENTERPRISES, INC.;
COLLECTIVE LICENSING
INTERNATIONAL, LLC;
D. MYERS & SONS, INC.;
DOUBLE DIAMOND DISTRIBUTION, LTD.;
EFFERVESCENT, INC.;
GEN-X SPORTS, INC.;
HOLEY SOLES HOLDINGS, LTD.;
INTER-PACIFIC TRADING CORPORATION;
SHAKA HOLDINGS, INC.;** and
**DOES 1-10**;

        Defendants.

---

**REPLY TO RESPONSE AND OBJECTION BY DOUBLE DIAMOND
DISTRIBUTION, LTD. TO CROCS, INC.'S MOTION TO AMEND**

---

        Plaintiff Crocs, Inc. (Crocs) respectfully submits this reply to the response and objection by Double Diamond Distribution, Ltd. (Double Diamond) (Dkt. #97) to Crocs's Motion for Leave to Amend Complaint (Dkt. #92) and in support states the following:

        Despite acknowledging that it shares products in common with U.S.A. DAWGS, Inc. (Dawgs), which are the basis for Crocs's patent infringement claims in this case, and that its owners spun off Dawgs to handle sales in the United States shortly after Crocs initiated this

action, Double Diamond objects that Dawgs is not a proper party to this matter. For the reasons described below, Double Diamond's arguments relating to the America Invents Act (AIA), 35 U.S.C. § 299, and the application of Fed. R. Civ. P. 20 are misplaced, and Crocs's request to add Dawgs, which has long been aware of this matter and engaged in infringing activities nearly identical to those of Double Diamond, should be granted.[1]

## I. America Invents Act Does Not Apply to Crocs's Claims

Double Diamond reasons that the AIA governs this case and that its rules concerning joinder preclude Crocs from adding Dawgs as a Defendant. To reach this result, Double Diamond argues that Crocs's proposed Amended Complaint does not relate back under the terms of Fed. R. Civ. P. 15(c) to its initial Complaint (which pre-dates the AIA). While joinder of Dawgs would be proper under the AIA,[2] the Court need not reach that issue, as Double Diamond's arguments misconstrue undisputed facts concerning its relationship with Dawgs and Crocs's claims, which mandate relation back under Fed. R. Civ. P. 15(c). *See E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 621 F. Supp. 310, 314 (D. Del. 1985) (finding that relation back was appropriate where the plaintiff showed that two corporate defendants were

---

[1] Double Diamond has not objected to Crocs's proposed Amended Complaint in so far as it seeks to remove Defendants that have consented to judgment or have otherwise been dismissed, and remove claims except those adjudicated by the International Trade Commission. Given that these amendments are not in dispute, they should be permitted.

[2] The AIA precludes joinder "based solely on allegations that [defendants] each have infringed the patent or patents in suit." 35 U.S.C. § 299(b) (emphasis added). As described in more detail below, joinder in this matter is not predicated only on the fact that each Defendant infringed the same patents. Double Diamond and Dawgs share far more in common than that; they are corporate siblings that admittedly sell the same infringing products. And their products are similar to those of the other Defendants, which were addressed during the multiyear proceedings before the International Trade Commission, the record of which is now before this Court.

sufficiently interrelated so that notice of a pending patent action to one served as notice to the other) (citation omitted).

Double Diamond admits "overlap" with Dawgs in terms of ownership and products, *see* Response and Objection at 2 n.2 (Dkt. #97), that arose when, less than three months after Crocs filed this action and approximately six weeks after the case was placed on administrative stay, the owners of Double Diamond created Dawgs to manage their operations in the United States. According to the companies' joint websites, it appears that Double Diamond now sells a line of infringing footwear called Dawgs Clogs in Canada, while Dawgs sells the same products in the United States (and possibly elsewhere).  *See* http://usadawgs.com/Contacting-USA-Dawgs.html and http://edoublediamond.com/All-Dawgs-Footwear-index.html (last visited July 31, 2012).

As reflected in its initial Complaint, Crocs's claims against Double Diamond center on the manufacturing, distribution, marketing and sales of Dawgs Clogs.  *See* Complaint at ¶¶ 51-53 (Dkt. #1).  This same conduct relating to those same products underlie Crocs's claims in its proposed Amended Complaint against Dawgs.  *See* Proposed First Amended Complaint at ¶¶ 29-31 (Dkt. #92-1).  Furthermore, the timeline of the companies' joint history outlined above demonstrates that Dawgs, via its common owners with Double Diamond, received timely notice of Crocs's action.  Seeing that Dawgs was distributing the same line of infringing products, Dawgs also knew or should have known that it would be added to the case.

The requirements of Fed. R. Civ. P. 15 are therefore satisfied, and Crocs's proposed Amended Complaint should relate back, rendering the AIA inapplicable to this case.

**II.     Joinder is Proper Under Fed. R. Civ. P. 20**

In the alternative, Double Diamond argues that under Fed. R. Civ. P. 20 Crocs cannot join Dawgs, and that joinder of the existing Defendants also fails to satisfy Fed. R. Civ. P. 20's requirements.  Given that Double Diamond has not made a motion to sever under Fed. R. Civ. P. 21 for misjoinder, the question of joinder of the existing Defendants is not before the Court.  But even if it were, as described below, trying the claims together in one action is proper.

As Double Diamond all but admits, Crocs's claims against it and Crocs's claims against Dawgs should be addressed together.  The "overlap" in products and ownership and the interrelated history of the companies unquestionably show that Crocs's claims against the two arise out of the same transactions and occurrences and present common questions of law and fact.  *See* Fed. R. Civ. P. 20(a)(2).  *See also Dura Operating Corp. v. Magna Int'l Corp.*, No. 2:10–cv–11566, 2011 WL 1296990, at *1 (E.D. Mich. April 5, 2011) (granting plaintiff leave to amend to add related corporate entities as defendants where corporate entities became responsible for infringement after corporate restructuring).

Joinder of all of the Defendants, not just Dawgs and Double Diamond, is also proper.  The existing Defendants and Dawgs manufacture, distribute, market and sell similar infringing footwear, and Crocs intends to introduce similar evidence against each of them.  Furthermore, for nearly six years, Crocs pursued infringement claims in proceedings before the International Trade Commission against the existing Defendants relating to their similar footwear lines.  The proceedings resulted in a substantial record of rulings and evidence common to all of the Defendants, which is now before the Court.  *See B & R Plastics, Inc. v. Kikkerland Design, Inc.*,

08-CV-02646-REB-MEH, 2009 WL 3698528, *3 (D. Colo. 2009) (granting plaintiff leave to amend to add 12 new defendants where the "allegations involve[d] the infringement of [p]laintiff's patents through the manufacture, design, market and sale of the same products" and plaintiff would "likely introduce the same or similar evidence against each of the defendants"). The United States Court of Appeals for the Federal Circuit's decision in *Crocs, Inc. v. United States Int'l Trade Comm'n*, 598 F.3d 1294, 1311 (Fed. Cir. 2010) also implicates the Defendants' various arguments and defenses.  None of the cases upon which Double Diamond relies to oppose joinder contain facts similar to these, and refusing joinder in this context would result in overlapping and duplicative proof, inconveniencing the Court and the parties.

Accordingly, Crocs's Motion for Leave to Amend should be granted, and U.S.A. DAWGS, Inc. should be added as a Defendant in this case.

Dated:  July 31, 2012                              Respectfully submitted,

s/ Michael A. Berta
Michael A. Berta
ARNOLD & PORTER LLP
Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111
Telephone: (415) 471-3277
Facsimile:  (415) 471-3400
michael.berta@aporter.com

George R. Green
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4400
Denver, CO  80202-1370
Telephone:  (303) 863-1000
Facsimile:  (303) 832-0428
george.green@aporter.com

*Attorneys for Crocs, Inc., Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this 31st day of July, 2012, the foregoing **REPLY TO RESPONSE AND OBJECTION BY DOUBLE DIAMOND DISTRIBUTION, LTD. TO CROCS, INC.'S MOTION TO AMEND** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Susan Cole