IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00605-PAB-BNB

CROCS, INC.,

      Plaintiff,

v.

CHENG'S ENTERPRISES, INC.;
EFFERVESCENT, INC.;
HOLEY SOLES HOLDINGS, LTD.;
DOUBLE DIAMOND DISTRIBUTION, LTD.;
AND U.S.A. DAWGS, INC.

      Defendants.

_____

**DEFENDANT EFFERVESCENT, INC's
ANSWER TO FIRST AMENDED COMPLAINT**

_____

      Defendant, Effervescent, Inc., in response to the First Amended Complaint (Complaint) filed by Plaintiff Crocs, Inc. , through its undersigned counsel states as follows:

## THE PARTIES

      1.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies the same.

      2.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies the same.

      3.     Effervescent admits it is a Delaware corporation but denies the remaining allegations of Paragraph 3 of the Complaint.

4.      Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies the same.

5.      Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore denies the same.

6.      Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

7.      Effervescent admits the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C §§ 1331, 1332, 1338(a) but otherwise denies the allegations in Paragraph 7 of the Complaint.

8.      Effervescent denies the allegations contained in Paragraph 8 of the Complaint.

9.      Effervescent admits the Complaint purports to establish venue pursuant to 28 U.S.C. §§1400(b), but otherwise denies the allegations in Paragraph 9 of the Complaint.

## GENERAL ALLEGATIONS

10.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore denies the same.

11.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies the same.

12.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies the same.

13.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore denies the same.

## CROC's PATENT

### The '858 PATENT

14.     Effervescent admits the patent attached as Exhibit 1 to the Complaint lists Crocs as the assignee, but denies the remainder of the allegations of Paragraph 14 of the Complaint.

15.     Effervescent denies the allegations contained in Paragraph 15 of the Complaint on the grounds that the '858 patent speaks for itself.

16.     Effervescent denies the allegations contained in Paragraph 16 of the Complaint on the grounds that the patent speaks for itself.

### THE '789 PATENT

17.     Effervescent admits the patents attached as Exhibit 2 to the Complaint lists Crocs as the assignee, but denies the remainder of the allegations of Paragraph 17 of the Complaint.

18.     Effervescent denies the allegations contained in Paragraph 18 of the Complaint on the grounds that the '789 patent speaks for itself.

### DEFENDANT'S INFRINGING ACTIVITIES

**Defendant Cheng's Enterprises, Inc.**

19.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies the same.

20.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies the same.

21.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies the same.

**Defendant Effervescent, Inc.**

22.     Effervescent admits that it manufactures and sells certain footwear and that it operates the website www.waldies.net, but denies the remainder of the allegations contained in Paragraph 22 of the Complaint.

23.     Effervescent admits that certain of its footwear, specifically excluding the footwear in dispute in this action, is manufactured in China for sale in the U.S., and denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Effervescent denies the allegations contained in Paragraph 24 of the Complaint.

**Defendant Holey Soles Holdings, Ltd.**

25.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore denies the same.

26.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore denies the same.

27.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore denies the same.

28.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies the same.

**Defendants Double Diamond Distribution Ltd. And U.S.A. Dawgs, Inc.**

29.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and therefore denies the same.

30.     Effervescent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies the same.

31.     Effervescent denies the allegations contained in Paragraph 31 of the Complaint.

**INTERNATIONAL TRADE COMMISSION DETERMINATION OF VIOLATION**

32.     Effervescent admits that on July 15, 2011, the United States International Trade Commission issued a Final Commission Determination including a general exclusion order and a cease and desist order, which speaks for itself. Effervescent denies all other allegations of paragraph 32.

**COUNT  I**

**Infringement of the '858 Patent**

33.     Effervescent restates and incorporates herein its answers to the allegations of Paragraphs 1 through 32 of the Complaint as if fully restated.

34.     Effervescent denies the allegations contained in Paragraph 34 of the Complaint.

35.     Effervescent denies the allegations contained in Paragraph 35 of the Complaint.

**COUNT II**

**Infringement of the '789 Patent**

36.     Effervescent restates and incorporates herein its answers to the allegations of Paragraphs 1 through 35 of the Complaint as if fully restated.

37.     Effervescent denies the allegations contained in Paragraph 37 of the Complaint.

38.     Effervescent denies the allegations contained in Paragraph 38 of the Complaint.

**AFFIRMATIVE DEFENSES**

Effervescent, Inc. alleges and asserts the following affirmative defenses. In addition to the below- mentioned affirmative defenses and subject to the responses above, Effervescent  specifically

5

reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## First Affirmative Defense

The asserted patents, U.S. Patent No. 6,933,858 B2 (the '858 Patent) and U.S. Design Patent No. D517,789 (the '789 Patent), are invalid for failure to comply with one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## Second Affirmative Defense

The '858 and '789 Patents are invalid under 35 U.S.C. § 111 for naming the improper inventors.

## Third Affirmative Defense

Effervescent is not infringing and has not infringed any of the claims of '858 and '789 Patents. either directly or by inducing or contributing to its infringement by others.

## Fourth Affirmative Defense

Effervescent is not willfully infringing and has not willfully infringed any of the claims of the '858 or the '789 Patent.

## Fifth Affirmative Defense

Plaintiff has suffered no irreparable harm and if the asserted patents are found to be valid and infringed, has adequate remedies at law.

## Sixth Affirmative Defense

Plaintiff's claims for damages on its patent claims are barred, in whole or in part, under Title 35 U.S.C. § 287.

## Seventh Affirmative Defense

Plaintiff's claims fail, in whole or in part, to state a claim upon which relief can be granted.

## Eighth Affirmative Defense

Plaintiff has unclean hands.

## Ninth Affirmative Defense

The '858 Patent and the '789 Patent are unenforceable as a result of Plaintiff's misconduct in failing to properly disclose prior art to the Patent Office.

## Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of estoppel, waiver and/or laches.

**WHEREFORE**, Effervescent, Inc. prays for judgment as follows:

1.      That Plaintiff takes nothing by way of its Complaint;

2.      That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

3.      That the Court find that the '858 patent and '789 patents are invalid and/or unenforceable;

4.      That Effervescent be awarded its costs of suit incurred herein, including attorney's fees and expenses; and

5.      For such other and further relief as the Court deems just and proper.

Dated:  August 20, 2012

LATHROP & GAGE, LLP

By: *s/Michael G. Martin*
    Michael G. Martin
    LATHROP & GAGE LLP
    U.S. Bank Tower
    950 Seventeen St., Ste. 2400
    Denver, Colorado 80202
    Tele:  720-931-3200
    Fax:  720-931-3201
    Email:  mmartin@lathropgage.com

    ATTORNEYS FOR DEFENDANT
    EFFERVESCENT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2012, I electronically filed the foregoing **DEFENDANT EFFERVESCENT, INC'S ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    s/Michael S. Martin