IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00605-PAB-BNB

CROCS, INC.,

Plaintiff,

v.

CHENGS ENTERPRISES, INC. et al.,

Defendants.

---

## DEFENDANT U.S.A. DAWGS, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

Defendant U.S.A. Dawgs, Inc. ("USA Dawgs" or "Defendant") through its undersigned counsel, submits this Answer and Counterclaims in response to the First Amended Complaint of Plaintiff Crocs, Inc., dated July 3, 2012, and alleges as follows:

### ANSWER

1.      USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 1 relating to Plaintiff's corporate registration and principal place of business and therefore, denies the same.

2.      USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 2 relating to defendant Cheng's Enterprises, Inc. and therefore, denies the same.

3.      USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 3 relating to defendant Effervescent, Inc. and therefore, denies the same.

4.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 4 relating to defendant Holey Soles Holdings, Ltd. and therefore, denies the same.

5.     USA Dawgs admits the allegations of paragraph 5 relating to the corporate registration of Double Diamond Distribution, Ltd. but denies the allegation regarding Double Diamond's principal place of business.

6.     USA Dawgs admits the allegations of paragraph 5 relating to USA Dawgs's corporate registration and principal place of business.

7.     USA Dawgs admits that Plaintiffs purports to bring a patent infringement action under 35 U.SC. §1, *et seq.*, and that such an action presents a federal question under 28 U.S.C. §§1331, 1332 and 1338. However, USA Dawgs denies that the Plaintiff has a valid claim for patent infringement.

8.     USA Dawgs denies the allegations of paragraph 8 and denies that this court has personal jurisdiction over USA Dawgs.

9.     USA Dawgs denies that venue is proper in this District under 28 U.S.C. §1391(b) as USA Dawgs is not a resident of this District and the complaint does not allege that any substantial portion of the events or omissions giving rise to the claims occurred in this District. USA Dawgs denies that venue in proper in this District under 28 U.S.C. §1391(d) as the provisions of 28 U.S.C. §1391(d) do not apply to this case. USA Dawgs denies that venue is proper in this District under 28 U.S.C. §1400(b) as USA Dawgs does not reside in this District, the complaint does not allege any act of infringement in this District, and USA Dawgs does not have a regular or established place of business in this District.

2

10.     USA Dawgs denies that closed-cell resin is proprietary to Plaintiff. USA Dawgs lacks the knowledge or information necessary to respond to the remaining allegations of paragraph 10 relating to Plaintiff's business and therefore, denies the same.

11.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 11 and therefore, denies the same.

12.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 12 and therefore, denies the same.

13.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 13 and therefore, denies the same.

14.     USA Dawgs admits that US Patent No. 6,993,858 B2 (the '858 patent) was issued on February 7, 2006 with Crocs, Inc. listed as assignee on the cover page thereof, and that a copy of the patent is Exhibit 1 to the Complaint.  However, USA Dawgs denies that the patent was properly issued and USA Dawgs denies all other allegations of paragraph 14.

15.     The '858 patent speaks for itself.  USA Dawgs denies all other allegations of paragraph 15.

16.     The '858 patent speaks for itself.  USA Dawgs denies all other allegations of paragraph 16.

17.     USA Dawgs admits that US Patent No. D517, 789 (the '789 patent) was issued on March 28, 2006 with Crocs, Inc. listed as assignee on the cover page thereof, and that a copy of the patent is Exhibit 2 to the Complaint.  However, USA Dawgs denies that the patent was properly issued and USA Dawgs denies all other allegations of paragraph 17.

18.     The '789 patent speaks for itself.  USA Dawgs denies all other allegations of paragraph 17.

19.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 19 relating to defendant Cheng's Enterprises, Inc. and therefore, denies the same.

20.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 20 relating to defendant Cheng's Enterprises, Inc. and therefore, denies the same.

21.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 21 relating to defendant Cheng's Enterprises, Inc. and therefore, denies the same.

22.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 22 relating to defendant Effervescent, Inc. and therefore, denies the same.

23.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 23 relating to defendant Effervescent, Inc. and therefore, denies the same.

24.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 24 relating to defendant Effervescent, Inc., and therefore, denies the same.

25.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 25 relating to defendant Holey Soles Holdings, Ltd., and therefore, denies the same.

26.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 26 relating to defendant Holey Soles Holdings, Ltd., and therefore, denies the same.

27.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 27 relating to defendant Holey Soles Holdings, Ltd., and therefore, denies the same.

28.     USA Dawgs lacks the knowledge or information necessary to respond to the allegations of paragraph 28 relating to defendant Holey Soles Holdings, Ltd., and therefore, denies the same.

29.     Plaintiffs allegations regarding "related entities" is vague and ambiguous, and USA Dawgs therefore denies such allegations.  USA Dawgs admits that USA Dawgs and Double Diamond sell various lines of footwear branded DAWGS, but USA Dawgs denies that either party sells a model of shoe called Dawgs Clogs.

30.     USA Dawgs admits that its footwear is manufactured in China and that its footwear is imported for sale into the United States.  USA Dawgs denies all other allegations of paragraph 30.

31.     USA Dawgs denies all allegations of paragraph 31.

32.     USA Dawgs admits that on July 15, 2011, the United States International Trade Commission issued a Final Commission Determination including a general exclusion order and a

5

cease and desist order, which speaks for itself. USA Dawgs denies all other allegations of paragraph 32.

33.  USA Dawgs incorporates by reference its answers to the forgoing paragraphs.

34.  USA Dawgs denies the allegations of paragraph 34 related to USA Dawgs footwear.  USA Dawgs lacks the knowledge or information necessary to respond to the other allegations of paragraph 34 and therefore, denies the same.

35.  USA Dawgs denies the allegations of paragraph 35.

36.  USA Dawgs incorporates by reference its answers to the forgoing paragraphs.

37.  USA Dawgs denies the allegations of paragraph 37 related to USA Dawgs footwear.  USA Dawgs lacks the knowledge or information necessary to respond to the other allegations of paragraph 37 and therefore, denies the same.

38.  USA Dawgs denies the allegations of paragraph 38.

**AFFIRMATIVE DEFENSES**

By way of further answering, and as affirmative defenses, USA Dawgs denies that it is liable to Plaintiff on any of the claims alleges and denies that Plaintiff is entitled to equitable relief, damages, profits, treble or punitive damages, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

**First Affirmative Defense**
**(Lack of Personal Jurisdiction)**

1.  The Court does not have personal jurisdiction over USA Dawgs.

**Second Affirmative Defense**
**(Improper Venue)**

2.  Venue is improper in United States District Court, District of Colorado.

6

### Third Affirmative Defense
### (Failure to State a Claim)

3.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense
### (Patent Invalidity)

4.      The claims of the '858 patent and the '789 patent are invalid either because they are anticipated under 35 U.S.C. Section 102 by the prior art or are rendered obvious under 35 U.S.C. Section 103 by the prior art.

### Fifth Affirmative Defense
### (Inequitable Conduct and Fraud)

5.      During the prosecution of the '858 patent and the '789 patent, the inventors, assignors and those associated with the filing and prosecution of the patent applications, committed inequitable conduct or fraud by knowingly withholding, and otherwise failing to bring to the attention of the United States Patent and Trademark Office prior art that was material to patentability, and/or the identity of the actual inventor, thereby rendering each of the '858 patent and the '789 patent unenforceable.

### Sixth Affirmative Defense
### (Statutes of Limitations)

6.      The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

**Seventh Affirmative Defense**
**(Laches)**

7.      The claims made in the Complaint are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of USA Dawgs's actions.

**Eighth Affirmative Defense**
**(Improper Forum for Relief)**

8.      To the extent that Plaintiff seeks injunctive relief or to enforce the existing Cease and Desist injunction order issued by the International Trade Commission, Plaintiff has brought its claim in the wrong forum .

**Ninth Affirmative Defense**
**(Waiver, Acquiescence and Estoppel)**

9.      Each of the claims made in the Complaint are barred by the doctrines of waiver, acquiescence and estoppel.

**Tenth Affirmative Defense**
**(Non-Infringement)**

10.      USA Dawgs has not, and does not, infringe any valid and enforceable claim of the '858 patent or the '789 patent.

**Eleventh Affirmative Defense**
**(Lack of Irreparable Harm)**

11.      Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from USA Dawgs's actions.

**Twelfth Affirmative Defense**
**(Adequacy of Remedy at Law)**

12.     The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages.  Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**Thirteenth Affirmative Defense**
**(Non-Entitlement to Costs)**

13.     Plaintiff is not entitled to any costs in this lawsuit because of its failure to comply with 35 U.S.C. § 288.

**Fourteenth Affirmative Defense**
**(Patent Marking)**

14.     Plaintiff's product was not marked in accordance with 35 U.S.C. § 287 and therefore Plaintiff is barred from recovering any damages for alleged patent infringement activity prior to the date of actual notice served on USA Dawgs.

**Additional Defenses**

15.     USA Dawgs reserves the right to assert additional defenses based on information learned or obtained during discovery.

**WHEREFORE**, USA Dawgs prays for judgment as follows:

1.     That Plaintiff takes nothing by way of its complaint;

2.     That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

3.     That the Court find that the '858 patent and '789 patents are invalid and/or unenforceable;

4.     That USA Dawgs be awarded its costs of suit incurred herein, including attorneys'
fees and expenses; and

5.     For such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

For its counterclaims against Crocs, Inc., Defendant USA Dawgs states as follows:

### NATURE OF THE ACTION

Defendant-Counter Plaintiff USA Dawgs brings an action against Plaintiff-Counter
Defendant Crocs, Inc. for declaratory judgment of non-infringement, invalidity and damages
associated with fraud and patent misuse.

### PARTIES

1.     USA Dawgs, Inc. is a corporation organized under the laws of the State of Nevada
with its principal place of business at 4120 W Windmill Lane #106, Las Vegas, Nevada, 89139.

2.     Upon information and belief, Crocs, Inc. ("Crocs" or "Counter-Defendant") is a
Delaware corporation with its principal place of business located at 6273 Monarch Park Place,
Niwot, Colorado 8050.

### JURISDICTION AND VENUE

3.     This court has jurisdiction over the subject matter of this action pursuant to 28
U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.  Plaintiff-Counter Defendant Crocs is subject to
personal jurisdiction in this judicial district based on its corporate residence, and because of its
regular and systematic conduct of business within the district.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) as Plaintiff-
Counter Defendant Crocs is a corporate resident of this judicial district.

10

## COUNT I
## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '858 PATENT

5.      USA Dawgs realleges and incorporates by reference each of the allegations of paragraphs 1 through 4 of its Counterclaim above.

6.      Crocs alleges that USA Dawgs infringes the '858 patent.

7.      USA Dawgs has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '858 patent.

8.      A declaration by this Court establishing USA Dawgs's non-infringement of Croc's asserted '858 patent is reasonably calculated to prevent needless additional litigation between USA Dawgs and Crocs.

## COUNT II
## DECLARATORY JUDGMENT FOR NON-INFRINGMENT OF THE '789 PATENT

9.      USA Dawgs realleges and incorporates by reference each of the allegations of paragraphs 1 through 8 of its Counterclaim above.

10.     Crocs alleges that USA Dawgs infringes the '789 patent.

11.     USA Dawgs has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '789 patent.

12.     A declaration by this Court establishing USA Dawgs's non-infringement of Croc's asserted '789 patent is reasonably calculated to prevent needless additional litigation between USA Dawgs and Crocs.

**COUNT III**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '858 PATENT**

13.     USA Dawgs realleges and incorporates by reference each of the allegations of paragraphs 1 through 12 of its Counterclaim above.

14.     The '858 patent is invalid under one or more of the provisions in Title 35 of the United States Code, including §§ 102 and 103.

15.     A declaration by this Court establishing that Croc's asserted '858 patent is invalid is reasonably calculated to prevent needless additional litigation between USA Dawgs and Crocs.

**COUNT IV**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '789 PATENT**

16.     USA Dawgs realleges and incorporates by reference each of the allegations of paragraphs 1 through 15 of its Counterclaim above.

17.     The '789 patent is invalid under one or more of the provisions in Title 35 of the United States Code, including §§ 102 and 103.

18.     A declaration by this Court establishing that Croc's asserted '789 patent is invalid is reasonably calculated to prevent needless additional litigation between USA Dawgs and Crocs.

**COUNT V**
**DECLARATORY JUDGMENT OF UNENFORCEABILITY**
**OF THE '858 AND '789 PATENTS**

19.     USA Dawgs realleges and incorporates by reference each of the allegations of paragraphs 1 through 18 of its Counterclaim above.

20.     The '858 patent is unenforceable against USA Dawgs for Crocs's inequitable conduct against the United States Patent and trademark Office during prosecution of the '858 patent and the '789 patent.

12

21. The inequitable conduct includes, but is not limited to the following instances:

    a. On information and belief, Crocs violated their duty of candor to the United States Patent and Trademark Office when Crocs failed to disclose the identity of Mr. Ettore Battistion, the original inventor of the foam clog that was identical to the claimed invention in every detail except the absence of a common pivoting strap, whose designs were first published in April 2002.

    b. On information and belief, Crocs violated their duty of candor to the United States Patent and Trademark Office when Crocs failed to disclose the prior art design and prior sales of a shoe known as the AQUA CLOG based on designs by Battistion and manufactured by Foam Creations Inc.

    c. On information and belief, Crocs violated their duty of candor to the United States Patent and Trademark Office when Crocs misrepresented the true inventorship of both the '858 patent and the '789 patent when it failed to disclose that the named inventor on the applications did not invent a substantial portion of the shoe or that at the time of the applications Crocs did not own the rights to the designs that are the basis of the applications.

    d. On information and belief, Crocs violated their duty of candor to the United States Patent and Trademark Office when Crocs failed to disclose the prior sales of a shoe substantially as depicted in the drawings for the '858 patent and the '789 patent more than one year before the filing dates of the applications for the patents-in-suit by an entity known as "Finproject, N.A."

e.  On information and belief, Crocs violated their duty of candor to the United States Patent and Trademark Office when Crocs failed to disclose the prior art design and prior sales of a shoe known as WALDIES sold by Walden Sports in the United States prior to the applications for the patents-in-suit.

f.  On information and belief, Crocs violated their duty of candor to the United States Patent and Trademark Office when Crocs failed to disclose the prior art design and prior sales of a shoe known as the HOLEY SOLES sold by Holey Soles Holdings, Ltd. a Canadian company prior to the applications for the patents-in-suit.

g.  On information and belief, Crocs violated their duty of candor to the United States Patent and Trademark Office when Crocs failed to disclose their own prior public marketing sales of the shoe embodied in the '858 patent and the '789 patent as early as July 2002 prior to the applications for the patents-in-suit.

h.  On information and belief, Crocs violated their duty of candor to the United States Patent and Trademark Office when Crocs improperly disclosed a website on-sale reference to WALDIES without providing a date of publication as required by MPEP § 707.05(e)(IV)(B) and improperly only including the date of retrieval  which misleadingly suggested to the examiner that the reference was subsequent to the June 23, 2003 application filing date, and therefore was not prior art.

     i.    On information and belief, these withheld references are material to the

           patentability of each of the '858 patent and the '789 patent and renders each

           claim in the '858 patent and the '789 patent unpatentable.

22.    On information and belief, the deceptive intent of Crocs is evidenced by the fact

that the withheld references were known by Crocs, were clearly material, and were not disclosed

to the United States Patent and Trademark Office as required under 37 C.F.R. §1.56.

**COUNT VI**
**VIOLATION OF SHERMAN ACT, 15 U.S.C. § 2- MONOPOLIZATION**

23.    USA Dawgs realleges and incorporates by reference each of the allegations of

paragraphs 1 through 22 of its Counterclaim above.

24.    Crocs sells its products in the market of ethyl vinyl acetate ventilated clog-type

shoes sold in the United States ("the Relevant Market").

25.    USA Dawgs is a competitor of Crocs in the Relevant Market.

26.    Crocs possesses monopoly power in the Relevant Market.

27.    Crocs has willfully acquired and maintained monopoly power in the Relevant

Market by engaging in anticompetitive conduct that is exclusionary and predatory.

28.    Crocs's anticompetitive conduct includes, but is not limited to, patent misuse,

inequitable conduct and other anticompetitive conduct outlined herein.

29.    Crocs's monopolization of the Relevant Market directly and proximately has

damaged competition in the Relevant Market and in USA Dawgs's business specifically, and is

continuing and will continue to do so by, among other things, causing USA Dawgs to lose sales

and profits in an amount to be determined at trial.

15

## COUNT VII
## VIOLATION OF SHERMAN ACT, 15 U.S.C. § 2- ATTEMPTED MONOPOLIZATION

30.     USA Dawgs realleges and incorporates by reference each of the allegations of paragraphs 1 through 29 of its Counterclaim above.

31.     Crocs has engaged in anticompetitive conduct direct at its competitors, including but not limited to USA Dawgs, in the Relevant Market.

32.     By means of the anticompetitive conduct alleged herein, Crocs intends to destroy competition and build for itself a monopoly in the Relevant Market.

33.     Crocs's efforts interfere with USA Dawgs's ability to retain existing customers and impede USA Dawgs's ability to compete for new customers.

34.     Crocs has a dominant share of the Relevant Market.

35.     Because of Crocs's anticompetitive conduct, there is a dangerous probability that Crocs will obtain monopoly power in the Relevant Market.

36.     As a result of Crocs's violation of the Sherman Act, 15 U.S.C. § 2, USA Dawgs has been damaged in its business or property by harm to the reputation of its products and faces both existing and future loss of sales.

## COUNT VIII
## DECEPTIVE TRADE PRACTICES

37.     USA Dawgs realleges and incorporates by reference each of the allegations of paragraphs 1 through 36 of its Counterclaim above.

38.     Counterclaim Defendant Crocs engaged in unfair and deceptive trade practices.

39.     Counterclaim Defendant Crocs recognizes that USA Dawgs is a business competitor in the trade of ethyl vinyl acetate ventilated clog-type shoes in that Crocs has

16

marketed its footwear within the same segments of the United States retail shoe market as has USA Dawgs.

40.     Crocs knew or should have known that the '858 patent and the '789 patent were obtained as a result of fraudulent statements and/or intentional and material omissions in the prosecution of the '858 patent and the '789 patent and that but for these actions the patents in suit would not have issued.

41.     Crocs has intentionally and knowingly and in bad faith pursued aggressive litigation regarding the '858 patent and the '789 patent, forcing several companies to curtail their business operations and to cause several businesses to cease operations altogether.

42.     The misleading and deceptive business practices occurred in the course of Crocs's business.

43.     Due to their misleading and deceptive business practices, Counterclaim Defendants have misled and deceived consumers throughout the United States including consumers in Colorado.  These deceptive trade practices have significantly impacted the public as actual or potential consumers of Crocs's goods.  Counterclaim Defendants' deceptive trade practices constitute prima facie evidence of Defendants' intent to injure competitors and to destroy or substantially lessen competition.

44.     As a direct and proximate result of the fraudulent, willful, knowing, and intentional deceptive trade practices of Crocs, USA Dawgs has suffered and will continue to suffer direct, incidental and consequential damages and are entitled under the Colo. Rev. Stat. § 6-1-113 to recover actual or statutory damages, profits, exemplary damages, reasonable attorneys' fees, and costs in connection with this claim, as well as appropriate equitable relief.

**COUNT IX**
**INTENTIONAL INTERFERENCE WITH BUSINESS ADVANTAGE**

45.     USA Dawgs realleges and incorporates by reference each of the allegations of paragraphs 1 through 44 of its Counterclaim above.

46.     USA Dawgs had several reasonable prospects of having a business relationship with several vendors and retailers for USA Dogs products.

47.     Counterclaim Defendant knew of these prospective relationships and intended to interfere with the prospective relationships.

48.     Counterclaim Defendant's fraudulent, willful, knowing, and intentional actions prevented USA Dawgs from continuing to sell or acquiring new business to sell certain footwear models throughout the United States.

49.     This interference was improper and as a direct and proximate result of the fraudulent, willful, knowing, and intentional interference of Crocs, USA Dawgs has suffered and will continue to suffer direct, incidental and consequential damages.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant-Counter Plaintiff USA Dawgs respectfully requests that this Court enter an Order and Judgment in its favor and against Plaintiff-Counter Defendant Crocs on its cause of action, and:

    A.  Dismiss Croc's Complaint, in its entirety, with prejudice and denying the relief sought in its claims;

    B.  Enter a Declaratory Judgment that USA Dawgs does not infringe the '858 patent;

    C.  Enter a Declaratory Judgment that the '858 patent is invalid;

D.  Enter a Declaratory Judgment that the '858 patent is unenforceable;

E.  Enter a Declaratory Judgment that USA Dawgs does not infringe the '789

patent;

F.  Enter a Declaratory Judgment that the '789 patent is invalid;

G.  Enter a Declaratory Judgment that the '789 patent is unenforceable;

H.  Award USA Dawgs damages in an amount to be determined at trial, including

treble damages pursuant to 15 U.S.C. §15 and damages pursuant to Colo. Rev.

Stat. §6-1-113;

I.  Award USA Dawgs its attorneys' fees and costs in connection with this suit;

and

J.  Award USA Dawgs any such other and further relief as this Court may find

just and proper.

Dated: August 31, 2012

LATHROP & GAGE LLP

By:  *s/ Stephen Horace*
Stephen Horace, Reg. No. 32961
950 17th Street, Suite 2400
Denver, Colorado  80202
Telephone:  (720) 931-3200
Facsimile: (720) 931-3201
e-mail: shorace@lathropgage.com

***ATTORNEYS FOR DEFENDANTS
DOUBLE DIAMOND DISTRIBUTION, LTD.,
AND USA DAWGS, INC. AND
EFFERVESCENT, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2012, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Jared Barrett Briant
Natalie Marie Hanlon-Leh
Faegre Baker Daniels LLP-Denver
1700 Lincoln Street
Wells Fargo Center, #3200
Denver, CO 80203-4532
303-607-3500
jared.briant@faegrebd.com
natalie.hanlonleh@faegrebd.com

and

Michael Anthony Berta
George Robert Green
Arnold & Porter, LLP-San Francisco
One Embarcadero Center, 22nd Floor
San Francisco, CA 94111
415-356-3000
michael.berta@aporter.com
george.green@aporter.com

**Attorneys for Crocs, Inc.**

*s/ Stephen J. Horace*