**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-00605-PAB-BNB

**CROCS, INC.**

      Plaintiff,

v.

**CHENG'S ENTERPRISES, INC.,
EFFERVESCENT, INC.
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION, LTD.,
and U.S.A. DAWGS, INC.**

      Defendants.

_____

**RESPONSE TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND IMPROPER VENUE**
_____

Plaintiff Crocs, Inc. ("Crocs") respectfully submits this Response to Defendant Double Diamond Distribution, Ltd.'s ("Double Diamond") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. #113) and in support states the following:

**I.    INTRODUCTION**

In its Motion to Dismiss, Double Diamond fails to mention two critical facts that are fatal to its arguments. First, Double Diamond filed an Answer to Crocs's original Complaint in 2006, and did not raise the defenses of lack of personal jurisdiction or improper venue, and made no mention of those defenses thereafter as it continued to consent to this Court's jurisdiction. Double Diamond has accordingly waived those defenses. The fact that Crocs has filed an Amended Complaint, which this Court has held relates back to Crocs's original Complaint and

only reduces the number of claims against Double Diamond, in no way revives Double Diamond's right to raise objections to jurisdiction or venue.

Second, Double Diamond has unquestionably sold infringing footwear products into Colorado through its website, and therefore has sufficient contacts with Colorado to support personal jurisdiction and venue in this Court, even if it had not waived its jurisdictional defenses. That Double Diamond claims to have a policy currently in place that prevents sales of infringing products into the United States is immaterial; what matters is that Double Diamond has undeniably sold infringing products into this State.

For these reasons, Crocs respectfully requests that the Court deny Double Diamond's Motion to Dismiss.

## II.   ARGUMENT

### A.   Double Diamond Has Waived the Defenses of Lack of Personal Jurisdiction and Improper Venue

In accordance with Fed. R. Civ. P. 12(h), the Federal Circuit has held that to avoid waiver the defenses of lack of personal jurisdiction and improper venue must be raised "at the time the first significant defensive move is made - whether it be by way of a Rule 12 motion or in a responsive pleading." *Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F. 3d 1302, 1307 (Fed. Cir. 2005)(quotation omitted). *See also* Fed. R. Civ. P. 12(h).

On May 19, 2006, Double Diamond filed an Answer to Crocs's first Complaint (Dkt. #33), and did not even mention personal jurisdiction, much less raise an affirmative defense on that basis. Double Diamond also did not raise a defense based on improper venue, although it did put forward five other unrelated affirmative defenses. Double Diamond denied Crocs's

allegations relating to venue on the grounds that it "lack[ed] sufficient information as to the allegations," Answer at ¶¶ 14-16, but such a denial alone is not sufficient to avoid waiver. *See, e.g., Textron, Inc. v. Maloney-Crawford Tank & Manufacturing Co.*, 252 F. Supp. 362, 364 (S.D. Tex 1966) ("general denial is not sufficient to raise a question of venue"); *Alger v. Hayes*, 452 F.2d 841, 843 (8th Cir. 1972) (holding that an ambiguous assertion that the court "lacks jurisdiction" was insufficient to raise an objection to personal jurisdiction); *United States Brass Corp. v. American Gas Furnace Co.*, No. 301CV0414-H, 2001 WL 1082416 (N.D. Tex. Aug. 29, 2001); *General Design Sign Co., Inc. v. American General Design*, 3:02-CV-2298-H, 2003 WL 251931 (N.D. Tex. Jan. 31, 2003) (finding that objecting to venue does not raise personal jurisdiction defense). *But see Phat Fashions LLC v Phat Game Athletic Apparel Inc.*, No. 00CIV0201 (JSM), 2001 WL 1041990 (S.D.N.Y. Sept. 7, 2001). Without more, a simple denial like Double Diamond's does not comport with Fed. R. Civ. P. 8(c)'s requirement that a "party must *affirmatively* state any avoidance or affirmative defense" (emphasis added), and fails to alert the other parties of its intent to contest jurisdiction or venue.

Furthermore, since entering its Answer six years ago, Double Diamond has continued to consent to this Court's jurisdiction. As an example, the Status Report Double Diamond filed with the Court in June recognizes the Court's jurisdiction in several ways, including by discussing deadlines for discovery and briefing, the *res judicata* or collateral estoppel effects of the related International Trade Commission ("ITC") and Federal Circuit decisions, and the possibility of dropping or amending claims or defenses based on the ITC and Federal Circuit proceedings and evidence arising thereafter. Double Diamond Distribution, Ltd.'s Status Report (Dkt. #86). In no place did Double Diamond mention raising jurisdiction or venue defenses. In

addition, Double Diamond has twice requested the Court's permission to replace its counsel, opposed Crocs's Motion for Leave to Amend its Complaint, and attended various hearings before the Court, all without ever raising venue or personal jurisdiction. On the heels of its Motion to Dismiss, Double Diamond also filed a Motion to Stay the case pending the *inter partes* re-examination it requested. Given these facts and the inadequacy of Double Diamond's Answer, which did not even mention jurisdiction and simply denied venue on the basis of insufficient information, it is apparent that Double Diamond has waived its right to raise those defenses today.

In addition, courts have consistently held that the filing of an amended complaint in no way revives the right to raise Fed. R. Civ. P. 12 defenses like personal jurisdiction and venue, unless the availability of those defenses only came to light in the allegations in the amended complaint. *See, e.g., Rowley v. McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974) ("An amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended."); *Pruco Life Ins. Co. v. Wilmington Trust Co.*, 616 F. Supp. 2d 210, 216 (D.R.I. 2009) ("But in law, as in life, do-overs are a rare commodity, and Rule 12 does not provide one here. In sum, then, while the amended complaints in both cases supercede [sic] the original complaints for all intents and purposes in the litigation, they do not revive [defendant's] personal jurisdiction defense."); 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure ("Wright & Miller") § 1388 (3d ed.2004)) ("The filing

of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading.").[1]

Crocs's Amended Complaint, which this Court has held relates back to its original Complaint, Hearing Tr. of 08/06/12 at 14:9-14, in no way resurrects Double Diamond's right to object to personal jurisdiction or venue. This is not a case where the allegations in an amended complaint reveal the availability of a defense for the first time. Far from it. The Amended Complaint only reduces the number of claims that Double Diamond must defend. Under these circumstances, the Court should not give Double Diamond a "do-over" six years after the fact, and should instead deny its Motion to Dismiss.

### B. Even if Double Diamond has not Waived its Defenses, Jurisdiction and Venue are Proper in this Case

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010) (internal citation omitted). Colorado's long arm statute, Colo. Rev. Stat. § 13-1-124, "confers the maximum jurisdiction permissible consistent with the Due Process Clause." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Accordingly, this Court may

---

[1] *See also Ross v. United States,* 574 F. Supp. 536, 539 (S.D.N.Y. 1983) ("Once waived, Miller cannot resurrect the defenses merely because plaintiff amended his complaint."); *Brohan on Behalf of Brohan v. Volkswagen Mfg. Corp. of Am.*, 97 F.R.D. 46, 48 (E.D.N.Y. 1983) ("ACE waived its jurisdictional contention by failing to assert it in a Rule 12 motion or in its answer to the original complaint. The fact that plaintiff thereafter filed an amended complaint does not revive the right to assert the defense."); *Lanehart v. Devine*, 102 F.R.D. 592, 594 (D. Md. 1984) ("[A]mendment of the complaint does not revive the right to interpose defenses or objections which might have been made to the original complaint." (quotation omitted)).

exercise personal jurisdiction over Double Diamond so long as it does not offend the Due Process Clause.

The Due Process analysis has two prongs. The "'constitutional touchstone'" of the analysis is whether the defendant purposefully established "minimum contacts" in the forum. *Patent Rights Prot. Group, LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1369 (Fed.Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). For purposes of specific jurisdiction, which applies in this case, a defendant has sufficient minimum contacts where it "has purposefully directed [its] activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1350-51 (Fed.Cir. 2002) (quotation omitted). "Under this test, a court may properly assert specific jurisdiction, even if the contacts are isolated and sporadic, so long as the cause of action arises out of or relates to those contacts." *Synthes (U.S.A.) v. G.M. Dos Reis R. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009) (internal citation omitted). The second prong of the Due Process analysis considers whether asserting jurisdiction is "reasonable and fair." *Id.*

In addition, where, as here, the question of personal jurisdiction is "based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only make a prima facie showing that [the] defendant[] [is] subject to personal jurisdiction." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). *See also Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010) ("To survive a motion to dismiss in the absence of jurisdictional discovery, plaintiffs need only make a prima facie showing of jurisdiction."). On a motion to dismiss for lack of personal jurisdiction, "a district court must

accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Elecs. for Imaging*, 340 F.3d at 1349.

### 1. Double Diamond is Subject to Personal Jurisdiction in Colorado Because it Has Sold Infringing Products into the State

Courts have held that personal jurisdiction is proper where defendants have sold infringing products into the forum state. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994) ("The allegations are that defendants purposefully shipped the accused fan into Virginia through an established distribution channel. The cause of action for patent infringement is alleged to arise out of these activities. No more is usually required to establish specific jurisdiction." (quotation omitted)); *Fujitsu Ltd. v. Belkin Intern., Inc.*, 782 F. Supp. 2d 868, 884 (N.D. Cal. 2011); *Fred Hutchinson Cancer Research Center v. Branhaven, LLC,* --- F.Supp.2d ----2012 WL 1699462 (E.D. Vir. April 2, 2012); *Croft v. Lewis*, No. 8:09-CV-1370-T-27AEP, 2010 WL 1707426 (M.D. Fla. April 1, 2010).

For example, in *Fujitsu Ltd.*, plaintiff claimed that the defendant, a Taiwanese company based in Taiwan, directly sold and shipped infringing products into the forum state. *Fujitsu Ltd.*, 782 F. Supp. 2d at 881. The Court considered whether the "uncontroverted allegations that [defendant] sold goods into the forum . . . is a prima facie showing that personal jurisdiction exists," and held that because defendant "purposefully directed its activities at residents of the forum by selling allegedly infringing goods into California," the exercise of jurisdiction was proper. *Id.* at 883-84. Similarly, Crocs has alleged and demonstrated that Double Diamond has purposefully directed its activities at residents of Colorado by selling and shipping infringing products to them through its website. *Dec. of Kimberlie Wierma* ¶¶ 8-10 & Exs. F, G (Ex. 1);

Amended Complaint at ¶¶ 8, 30 (Dkt. #104). And Crocs has therefore made a prima facie showing of personal jurisdiction.

While the case law from other jurisdictions is not uniform, *see, e.g., Laseraim Tools, Inc. v. SDA Mfg., LLC,* 624 F. Supp. 2d 1027, 1028 (E.D. Ark. 2008), a leading Federal Circuit case on personal jurisdiction, *Beverly Hills Fan Co.*, 21 F.3d at 1565, holds that purposeful sales of infringing products into a particular jurisdiction (which is what occurred in this case) establish personal jurisdiction over the seller in that forum. Furthermore, we located no opposing precedents analogous to this case where the defendant unquestionably sold infringing products into the forum, initially consented to the court's jurisdiction, continued to sell products into the forum,[2] obtained counsel within the forum, engaged in motions practice in the forum, and then six years after the case was initiated raised the defense of personal jurisdiction. Particularly when viewed in light of these facts, personal jurisdiction is proper.

It is also telling that Double Diamond has failed to squarely address the basis for personal jurisdiction in this case − its sales of infringing footwear into Colorado. Double Diamond readily denies having any offices, employees, property interests, tax obligations, or registered agents in Colorado, but is careful not to deny that it has sold the products at issue in this case in Colorado. The closest Double Diamond comes to addressing infringing sales in Colorado is its claim that it currently has in place a system to prevent the shipment of infringing products into the United States. *See* Declaration of Steven C. Mann at ¶ 10. Given the documented purchases

---

[2] The Declaration of Steven C. Mann acknowledges that Double Diamond continues to sell allegedly non-infringing products to customers in Colorado, although he characterizes the sales as not generating a "substantial percentage" of his company's revenue. Mann Declaration at ¶ 23. (Dkt. #113-1).

of infringing footwear in Colorado, *see Dec. of Kimberlie Wierma* ¶¶ 8-10 & Exs. F, G (attached hereto as Ex. 1), at the very least this policy could not have been in place when Crocs initiated this action, and possible changes in Double Diamond's sales practices since then cannot alter this Court's jurisdiction over this matter. The contacts relevant to the specific jurisdiction analysis are "those contacts leading up to and surrounding the accrual of the cause of action." Moore's Federal Practice §108.42[2][a] (3d ed. 2010); *see Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987) ("[C]ourts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction."). Like any other tortfeasor, Double Diamond cannot undo personal jurisdiction in Colorado by simply discontinuing its tortious conduct here. Jurisdiction in this Court was proper when Crocs initiated this case, and remains so today.

**2.     The Assertion of Jurisdiction is Reasonable and Fair**

Once a court determines that minimum contacts exist, it may consider other factors to determine whether asserting jurisdiction is "reasonable and fair." *Synthes* 563 F.3d at 1297. Courts generally weigh five factors to assess the reasonableness of asserting jurisdiction: (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1331 (Fed. Cir. 2008). Courts should exercise jurisdiction except in "the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the

burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan*, 21 F.3d at 1568. It is the defendant's burden to put on a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006) (quotation omitted).

Double Diamond has failed to meet its burden. Four of the five factors weigh in favor of finding jurisdiction in this forum reasonable, and the fifth (the shared interest of the several states in furthering fundamental substantive social policies) is not applicable here. With respect to the burden on the defendant, Double Diamond claims, without explanation, that it would be burdened by defending this action in Colorado. This assertion alone hardly makes a compelling case for jurisdiction. Every out of state defendant is burdened to some extent by out of state litigation, and "it is recognized that 'progress in communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome.'" *Beverly Hills Fan Co.*, 21 F.3d at 1569 (internal citation omitted).

This forum also has an interest in adjudicating this dispute, as an injury took place in Colorado. Economic loss in a patent case "occurs to the patent holder at the place where the infringing sale is made." *Id.* at 1571. In addition, Colorado has an interest in protecting its residents, like Crocs, from infringing sales, which affect Crocs's revenues and thus the taxes it pays in Colorado.

The third factor, Crocs's interest in obtaining convenient and effective relief, also weighs heavily in favor of upholding jurisdiction. This case has been pending for more than six years, the record of the ITC proceedings relating to the patents-in-suit is now before this Court, and Crocs has lodged an Amended Complaint that streamlines the remaining issues to be resolved.

10

Given this, starting anew would place a great burden on Crocs. It would also unnecessarily burden the interstate judicial system, and thus the fourth factor also favors upholding personal jurisdiction. Double Diamond's Motion should therefore be denied.

### C. Because This Court Has Personal Jurisdiction Over Double Diamond, Venue is Proper

Double Diamond asserts that even if "personal jurisdiction is appropriate in the State of Colorado, venue is not proper." (Def.'s Motion to Dismiss at 8). But this simply cannot be the case. The Federal Circuit has held, without qualification, that venue in a patent case exists if personal jurisdiction does. *Trintec Industries Inc v. Pedre Promotional Products Inc*, 395 F.3d 1275, 1280 (Fed. Cir. 2005). The *Trintec* court explained that "[v]enue in a patent action against a corporate defendant exists wherever there is personal jurisdiction." *Id.* (citing *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990)). Therefore, venue in this case is a "non-issue" because if personal jurisdiction is proper (which it is), venue is proper too. *Id.*

## III. CONCLUSION

From the outset, Double Diamond has consented to this Court's jurisdiction. It did not raise defenses based on venue or jurisdiction in its Answer, and thereafter its conduct with the Court and the parties in no way suggested that it intended to contest those issues. Crocs's Amended Complaint, which only reduced the claims against Double Diamond, in no way resets Double Diamond's right to put forward those objections. And, even if Double Diamond could bring those defenses now, it is properly before this Court given its documented sales of infringing footwear into this forum. Crocs therefore respectfully asks that the Court deny

Double Diamond's Motion to Dismiss so that this matter, which has been pending for six years, can finally move toward resolution.

DATED: September 13, 2012.                Respectfully submitted.

/s/ Michael A. Berta
Michael A. Berta
ARNOLD & PORTER LLP
Three Embarcadero Center, Seventh Floor
San Francisco, CA  94111
Telephone:  (415) 471-3277
Facsimile:  (415) 471-3400
michael.berta@aporter.com

George R. Green
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4400
Denver, CO  80202-1370
Telephone:  (303) 863-1000
Facsimile:  (303) 832-0428
george.green@aporter.com

*Attorneys for Crocs, Inc., Plaintiff*

13

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 13th day of September, 2012, the foregoing **RESPONSE TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                    /s/ Susan Cole