IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00605-PAB-BNB

CROCS, INC.,

Plaintiff,

v.

CHENG'S ENTERPRISES, INC.,
EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION, LTD., and
U.S.A. DAWGS, INC.,

Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER
_____

This matter arises on **Defendants . . . Motion to Stay the Proceedings Pending *Inter Partes* Reexamination** [Doc. # 118, filed 8/31/2012] (the "Motion to Stay"), which is GRANTED. In addition, I respectfully RECOMMEND that the case be closed administratively subject to reopening for good cause.

This case involves allegations of patent infringement. It was filed on April 3, 2006, but was stayed and administratively closed in order to allow Crocs to pursue a complaint under Section 337 of the Tariff Act of 1930 before the United States Trade Commission. Order [Doc. # 31].

On April 27, 2012, Crocs moved to lift the stay, reporting:

> 5. On July 15, 2011, after a multi-year process including a decision by the United States Court of Appeals for the Federal Circuit in *Crocs, Inc. v. United States Int'l Trade Comm'n*, 598

> F.3d 1294, 1311 (Fed. Cir. 2010), the Commission issued a Final Commission Determination of Violation. The Commission found a violation of 19 U.S.C. § 1337 by respondents Double Diamond Distribution Ltd. ("Double Diamond"), Effervescent and Holey Soles. The violation was predicated on infringement of the '858 Patent by Double Diamond and Effervescent and on infringement of the '789 Patent by all three respondents. . . . In the same Order, the Commission terminated the Investigation.
>
> 6. The Commission also issued a General Exclusion Order barring importation of articles that infringe Crocs' '858 and '789 Patents. . . .

Motion to Lift Stay [Doc. # 70]. The district judge lifted the stay and re-opened the case on May 9, 2012. Order [Doc. # 75].

## I. Stay of Proceedings

On August 3, 2012, Double Diamond filed in the United States Patent and Trademark Office a request for *inter partes* reexamination. The PTO granted the request for reexamination of the '858 Patent, and a similar request concerning the '789 Patent is pending.

I apply a four part test in deciding whether to stay proceedings pending *inter partes* reexamination: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date is set; (3) whether a stay would unduly prejudice the nonmoving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." Tru-Balance, LLC v. Alcoa, Inc., 2012 WL 619114 *1 (D. Colo. Feb. 27, 2012) (internal quotation and citations omitted).

Generally, reexamination simplifies the issues, streamlines district court proceedings, and reduces the burdens of litigation on the parties and the court. For example, the defendants report and Crocs does not dispute that "89% of all reexaminations result in cancelled or modified claims (42% cancelled or disclaimed all claims, 47% changed the claims, and only 11%

confirmed all claims)." Motion to Stay [Doc. # 118] at p. 6. The parties appear to agree that at least some part of this case will survive the reexamination process. Consequently, it is apparent that to proceed here, before the PTO has defined the precise nature of the claims to be reviewed, is inefficient. Id. Crocs argues that most of the benefit resulting from reexamination already has occurred as a result of the ITC action. However, as the defendants note, decisions of the ITC on patent issues do not have preclusive effect. Texas Instruments Inc. v. Cypress Semiconductor Corp., 90 F.3d 1558, 1568-69 (Fed. Cir. 2006). I agree with the defendants that "the ITC proceedings and Federal Circuit review do not streamline this matter or have the same effect as the current reexamination proceedings before the PTO." Reply [Doc. # 134] at pp. 5-6.

Although discovery occurred in the ITC proceeding, the defendants argue, and I agree, that there is additional discovery to be conducted here. That discovery has not yet been undertaken, no scheduling order has been entered, and the case is not set for trial. In short, although the case was filed more than six years ago, it remains in its initial stages due to the ITC proceedings initiated by Crocs.

Finally, I find no undue prejudice to Crocs or clear tactical advantage to the defendants resulting from a stay. Crocs argues that it will be prejudiced because "the long-term viability of the Defendants is questionable." I am presented with no proof on the issue. Moreover, if the defendants lack assets, an award of substantial damages now similarly may prove incapable of collection. Crocs also argues that the delay associated with reexamination may result in evidentiary prejudice through lost documents and testimony, but it offers no specific concerns such as an aged witness or a party's historic failure to preserve records. Crocs' arguments concerning prejudice are pure speculation and do not compel the inefficiencies of proceeding

with this action at this time.  Although Crocs is correct that the reexamination process can take years, mere delay, without more, does not demonstrate undue prejudice.  Tru-Balance 2012 WL 619114 at *1.

## II.  Administrative Closure

Local rule of practice 41.2, D.C.COLO.LCivR, provides that "[a] district judge or a magistrate judge exercising consent jurisdiction may direct the clerk to close a civil action administratively subject to reopening for good cause."  Administrative closure is appropriate here in view of my order staying the proceedings and because of the time required to complete the reexamination process.

IT IS ORDERED that the Motion to Stay [Doc. #118] is GRANTED, and the case is STAYED pending reexamination.

I respectfully RECOMMEND that the case be closed administratively subject to reopening for good cause.[1]

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 16, 2012.

                                             BY THE COURT:

                                             s/ Boyd N. Boland
                                             United States Magistrate Judge