**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  06-CV-00605-PAB-KMT

CROCS, INC.,

      Plaintiff,

v.

CHENG'S ENTERPRISES, INC., et al.,

      Defendants.

---

**DEFENDANTS U.S.A. DAWGS, INC.'S AND DOUBLE DIAMOND DISTRIBUTION
LTD.'S RESPONSE TO CROCS' ADMINISTRATIVE MOTION TO REOPEN CASE
FOR LIMITED PURPOSE**

---

Crocs has filed an Administrative Motion to reopen this case (ECF No. 142) for the sole

purpose of filing a separate Motion (ECF No. 143) requesting that this Court enjoin Defendant

U.S.A. Dawgs ("Dawgs") from pursuing its current <u>active</u> antitrust action in the Federal District

of Nevada, *U.S.A. Dawgs, Inc. v. Crocs et al.*, 2:14-cv-1461-RFB-PAL (the "Nevada action").

Crocs' motion further seeks to enjoin Defendant Dawgs and Defendant Double Diamond

Distribution, Ltd. ("DDD") from pursuing <u>any</u> effort "raising any issues related to the claims or

counterclaims asserted in the Nevada action," including, so it appears, any claims or petitions in

any court or administrative agency <u>worldwide</u>.[1]

---

[1] While Crocs' Motion to Enjoin (ECF No. 143) curiously seeks relief that is outside of the
Court's purview (that the Nevada action *itself* be enjoined by the Colorado Court), Crocs'
Proposed Order improperly seeks, as it reads, a comprehensive injunction against any legal or
administrative actions or defenses that Defendants might seek, including any amendments to the
counterclaims in the present Colorado action, any claims in *any* court *worldwide*, any petitions
before the ITC to modify or vacate the General Exclusion Order, or even any filings of *ex parte*
reexaminations on any of Crocs' patents. This broad-blanket surreptitious request to absolutely

2005241077_1

The arguments raised in Croc' Motion are identical to the "first-to-file" arguments Crocs has already raised in the Nevada action in a motion to dismiss, which Crocs filed five months ago.[2] Despite the Nevada court's recent representation that a ruling on that Crocs' motion to dismiss is expected any time, Crocs decided to move this Court to reopen this case to enjoin the Nevada action on the same grounds it raised in its motion to dismiss in the Nevada action. Crocs did this in bad faith as a result of an unfavorable ruling in the Nevada action (as detailed in Dawgs' Opposition to Crocs' Motion to Enjoin).

Pursuant to D.C.COLO.LCivR 41.2 ("Administrative Closure"), "[a] district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any motion."[3] Crocs does not assert good cause before this Court to reopen this case solely for the purpose of hearing an issue Crocs has already asked the Nevada court to rule on. Instead, as set forth in Dawgs' and DDD's opposition to Crocs' motion to enjoin, Crocs' motions to reopen this case and to enjoin the Nevada action were brought in bad faith.

Crocs is belatedly engaging in a "forum shopping" race with itself in an effort to have this Court rule on its Motion to Enjoin (ECF No. 143) while seeking the same ruling (albeit in the form of a motion to dismiss) in the Nevada action, presumably with the goal of using the first favorable ruling for issue preclusion purposes in the other court. Such parallel filings in multiple

---

prevent Dawgs and Double Diamond Distribution from pursuing or defending any legal or administrative rights *whatsoever* is highly improper and sanctionable conduct. *See* Crocs' Proposed Order Granting Crocs' Motion to Enjoin and Prevent Violations of Stay (ECF No. 143-2).

[2] *U.S.A. Dawgs, Inc. v. Crocs et al.*, 2:14-cv-1461-RFB-PAL (D. Nev. 2014) (ECF No. 13, filed Oct. 3, 2014).

[3] Emphasis added.

2005241077_1

jurisdictions, taxing the time and judicial efforts of two independent Federal District Courts,

constitutes *prima facie* <u>bad faith</u> forum shopping on the part of Crocs, rather than good cause.

Thus, this Court should deny Crocs' motion to reopen and defer to the Nevada court for a ruling

on Crocs' motion in the Nevada action that raised the same issue – five months ago – that its

proposed motion to enjoin is attempting to concurrently raise with this Court.

Defendants thus OPPOSE Crocs' Motion due to absence of good cause and ask that this

Court DENY Crocs' Motion and exercise its inherent powers to SANCTION Crocs for their

surreptitious attempt to have two Federal District Courts simultaneously working on the same

issue posing a possible procedural and substantive conflict with the other.

This Colorado case was stayed and closed pending reexamination before the United

States Patent and Trademark Office ("PTO") relating to two patents-in-suit, Patent No. 6,993,858

("'858 patent) and design Patent No. 517,789 ("'789 design patent"). The PTO has terminated

the reexamination for the '858 patent[4] and the Patent Examiner has rejected the sole claim of the

'789 design patent based on Crocs' own prior publications (Crocs' website offering Crocs

Cayman shoes for sale in the United States in 2002) fully disclosing and anticipating the '789

---

[4] Crocs specifically claims that "DDD did not apprise the PTO of the Federal Circuit decision addressing the validity of the '858 patent. When the PTO learned of the Federal Circuit's decision, it *vacated* its September 14, 2012 grant of review and then terminated the reexamination of the '858 patent." Crocs' Motion to Enjoin at 5 (ECF No. 143) (emphasis in original). This is utterly false, as the PTO's decision on the petition for reexamination makes no reference whatsoever to the Federal Circuit decision (the Federal Circuit only considered one specific combination of 35 U.S.C. § 103 obviousness prior art references, and not the entire universe of potentially obviating prior art, such as that which Crocs had withheld), and the PTO, on *de novo* review, only decided to terminate the reexamination as "the request for reexamination has not established that there is a reasonable likelihood that the requester will prevail as to any <u>of the proposed rejections</u>." Exh. 2 to Crocs' Motion at 12 (ECF No. 143-1) (emphasis added). Dawgs has identified abundant additional invalidating prior art to the '858 patent since 2012, as well as other patentability issues not subject to review in reexamination proceedings (*e.g.*, 35 U.S.C. § 102(f) inventorship, 35 U.S.C. § 112 written description), thus this issue is ripe for consideration before a District Court where such issues may be properly heard.

2005241077_1

invention as invalidating prior art and a bar to patentability under 35 U.S.C. § 102(b).[5] As Crocs

continually benefits from the current stay before this Court, it is likely to pursue and exhaust

time-consuming appellate efforts before the PTO, the Federal Circuit and the United States

Supreme Court, independent of the possible merits of any such appeal. Nevertheless, without

reaching a final conclusion, the PTO reexamination has already accomplished the goal of

resolving important patent questions and simplifying the issues before this Court, and, as such,

DDD's justification for the stay relative to the '858 patent no longer applies, and the rejection of

the '789 patent strongly indicates the issue of validity to be resolved in Dawgs' favor.

Furthermore, Crocs had an opportunity in reexamination to disclose material prior art,[6] amend

the claims, amend the specification, or amend inventorship to properly identify the inventors

(actions afforded in PTO reexamination but not afforded in a District Court proceeding) for each

of the patents-in-suit, and Crocs chose not to do so. Thus, these controversial issues have been

resolved, and the issues still remaining before this Court on the claims of patent infringement and

patent invalidity of the patents-in-suit have been significantly and substantially simplified.

In the absence of any good cause for reopening this case, Dawgs and DDD submit that

the best course is for the Nevada Court to rule on Crocs' motion to dismiss without concurrent

efforts by this Court to weigh identical issues. If the Nevada Court directs that the Nevada action

---

[5] 35 U.S.C. § 102(b) (pre-AIA) presents a statutory bar to patentability, in that applicants cannot "swear behind" the prior art reference and assert an earlier date of invention to salvage potential patentability. The fact that Crocs' own prior art is cited against it casts grave and serious doubt on the merit of Crocs' future efforts in attempt to reestablish possible patentability for the '789 design patent claim, and this is still without examination of Crocs' own prior invalidating sales in 2002, not subject to consideration in reexamination proceedings, under 35 U.S.C. § 311 (pre-AIA), yet subject to review and consideration by any District Court.

[6] Crocs failed in its legal duty under 37 C.F.R § 1.56 to disclose its 2002 Crocs website offering Crocs Cayman and Beach model shoes as material art relating to the patents-in-suit and, in fact, the Crocs website publication (and sales) have never been disclosed or considered by *any* Court or government agency prior to the Apr. 29, 2013 Office Action rejection by the Patent Examiner.

2005241077_1

be transferred or consolidated to proceed before this Court, or otherwise rules in such fashion that Dawgs' claims for declaratory judgment of patent invalidity before this Colorado Court (Dawgs does not assert such claims in the Nevada antitrust action) take primacy, Dawgs and DDD will promptly seek to reopen this case and to lift the stay currently in place. However, presently there is not good cause to reopen this matter on the bases of Plaintiff's Motions.

Accordingly, Dawgs and DDD respectfully request that this Court DENY Croc's motion to reopen and exercise this Court's inherent powers to sanction Crocs for filing motions with this Court that serve no purpose but to attempt to silence Dawgs' petitioning rights and amount to nothing more than an abuse and waste of judicial resources. Should this Court find that good cause exists to reopen this case and to enjoin the Nevada action, Dawgs and DDD alternatively request that this Court reopen this case entirely by lifting the stay so that all parties may pursue the claims and defenses in this Court. Finally, Dawgs and DDD request that this Court provide any alternative or additional relief that it deems just and proper.

DATED this 6th day of March, 2015.

LEWIS ROCA ROTHGERBER LLP

s/ Darren J. Lemieux
Darren J. Lemieux
LEWIS ROCA ROTHGERBER LLP
1200 Seventeenth Street, Suite 3000
Denver, CO 80202-5835
Phone: 303-623-9000
Fax: 303-623-9222
E-mail: dlemieux@lrrlaw.com

2005241077_1

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2015, I delivered a true and correct copy of the foregoing **DEFENDANTS U.S.A. DAWGS, INC.'S AND DOUBLE DIAMOND DISTRIBUTION LTD.'S RESPONSE TO CROCS' ADMINISTRATIVE MOTION TO REOPEN CASE FOR LIMITED PURPOSE** was filed via the CM/ECF system and was served upon the following:

Paul W. Rodney
Arnold & Porter, LLP
370 Seventeenth Street, Suite 4400
Denver, CO 80202-1370
Telephone: 303.863.1000
Facsimile: 303.832-0428
Email: Paul.Rodney@aporter.com

Michael G. Martin
Hamil Martin LLC
140 East 19th Avenue, Suite 600
Denver, CO 80203
Telephone: 303.830.1057
Facsimile: 303.830.1057
Email: mmartin@hamilmartin.com

Michael Anthony Berta
Arnold & Porter, LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3100
Facsimile: 415.471.3400
Email: Michael.berta@aporter.com

s/Darren J. Lemieux
Darren J. Lemieux

2005241077_1