THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00605-PAB-BNB
(consolidated with Civil Action No. 12-cv-02096-PAB)

**CROCS, INC.**

        Plaintiff,

v.

**CHENG'S ENTERPRISES, INC., et al.,**

        Defendants.

---

**CROCS'S REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO REOPEN CASE FOR PURPOSE OF HEARING MOTION TO ENJOIN AND PREVENT VIOLATIONS OF STAY BY DAWGS AND DOUBLE DIAMOND DISTRIBUTION AND REQUEST FOR LEAVE TO FILE MOTION FOR SANCTIONS**

---

In its Motion to Reopen Case (ECF No. 142) for the limited purpose of hearing Crocs, Inc.'s ("Crocs") motion to enjoin and prevent violations of this Court's stay Order by U.S.A. Dawgs, Inc. ("Dawgs") and Double Diamond Distribution Ltd. ("DDD") (collectively "Defendants"), Crocs showed good cause to reopen this case because Dawgs has violated the Court's stay Order by filing a duplicative action in the District of Nevada. *U.S.A. Dawgs, Inc. v. Crocs*, *Inc.*, Case No. 2:14-cv-1461-RFB-PAL ("Nevada Action"). Defendants' Opposition to Crocs's Motion to Reopen (ECF No. 157, hereinafter "Opp.") acknowledges that the local rules give the Court discretion to reopen this case. Opp. at 2.

"[T]here is good cause to reopen when parties seek to litigate remaining issues that are ripe for review." *Phoenix Ins. Co. v. Cantex, Inc.*, No. 13-CV-00507-REB-BNB, 2014 WL

2058106, at *1 (D. Colo. May 19, 2014). That inquiry requires the Court to evaluate "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). Here, whether Dawgs is pursuing duplicative litigation in Nevada is ripe for review because to Crocs's detriment, and in violation of the Tenth Circuit's first-to-file rule, Crocs has had to litigate against Dawgs on claims nearly identical to Dawgs's stayed counterclaims in this action. Review is necessary to prevent any further hardship to Crocs and waste of judicial resources in having two courts adjudicate the same claims. That alone should be the end of the matter.

Nonetheless, Defendants raise various counter-arguments, none of which show a lack of good cause. Defendants instead argue the merits of the main motion—only underscoring the need for this Court to hear the main motion and enforce its prior stay order. And Defendants' demand that the Court "defer to the Nevada court for a ruling on Crocs' motion that raised the same [first-to-file] issue" (Opp. at 3) is contrary to Tenth Circuit law, which provides that this Court can and should take action to "preserve its jurisdiction by enjoining proceedings involving the same issues and parties, begun thereafter in another Federal District Court." *Chicago Pneumatic Tool Co. v. Hughes Tool Co.*, 180 F.2d 97, 101 (10th Cir. 1950).

Nor can Defendants' mere assertions of bad faith show a lack of good cause. Defendants attribute to Crocs a "surreptitious attempt to have two Federal District Courts simultaneously working on the same issue." Opp. at 3. Yet the Nevada Court has been unable to rule on the issue for six months, as Magistrate Judge Leen expressly acknowledged, due to that Court's heavy caseload. *See* Crocs's Reply in Support of Crocs's Motion to Enjoin Violations of Stay by Dawgs and DDD. Consequently, Judge Leen welcomed the filing of this motion. And with this

motion, Crocs seeks to enjoin *all* acts in violation of this Court's stay, and not merely further prosecution of the Nevada Action. Defendants are therefore flat wrong in saying Crocs is seeking the "same ruling" (Opp. at 2) in both cases.

And as discussed in detail in Crocs's reply to the motion to enjoin, Defendants have inaccurately described the status of PTO proceedings concerning the '789 patent as substantially complete. Opp. at 3-4. The PTO has issued only an *initial* rejection of the '789 patent, with further proceedings still to be conducted. Dawgs itself asked this Court to wait until the PTO's process had reached "finality" before lifting the stay and resuming litigation on the merits. Therefore, Dawgs's alternative request that this Court lift the stay entirely (*id.* at 5) is premature.

Because there is good cause to reopen this case for the limited purpose of enforcing this Court's own stay order, Crocs respectfully requests that this Court grant its Motion to Reopen.

Dated: March 20, 2015                            Respectfully submitted,

*/s/ Michael A. Berta*
Michael A. Berta
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3100
Facsimile: 415.471.3400
michael.berta@aporter.com

*Attorneys For Plaintiff, CROCS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2015, I electronically filed the

foregoing REPLY IN SUPPORT OF MOTION TO REOPEN CASE FOR LIMITED PURPOSE

with the Clerk of the Court using the ECF/CM electronic filing system, which will send an

electronic copy of this filing to the following counsel of record:

**Michael G. Martin**
Hamil Martin LLC
140 East 19th Avenue
Suite 600
Denver, CO 80203
303-830-1383
Fax: 303-830-1057
Email: mmartin@hamilmartin.com

**Darren J. Lemieux**
Lewis Roca Rothgerber LLP
1200 Seventeenth Street
Suite 3000
Denver, CO 80202-5835
Phone: 303-623-9000
Fax: 303-623-9222
Email: dlemieux@lrrlaw.com

                                      */s/ Michael Berta*
                                      Michael Berta