IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

    Plaintiff,

v.

CHENG'S ENTERPRISES, INC.,
CVS CAREMARK CORP., a Delaware corporation,
DOUBLE DIAMOND DISTRIBUTION, LTD.,
EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD., and
U.S.A. DAWGS, INC.

    Defendants.

---

**ORDER**

---

This matter is before the Court on Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc.'s Administrative Motion to Reopen for the Purpose of Hearing their Motion to Vacate the Stay [Docket No. 167] and defendants Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc.'s Motion to Reopen and Vacate Stay [Docket No. 168].[1]

**I. BACKGROUND**

Plaintiff Crocs, Inc. ("Crocs") filed this action on April 3, 2006, alleging, *inter alia*, infringement of United States Patent Nos. 6,993,858 (the "'858 patent") and D 517,789 (the "'789 patent"). Docket No. 1.

---

[1] Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc. request oral argument. Docket No. 182 at 10. The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

On May 12, 2006, Effervescent, Inc., Holey Soles Holdings, LTD., and former defendant Collective Licensing International, LLC moved to stay this case pending proceedings under Section 337 of the Tariff Act of 1930 before the International Trade Commission, Docket No. 26, which this Court granted on May 16, 2006. Docket No. 31. On April 27, 2012, Crocs moved to lift the stay, Docket No. 70, which the Court granted on May 9, 2012. Docket No. 75. On August 3, 2012, Double Diamond Distribution, Ltd. ("Double Diamond") filed a request for *inter partes* reexamination of the '858 patent with the United States Patent and Trademark Office ("PTO"). Docket No. 118 at 1. On August 24, 2012, U.S.A. Dawgs, Inc. ("Dawgs") filed a request for *inter partes* reexamination of the '789 patent. *Id*. at 1-2. On August 31, 2012, Double Diamond, Dawgs, and Effervescent, Inc. filed a motion to stay pending completion of the *inter partes* reexaminations. *Id*. On September 14, 2012, the PTO granted Double Diamond's request for *inter partes* reexamination of the '858 patent. Docket No. 127-1 at 2, 4. On October 16, 2012, the Court granted Double Diamond's motion to stay. Docket No. 137. On November 19, 2012, the PTO granted Dawgs' request for *inter partes* reexamination of the '789 patent. Docket No. 168 at 8.

On December 6, 2012, the PTO reversed its decision ordering reexamination of the '858 patent. Docket No. 168 at 7. On April 29, 2013, the PTO rejected the sole claim of the '789 patent under 35 U.S.C. § 102(b) as anticipated by prior art. Docket No. 168-2 at 12.[2]

---

[2]On February 11, 2016, the PTO issued an Action Closing Prosecution in the reexamination proceedings for the '789 patent. Docket No. 169 at 2.

On February 9, 2016, Double Diamond and Dawgs (collectively, "defendants") filed the instant motion to reopen and motion to stay. Docket Nos. 167, 168. Defendants argue that the case should be reopened and that the stay should be vacated "in view of the facts that have changed since the court ordered the stay." Docket No. 167 at 3. In particular, defendants assert that (1) "the '858 reexamination has been terminated, and there is therefore no longer any chance that Crocs' claims in this case will be resolved by the Patent Office;" (2) "the sole claim of the '789 patent stands rejected as unpatentable" by the PTO; (3) Dawgs "is suffering prejudice as a result of the ongoing stay;" and (4) "new evidence has been discovered which has raised additional issues that will not be resolved by waiting for the reexamination of the '789 patent to be completed, and by virtue of Defendants [sic] inability to use such evidence in this case is resulting in additional prejudice." Docket No. 167 at 3. Crocs opposes reopening the case for purposes of resolving defendants' motion to vacate the stay, but asserts that it "does not oppose a request by Defendants to reopen this matter for purposes of Defendants first amending the counterclaims in this matter and then setting a briefing schedule on Defendants' motion to lift the stay in light of those claims." Docket No. 173 at 1, 4.

## II. STANDARD OF REVIEW

When determining whether a stay should be granted pending reexamination, courts generally apply a four-factor test:

> (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party . . .; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

3

*eSoft, Inc. v. Blue Coat Systems, Inc.*, 505 F. Supp. 2d 784, 787 (D. Colo. 2007) (citing *Broadcast Innovation, L.L.C. v. Charter Commc'ns, Inc.*, No. 03-cv-2223-ABJ-BNB, 2006 WL 1897165, at *4 (D. Colo. July 11, 2006). Courts have also applied these factors to determine whether to lift a stay. *See Xpedite Systems, LLC v. J2 Global Communications, Inc.*, 2012 WL 3527313, at *1 (N.D. Ga. Aug. 13, 2012); *Se-Kure Controls, Inc. v. Sennco Solutions, Inc.*, 2010 WL 4823594, at 2 (N.D. Ill. Nov. 19, 2010).

### III. ANALYSIS

Defendants argue that the first and fourth factors weigh in favor of lifting the stay because the "parties and the Court will need discovery and ultimately a trial on at least the parties' claims and defenses related to the '858 patent" regardless of the outcome of the reexamination of the '789 patent. Docket No. 168 at 12. Plaintiff contends that the stay should be maintained until completion of the '789 patent's reexamination "[b]ecause resolution of the '789 issues will create efficiency in this matter." Docket No. 180 at 11. Defendants respond that, "even if the Patent Office ultimately confirms the validity of the '789 patent based on the information it has before it, this Court will still have to resolve the issues raised by the new information discovered by USA Dawgs." Docket No. 168 at 13.

At the time the Court entered the current stay, the PTO had granted Double Diamond's request for reexamination of the '858 patent. Docket No. 168 at 7; *see* Docket No. 139. Since then, the PTO reversed its decision to reexamine the '858 patent. Docket No. 168 at 7. "When circumstances have changed such that the court's

reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (citing *Purolite Int'l, Ltd. v. Rohm & Hass Co.*, 24 U.S.P.Q.2d 1857 (E.D. Pa. 1992)). The Court will need to resolve the claims relating to the '858 patent, and, although there would be some efficiencies in resolving those claims at the same time as the '789 claims, a stay will not simplify the issues or reduce the burden of litigation on the '858 claims.  The Court finds that the first and fourth factors weigh in favor of lifting the stay.

Neither party addresses the second factor, regarding discovery.  Discovery has not yet begun, *see* Docket No. 168 at 4, and no trial date has been set, which typically weigh in favor of granting a stay.  *See Nat'l Prods., Inc. v. Gamber-Johnson LLC*, 2012 WL 3527938, at *2 (W.D. Wash. Aug. 14, 2012).  However, because the '858 patent is not pending reexamination, this factor weighs less heavily in favor of maintaining a stay. *See id*.

Regarding the third factor, Crocs argues that it would be prejudiced if the case was reopened, but does not explain how.  Docket No. 180 at 15.  Defendants argue that they are prejudiced by the stay because Dawgs and Crocs are direct competitors and that, as a result of the protracted litigation of this case, Dawgs' business interests and market share have been negatively impacted.  Docket No. 168 at 14; Docket No. 182 at 3.  Defendants assert that they would be further prejudiced if forced to wait until Crocs exhausted its appeals on the '789 reexamination, which could last several more years.  Docket No. 182 at 6.  The Court agrees.  While delay due to the reexamination process may "not, by itself, amount to undue prejudice," *Wall Corp. v. BondDesk*

*Group, L.L.C.*, 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009), given the age of this case, the Court finds that maintaining the stay until Crocs exhausts its appeals on the '789 reexamination is likely to unduly prejudice defendants.  *See Nat'l Prods.* 2012 WL 3527938, at *1 ("Several courts have cited the long delays as a factor that weighed heavily in their decisions to reject motions to stay.") (citing *Affinity Labs of Texas v. Apple Inc.*, 2010 WL 1753206 (N.D. Cal. Apr. 29, 2010)).  The Court finds that the third factor weighs in favor of lifting the stay.

Thus, when considering the factors as a whole, the Court finds that the stay should be lifted in this case.

## IV.  CONCLUSION

For the foregoing reasons it is

**ORDERED** that Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc.'s Administrative Motion to Reopen for Purpose of Hearing Their Motion to Vacate the Stay [Docket No. 167] and defendants Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc.'s Motion to Reopen and Vacate Stay [Docket No. 168] are **GRANTED**.  It is further

**ORDERED** that the stay is lifted and this case shall be re-opened.

DATED April 21, 2016.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge