IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-00605-PAB-KMT
    (Consolidated with Civil Action No. 16-cv-02004-PAB-KMT)

---

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

    Plaintiff,

v.

EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION, LTD., and
U.S.A. DAWGS, INC.,

    Defendants.

---

Civil Action No. 16-cv-02004-PAB-KMT

U.S.A. DAWGS, INC. and
DOUBLE DIAMOND DISTRIBUTION, LTD.,

    Plaintiffs,

v.

RONALD SNYDER,
DANIEL HART,
THOMAS J. SMACH,
ANDREW REES,
GREGG RIBATT,
ANDREW REDDYHOFF,
GEORGE B. BOEDECKER, JR.,
LYNDON HANSON,
DONALD LOCOCO,
RAYMOND CROGHAN,
RONALD FRASCH,
MICHAEL MARGOLIS,
JEFFREY LASHER,
MICHAEL E. MARKS,
PRAKASH MELWANI,

JOHN P. MCCARVEL,
ERIK REBICH,
SARA HOVERSTOCK, and
JOHN AND JANE DOE DEFENDANTS 1-30,

     Defendants.

---

**ORDER**

---

This matter is before the Court on U.S.A. Dawgs, Inc. and Double Diamond

Distribution, Ltd.'s Rule 72 Objection to Magistrate Judge's Order [Docket No. 427].

On January 13, 2017, the magistrate judge granted in part and denied in part

Dawgs' sixth motion to compel.[1]  Docket No. 411.  Dawgs' sixth motion to compel

sought Crocs' compliance with request for production No. 21 from Dawgs' second set of

requests for production of documents.  Docket No. 344 at 1.  Relevant to this objection,

Dawgs sought production of the following:

> All documents relating to Crocs' enforcement or attempted enforcement of
> intellectual property rights concerning the subject matter of any Patents In
> Suit, including without limitation all documents . . . (e) agendas, minutes or
> other documents relating to every meeting – including meetings of the
> board of directors of Crocs – at which any defendants to this Action, the
> Patents In Suit, any patent enforcement activities/strategies and lawsuits
> (such as the budgets and expenditures of such lawsuits and enforcement
> activities including this Action), and Crocs' failure to convince other
> countries' patent authorities to issue patents similar to the patents at suit,
> were mentioned or discussed.

Docket No. 411 at 1-2.  Among other rulings, the magistrate judge denied Dawgs'

request under subsection (e).  Docket No. 411 at 8.  Dawgs objects to the magistrate

---

[1]  For simplicity, the Court adopts the convention of the parties in the underlying
motions and refers to Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc.,
collectively as "Dawgs."

judge's order on two grounds: first, Dawgs claims that it did not ask the magistrate judge to compel discovery as to subsection (e) and, second, Dawgs argues that the magistrate judge erred by finding that the request was overbroad, unintelligible, and not properly time limited.  Docket No. 427 at 5-6.

As to the first objection, Dawgs claims that it told the magistrate judge that it did not seek review of Crocs' compliance with subsection (e) through a footnote that stated:

> Dawgs' RFP No. 21 also seeks documents from meetings at Crocs (such as meeting agendas or minutes) where Crocs' patent enforcement activities or failure to acquire patents in other countries was mentioned. While Dawgs does not believe that Crocs has properly searched for and produced responsive materials, in the spirit of the Court's Discovery Procedure Order, Dawgs will attempt to further meet and confer with Crocs to see if such issues can be resolved without the Court's intervention.

Docket No. 344 at 2, n.4.  Dawgs indicates that it "intends to ask Magistrate Judge Tafoya to vacate or modify the order."  Docket No. 427 at 5, n.1.  Dawgs, however, has not done so.  It is appropriate for Judge Tafoya to consider this issue in the first instance.  Accordingly it is

**ORDERED** that U.S.A. Dawgs, Inc. and Double Diamond Distribution, Ltd.'s Rule 72 Objection to Magistrate Judge's Order [Docket No. 427] is denied without prejudice. It is further

**ORDERED** that Dawgs is directed to file a motion to reconsider as to Docket No. 411 on or before February 21, 2017 .

DATED February 14, 2017.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge