IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-00605-PAB-KMT
      (Consolidated with Civil Action No. 16-cv-02004-PAB-KMT)

---

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

      Plaintiff,

v.

EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION, LTD., and
U.S.A. DAWGS, INC.,

      Defendants.

---

Civil Action No. 16-cv-02004-PAB-KMT

U.S.A. DAWGS, INC. and
DOUBLE DIAMOND DISTRIBUTION, LTD.,

      Plaintiffs,

v.

RONALD SNYDER,
DANIEL HART,
THOMAS J. SMACH,
ANDREW REES,
GREGG RIBATT,
ANDREW REDDYHOFF,
GEORGE B. BOEDECKER, JR.,
LYNDON HANSON,
DONALD LOCOCO,
RAYMOND CROGHAN,
RONALD FRASCH,
MICHAEL MARGOLIS,
JEFFREY LASHER,
MICHAEL E. MARKS,
PRAKASH MELWANI,

JOHN P. MCCARVEL,
ERIK REBICH,
SARA HOVERSTOCK, and
JOHN AND JANE DOE DEFENDANTS 1-30,

        Defendants.

---

## ORDER

---

        This matter is before the Court on Double Diamond Distribution, Ltd. and U.S.A.

Dawgs, Inc.'s Rule 72 Objection to Three Separate Discovery Related Orders [Docket

No. 416].

        This patent infringement case has featured a large number of discovery disputes

between Crocs, Inc. ("Crocs") and Dawgs,[1] reflected in part by Dawgs' filing of nine

motions to compel.  See Docket Nos. 264, 322, 327, 333, 338, 344, 350, 358, 382.  In

January 2017, Magistrate Judge Tafoya granted in part and denied in part Dawgs' third

motion to compel, and denied Dawgs' fourth and eighth motions to compel.  Docket

Nos. 390, 394, 395.  Dawgs filed objections to these three orders.  Docket No. 416.

        A magistrate judge may determine a nondispositive matter, such as a motion to

compel, and the Court's review of that ruling is limited to determining whether the

magistrate judge's order was "clearly erroneous or is contrary to law."  Fed. R. Civ. P.

72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

---

        [1]  For simplicity, the Court adopts the convention of the parties in the underlying
motions and refers to Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc.,
collectively as "Dawgs."

## I.  ANALYSIS

### A.  Order Denying Dawgs' Third Motion to Compel

Dawgs' third motion to compel sought an order directing Crocs to produce Rule 30(b)(6) witness testimony on 17 noticed topics.  Docket No. 327 at 1.  The magistrate judge denied Dawgs' motion on all but one Rule 30(b)(6) topic because Dawgs' proposed topics were not time limited, were likely to elicit large amounts of irrelevant evidence, had already been addressed, or sought privileged information.  Docket No. 390 at 5-16.  Dawgs generally objects to the magistrate judge's order and specifically objects as to three of the proposed Rule 30(b)(6) topics.  Docket No. 416 at 14.

Dawgs argues that the entirety of the magistrate judge's order was improper because, pursuant to *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135 (10th Cir. 2007)*,* Crocs was required to either designate a witness for each of the Rule 30(b)(6) topics or move for a protective order.  Docket No. 416 at 14.  *LMC Holding,* however, states that, in order to demonstrate good faith with respect to a Rule 30(b)(6) notice, a party must "promptly respond in *some* fashion," which might include informing the other party about concerns with the propriety of the Rule 30(b)(6) notice.  *LMC Holding*, 497 F.3d at 1147 (emphasis in original); *see also Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, No. 11-cv-02007-MSK-KLM, 2013 WL 627149, at *5 (D. Colo. Feb. 19, 2013) ("[Rule 30(b)(6)] implies an equivalent obligation on the deposing party to designate with painstaking specificity, the particular subject areas that are intended to be questioned.") (quotation omitted).  Dawgs admits that Crocs did respond by objecting to the requests and by indicating to what extent it was willing to

respond.  *See* Docket No. 416 at 20.  As noted in her order, the magistrate judge conducted an informal conference on October 6, 2016 to try to resolve this dispute. Docket No. 390 at 2.  Judge Tafoya urged Dawgs to refine its Rule 30(b)(6) topics to be more manageable and precise, but Dawgs declined.  *Id.*  Thus, before Judge Tafoya ruled on the motion to compel, Crocs participated in efforts to resolve the dispute.  This satisfies Crocs' obligations under *LMC Holding*.  The order denying Dawgs' third motion to compel was not contrary to law.

Dawgs next argues that the magistrate judge's factual findings as to topics 1(a)-(c) were clearly erroneous.  Docket No. 416 at 14.  As to topics 1(a)-(b), Dawgs argues that the magistrate judge erred by finding that these topics were not sufficiently time limited and were likely to elicit a large amount of irrelevant evidence.  Docket No. 416 at 15-16.  The magistrate judge observed that, while the subject matter of the topics were "not unreasonable," Dawgs had failed to provide a time limitation despite "ample time and suggestion."  Docket No. 390 at 5-6.  The Court finds that the magistrate judge's findings regarding the "impossible task" of preparing a Rule 30(b)(6) witness to testify as to topics 1(a)-(b) absent some meaningful time frame, *id.* at 5, were not clearly erroneous.

As to topic 1(c), the magistrate judge found that Crocs had furnished a witness who, while not designated concerning topic 1(c), nevertheless provided responsive testimony on that topic.  *Id.* at 6.  In fact, the magistrate judge noted that Dawgs failed to present any evidence that this witness was unable to answer Dawgs' questions as to topic 1(c).  Dawgs argues that this analysis was "unfair" because Crocs' witness stated that he was not prepared on that topic.  Docket No. 416 at 16-17.  The magistrate judge

4

found not only that Dawgs had an opportunity to question Crocs' witness on topic 1(c), but that Dawgs has "the information it seeks on Topic 1(c)."  Docket No. 390 at 6-7. Dawgs presents no evidence that these factual findings are clearly erroneous.

Dawgs' objection to the magistrate judge's order denying its third motion to compel fails to show that the order was clearly erroneous or contrary to law.

### B.  Order Denying Dawgs' Fourth Motion to Compel

Dawgs argues that the magistrate judge erred in denying its fourth motion to compel, which sought production of Crocs' patent prosecution history materials, including foreign patent prosecution documents.  Docket No. 416 at 8-12.  The crux of Dawgs' argument is that the magistrate judge erred by broadly interpreting the term "related to."  *Id.*  Dawgs argues that the term "related to" limits the request for production to members of the same patent family, an argument Dawgs did not make until its reply to its motion to compel.  *See* Docket No. 394 at 4.  The magistrate judge stated that, had the request for production ("RFP") adopted that definition of "related to" at the outset, she may not have had to grapple with the motion to compel in the first place.  Docket No. 394 at 4.  However, being made in its reply brief, the magistrate judge declined to read Dawgs' proposed limitation into the RFP.  *Id.*  Dawgs cites no authority demonstrating that the term "related to" in the patent context has an exclusive meaning such that the magistrate judge's interpretation is clearly erroneous.

Dawgs' objection to the magistrate judge's order denying its fourth motion to compel fails to show that the order was either clearly erroneous or contrary to law.

**C.  Order Denying Dawgs' Eighth Motion to Compel**

Dawgs' eighth motion to compel sought relief related to the Rule 30(b)(6) depositions that took place on November 17 and 18, 2016.  Docket No. 358 at 2. According to Dawgs, Crocs failed to provide organizational documents in advance of the deposition, furnished witnesses who lacked knowledge of the relevant Rule 30(b)(6) topics, and improperly asserted the attorney-client privilege.  Docket No. 358 at 3-10. On January 4, 2017, the magistrate judge denied Dawgs' eighth motion to compel in a text entry stating that "[t]he topics for a Rule 30(b)(6) witness on behalf of Plaintiff were addressed by the court in Order 390.  Crocs prevailed on the majority of the motion. Sanctions are therefore inappropriate."  Docket No. 395.  In light of Dawgs' objection, the Court will review the January 4, 2017 order de novo.

The first issue raised by Dawgs in its eighth motion to compel is the propriety of the organizational charts furnished by Crocs.  Dawgs acknowledges that "Crocs did produce some organizational charts and employee directories in advance of the deposition," Docket No. 364 at 3, but argues that Crocs deliberately provided organizational information in the "least useful" format and that Crocs' corporate witnesses were unfamiliar with the organizational charts.  Docket No. 358 at 3. However, as the magistrate judge noted in her January 3, 2017 order, Crocs provided Dawgs with a declaration from Sean M. Callagy which identified "approximately 48 current and former Crocs personnel" in response to a number of the Rule 30(b)(6) topics.  Docket No. 390 at 5.  Moreover, the Court, having reviewed the relevant deposition excerpts, finds that it is at best unclear what, if any, prejudice was caused to Dawgs.  Erik Olson, who oversees product development and commercialization at

6

Crocs, provided testimony regarding key Crocs employees, their roles in the company over time, and their involvement with product development.  *See, e.g.,* Docket No. 364-1 at 7, 57:5-23; 66:1-23 (discussing reporting structure and documentation related to department roles at Crocs).  Dawgs has failed to demonstrate prejudice resulting from Crocs' purportedly defective provision of organizational materials.

The second issue raised by Dawgs goes to the preparedness of Crocs' Rule 30(b)(6) witnesses.  Dawgs lists several specific examples of how Mr. Olson's testimony was deficient.  Docket No. 358 at 5.  However, Dawgs' deposition of Mr. Olson took 5.5 hours, Mr. Olson prepared by meeting with counsel and other Crocs employees on multiple occasions, Mr. Olson was employed at Crocs from 2005 through the present, and, where Mr. Olson lacked knowledge on particular subjects, he provided information about who at Crocs was better situated to answer Dawgs' questions.  *See* Docket No. 364-1 at 3-5, 12:7-12, 15:10-17, 29:9-12; 7-8, 57:16-17.  While the entirety of the deposition transcript is not before the Court, it does not appear, even from the limited excerpts proffered by Dawgs, that Mr. Olson could be characterized as unprepared or unknowledgeable.

As to the testimony of Rob Grant, the Vice President of Information Technology proffered by Crocs as a Rule 30(b)(6) witness, Dawgs argues that Mr. Grant did not have sufficient knowledge of Crocs' IT systems – in particular, how those systems operated before 2013 – to serve as an effective witness.  Docket No. 358 at 5-6.  Mr. Grant gave over six hours of testimony.  Docket No. 394 at 3.  Mr. Grant stated in his deposition that he was the employee at Crocs best situated to answer Dawgs' questions and that nobody in the Crocs organization would be able to provide testimony

7

about backup procedures before 2013.  Docket No. 364-2 at 3-4, 24:11-15, 63:4-8.

Dawgs also expected Mr. Grant to be sufficiently familiar with the case to tell them both

what materials would be considered relevant to this lawsuit and where, precisely, those

documents are located.  Docket No. 358 at 5-6.  Dawgs cites no authority for requiring a

Rule 30(b)(6) witness to make determinations as to relevance or to conduct the types of

searches that would be required to locate all such relevant materials in advance of his

deposition.

Last, Dawgs argues that Crocs' counsel improperly interjected assertions of the

attorney-client privilege during the depositions of Mr. Olson and Mr. Grant.[2]  Docket No.

358 at 8.  The magistrate judge, in ruling on similar objections as to topic 1(a), found

that Crocs' assertions of privilege were proper.  Docket No. 390 at 5.  Having reviewed

the cited deposition testimony, the Court finds that Crocs' counsel did not improperly

assert the attorney-client privilege or improperly instruct the deponents not to answer

questions outside the scope of the deposition.  *See  Resolution Trust Corp. v. Dabney*,

73 F.3d 262, 266 (10th Cir. 1995) ("[C]ounsel may instruct a deponent not to answer

only when necessary to preserve a privilege. . . . It is inappropriate to instruct a witness

not to answer a question on the basis of relevance.").

For the foregoing reasons, the Court finds that Dawgs' eighth motion to compel

was properly denied.

---

[2]Dawgs makes a number of sweeping statements regarding the appropriate
scope of the attorney-client privilege in this case.  Because the eighth motion to compel
addressed only the conduct of Crocs' attorneys at the deposition, the Court makes no
finding as to the proper scope of the attorney-client privilege in this case.

8

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc.'s Rule

72 Objection to Three Separate Discovery Related Orders [Docket No. 416] is

overruled.


DATED February 24, 2017.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge