IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-00605-PAB-KMT
    (Consolidated with Civil Action No. 16-cv-02004-PAB-KMT)

---

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

    Plaintiff,

v.

EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION, LTD., and
U.S.A. DAWGS, INC.,

    Defendants.

---

Civil Action No. 16-cv-02004-PAB-KMT

U.S.A. DAWGS, INC. and
DOUBLE DIAMOND DISTRIBUTION, LTD.,

    Plaintiffs,

v.

RONALD SNYDER,
DANIEL HART,
THOMAS J. SMACH,
ANDREW REES,
GREGG RIBATT,
ANDREW REDDYHOFF,
GEORGE B. BOEDECKER, JR.,
LYNDON HANSON,
DONALD LOCOCO,
RAYMOND CROGHAN,
RONALD FRASCH,
MICHAEL MARGOLIS,
JEFFREY LASHER,
MICHAEL E. MARKS,
PRAKASH MELWANI,

JOHN P. MCCARVEL,
ERIK REBICH, and
SARA HOVERSTOCK,

    Defendants.

# ORDER

This matter is before the Court on Crocs, Inc.'s Motion to Strike and for Sanctions Under 28 U.S.C. § 1927, Rule 37, or the Court's Inherent Powers [Docket No. 410].[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

On October 6, 2016, Magistrate Judge Kathleen M. Tafoya held a hearing in this case to resolve discovery disputes between the parties. Docket No. 302. Crocs, Inc. ("Crocs") alleges that, at the hearing, counsel for Dawgs[2] displayed a shoe to the Court, specifically, a particular version of the Calzuro clog, and stated that the shoe provided evidence that Crocs knew its patents were invalid. Docket No. 410 at 1. The shoe displayed to the Court as prior art was not manufactured until 2012, *id.* at 2, six years after Dawgs filed this lawsuit alleging infringement of its patents.[3] *See* Docket

---

[1] Dawgs requested oral argument in response to Crocs' motion. Docket No. 436. The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

[2] For simplicity, the Court adopts the convention of the parties in the underlying motions and refers to Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc., collectively as "Dawgs."

[3] Crocs filed Case No. 06-cv-00605-PAB-KMT on April 3, 2006, alleging, inter alia, infringement of United States Patent Nos. 6,993,858 (the "'858 patent") and D 517,789 (the "'789 patent").

No. 1.

Crocs claims that the same shoe that Dawgs presented to the magistrate judge is also discussed and depicted throughout Dawgs' non-infringement and invalidity contentions ("invalidity contentions"), which Dawgs served on August 30, 2016. Docket No. 410-2. In its invalidity contentions, Dawgs asserts that the claims of the '858 and '789 Patents are anticipated by or rendered obvious by a shoe manufactured and designed by BIHOS S.R.L. ("BIHOS"), the Calzuro molded clog. *See* Docket No. 410-2 at 26-85. Dawgs also claims that Crocs' patents are invalid for omitting Ettore Battiston as one of the inventors of the patents. Docket No. 410 at 2; *see also* Docket No. 410-2 at 23, 62-63.

On January 13, 2017, Crocs filed its motion for sanctions under § 1927, Rule 37 and the Court's inherent powers. Docket No. 410. Crocs claims that sanctions are appropriate because Dawgs has knowingly offered a shoe made in 2012 as invalidating prior art. Docket No. 410 at 2. In addition, Crocs requests sanctions based on Dawgs' claim related to Battiston's inventorship.[4] *Id.*

## II. ANALYSIS

### A. Failure to Confer

Dawgs argues that Crocs' motion should be denied for failure to comply with D.C.COLO.LCivR 7.1(a). Docket No. 436 at 3. The Local Rule states that "[b]efore filing a motion, counsel for the moving party . . . shall confer or make reasonable good faith efforts to confer with opposing counsel . . . to resolve the disputed matter."

---

[4]Crocs has raised this argument in a prior motion for sanctions. *See* Docket No. 409 at 7-10.

D.C.COLO.LCivR 7.1(a).  The conferral requirement is not met by "making a demand for compliance," but instead requires communication and an effort to "compare views and attempt to reach an agreement, including by compromise if appropriate." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003).

Crocs admits that it did not confer with Dawgs regarding the instant motion, but argues that it "alerted Dawgs to its concerns about the shoe." Docket No. 480 at 2. The "alert" referenced by Crocs is inadequate and frustrates the central purpose of the Local Rule, which is to attempt to resolve disputes between the parties without judicial intervention.  Thus, the motion will be denied for failure to comply with D.C.COLO.LCivR 7.1(a).  However, in the interest of judicial economy, the Court also considers the merits of the arguments put forward by Crocs.

### B.  28 U.S.C. § 1927

Crocs argues that sanctions are appropriate under 28 U.S.C. § 1927.  Docket No. 410 at 3.  An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  "An attorney's actions are considered vexatious and unreasonable under § 1927 if the attorney acted in bad faith," *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985), or if the attorney's conduct constitutes a "reckless disregard of the duty owed by counsel to the court." *Braley v. Campbell*, 832 F.2d 1504, 1511-12 (10th Cir. 1987).  Sanctions under § 1927 are also appropriate when "an attorney is cavalier or bent on misleading the court; intentionally acts without

4

a plausible basis; [or] when the entire course of proceedings was unwarranted." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotations and citations omitted).

A district court has "wide discretion in matters of sanctions" under § 1927. *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1207 (10th Cir. 2008). However, § 1927 should not be enforced so as to "dampen the legitimate zeal of an attorney in representing" a client. *Braley*, 832 F.2d at 1512. Accordingly, fees should only be awarded against attorneys whose conduct evinces a "serious and studied disregard for the orderly processes of justice." *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968); *see also Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1370 n.6 (Fed. Cir. 2012) ("Establishing attorney misconduct under § 1927 implicates a higher level of culpability than Rule 11."). Before awarding sanctions pursuant to § 1927, a court must make "specific findings" identifying "the extent of the multiplicity resulting from the attorney's behavior and the costs arising therefrom," as well as describing the "objectionable conduct" in sufficient detail to permit a meaningful response and facilitate appellate review. *Braley*, 832 F.2d at 1513.

### 1. The Calzuro Molded Clog

Dawgs' invalidity contentions repeatedly refer to and display photographs of the Calzuro molded clog. *See, e.g.,* Docket No. 410-2 at 27-36. The invalidity contentions state that the Calzuro molded clog displayed in the invalidity contentions "was sold and in public use in the United States prior to May 23, 2002." *Id.* at 26. Crocs claims that this representation is a lie. Docket No. 410 at 2.

5

Crocs states that the shoe depicted in the invalidity contentions was not manufactured or sold in the United States until 2012. *Id.* at 5. In support, Crocs provides an affidavit from Roberta Bidoia, a principal at BIHOS. *Id.* at 6. According to Ms. Bidoia, the shoe depicted in Crocs' invalidity contentions "was first manufactured by Bihos in 2011 and was first sold by Bihos to SMD Wynne for distribution in the United States in 2011." Docket No. 410-4 at 3, ¶ 5. Ms. Bidoia states, "[i]t would be impossible for the shoe depicted . . . to have been sold or purchased in the United States before 2011, because the strap shown in the picture above had never been manufactured by Bihos prior to that date." *Id.* at 4, ¶ 6. Crocs argues that, at the time Dawgs offered its invalidity contentions, "Dawgs had to know that the Calzuro clog that it has submitted in this case as prior art is not, in fact prior art." Docket No. 410 at 6.

Dawgs argues that it has substantial evidence that some version of the Calzuro molded clog was sold in the United States prior to Crocs' first patent application. Docket No. 436 at 7-8. Dawgs states that "[a]t most, there is a factual dispute over which version of the Calzuro clog was on sale and when." *Id.* at 8. While there may be a dispute over some models of the Calzuro clog, Dawgs does not dispute that the shoe depicted in the invalidity contentions was manufactured in 2012, well after the patents at issue were obtained by Crocs. *See* Docket No. 436. Crocs has presented ample evidence that the precise shoe depicted in Dawgs' invalidity contentions is not prior art. Dawgs cannot dispute Crocs' allegations by trying to shift the Court's attention to other topics.

Crocs has not pointed to prejudice from Dawgs' alleged misrepresentations.

6

Crocs does not allege, for instance, that these proceedings have been prolonged as a result of Dawgs' conduct. While Crocs states that Dawgs improperly proffered the 2012 version of the Calzuro molded clog at a discovery hearing, it does not argue that this conduct prejudiced Crocs at those proceedings. See Docket No. 304-1 at 15, p. 127, ll. 4-5 (Magistrate Judge Tafoya responding to counsel for Dawgs' discussion of the Calzuro molded clog and stating "[s]o what does this have to do with the motion to compel?"). Moreover, Dawgs argues that it has not yet served its final invalidity contentions, Docket No. 436 at 4, suggesting that it may cure this issue.[5] As a result, the Court, in its broad discretion, finds that sanctions are not warranted under § 1927 for misrepresentations related to the Calzuro molded clog.

### 2. Seaman's Inventorship

Crocs also argues that sanctions are warranted for Dawgs' allegations related to incorrect inventorship. Docket No. 410 at 9-10. Dawgs states that "there is little question as to whether Mr. Battiston should have been listed as an inventor." Docket No. 436 at 10. The Court has previously considered the issue of correct inventorship in its ruling on Crocs' motion to dismiss. See Docket No. 504 at 13-14. While the Court agrees that Dawgs' arguments related to inventorship are incorrect as a matter of law, *id.,* the Court does not find that sanctions are warranted. See Docket No. 681 at 10-11.

### C. Inherent Powers

Crocs argues that sanctions are also appropriate under the court's inherent

---

[5]The Court does not have Dawgs' final invalidity contentions before it, but notes that a separate request for sanctions may be appropriate if Dawgs has continued to offer the 2012 Calzuro molded clog as prior art.

powers. Docket No. 410 at 3-4. "Inherent powers are the exception, not the rule, and their assertion requires special justification in each case. Like all applications of inherent power, the authority to sanction bad-faith litigation practices can be exercised only when necessary to preserve the authority of the court." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 64 (1991). "[T]he necessity predicate limits the exercise of inherent powers to those exceptional instances in which congressionally authorized powers fail to protect the processes of the court." *Id.*

Crocs does not argue that Dawgs' allegedly wrongful conduct falls outside the scope of 28 U.S.C. § 1927. That congressionally authorized rule provides adequate protections against Dawgs' purported misconduct. Accordingly, the Court finds that Crocs has failed to present a basis for sanctions under the Court's inherent powers.

### III. CONCLUSION

In accordance with the foregoing, it is

**ORDERED** that Crocs, Inc.'s Motion to Strike and for Sanctions Under 28 U.S.C. § 1927, Rule 37, or the Court's Inherent Powers [Docket No. 410] is denied.

DATED September 30, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge