IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 06–cv–00605–PAB–KMT
(*Consolidated with* 12–cv–02096–PAB–BNB and 16–cv–02004–PAB–KMT)

CROCS, INC.,

Plaintiff,

v.

EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION,LTD., and
U.S.A. DAWGS, INC.,

Defendants.

---

Civil Action No. 16–cv–02004–PAB–KMT

U.S.A. DAWGS, INC., and
DOUBLE DIAMOND DISTRIBUTION, LTD.,

Plaintiffs,

v.

RONALD SNYDER,
DANIEL HART,
THOMAS J. SMACH,
ANDREW REES,
GREGG RIBATT,
ANDREW REDDYHOFF,
GEORGE B. BOEDECKER, JR.,
LYNDON HANSON,
DONALD LOCOCO,
RAYMOND CROGHAN,
RONALD FRASCH,
MICHAEL MARGOLIS,
JEFFREY LASHER,
MICHAEL E. MARKS,

PRAKASH MELWANI,
JOHN P. MCCARVEL,
ERIK REBICH, and
SARA HOVERSTOCK,

Defendants.

---

**ORDER**

---

This matter is before the court on "Dawgs' Motion for Leave to Supplement Its Contentions for the '858 Patent and the '789 Patent" [Doc. No. 507] filed April 3, 2017. "Crocs's Opposition to Dawgs's Motion for Leave to Supplement Invalidity Contentions for the '858 and '789 Patents" was filed on April 24, 2017. [Doc. No. 517.] Defendant Dawgs filed its Reply [Doc. No. 527] on May 8, 2017. The Court issued a claim construction order concerning the '858 patent and the '789 patent on June 27, 2017. [Doc. No. 557.] After claim construction, at this court's behest, the parties filed a "Joint Status Report Concerning Dawgs' Motion for Leave to Supplement Its Contentions for the '858 Patent and the '789 Patent" on August 25, 2017. [Doc. No. 625.] The parties agreed the claim construction order did not change the substance of either side's position on the instant motion.

Dawgs seeks to supplement its initial invalidity contentions to add two additional shoes it claims as prior art, a different model of the Calzuro Clog manufactured by BIHOS from what is in its initial contentions and a shoe made pursuant to the Thermoshoe Design Registration. Also Dawgs seeks to supplement the explanations in its non-infringement contentions for the '858 patent; supplement its invalidity contentions for the '858 patent to refer to Dawgs' 35 U.S.C. § 112 invalidity positions from its claim construction briefing; further explain its already expressed invalidity positions concerning inventorship to reflect the positions Dawgs has already expressed

in its briefing on this issue; and respond to Crocs' argument that Dawgs did not clearly identify "primary" and "secondary" prior art references to the '789 patent. (Mot. at 2–3).

Crocs objects and claims first that both pieces of prior art at issue were raised in 2006 prior litigation between the parties before the ITC—*In the Matter of Certain Foam Footwear*, No. 337–TA–567—and therefore Dawgs knew about the shoes before it served its original invalidity contentions. Crocs argues that as those contentions were filed six months previous to the motion, asserting these shoes now is grossly out of time absent a showing of good cause as to why the contentions did not contain the two shoes originally. Further, Crocs claims that the additional provisions proposed by Dawgs constitute "a complete rewrite" of the previous contentions (Resp. at 5) and that given the late nature of the filing, not only has there been no showing of good cause for such a significant overhaul but that at this late date Crocs is prejudiced by the alterations and additions.

Dawgs submitted a "red-lined"[1] version of the amendments sought at Doc. No. 507–3 (hereinafter "RL Prop. Contentions").

***LEGAL STANDARDS***

The Local Patent Rules in the District of Colorado require both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions. The Federal Circuit requires parties "to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). The Local Patent Rules

---

[1] The filed version of the altered documents is more accurately described as "blue-lined"; however red-lined is a more recognizable label for a document that shows the alterations of a document by crossing out deleted language and insertion of new information in a different color typeface.

seek to achieve this objective by requiring invalidity contentions to be served early in the case to disclose:

> (1) An explanation, including the relevant statutory language, of how the item qualifies as prior art;
> (2) If anticipation is alleged, identification of each item of prior art and an explanation of how it anticipates the asserted claim;
> (3) If obviousness is alleged, identification of each item of prior art or combination of items of prior art, and, separately for each item of prior art or combination of items of prior art, an explanation of how the item or combination of items renders the asserted claims obvious; and
> (4) A statement explaining any other grounds of invalidity of any asserted claims

D.C.COLO.LPtR 8(b). No later than 28 days after the claim construction order is filed, the parties must serve their final infringement or invalidity contentions. D.C.COLO.LPtR 16. Any invalidity theories not disclosed pursuant to Local Rules 8 and 16 are barred from presentation at trial. D.C.COLO.LPtR 16(b)(2). See also *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11–CV–5341–YGR, 2014 WL 690161, at *1 (N.D. Cal. Feb. 21, 2014) (citing *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, 2007 WL 2103896, at *1 (N.D. Cal. July 20, 2007)) (under similar Local Rule).

The Local Patent Rules specify that in order to amend its invalidity contentions, the party must make a showing of good cause. "If the Final Invalidity Contentions identify additional prior art, the amendment shall be supported by good cause (e.g., discovery of previously undiscovered information or an unanticipated claim-construction ruling) and an accused infringer shall include a separate statement of good cause for any amendment." D.C.COLO.LPtR 16(b)(3). "A party asserting infringement may seek to exclude an amendment to the Final Invalidity Contentions on grounds that good cause does not exist." D.C.COLO.LPtR 16(b)(4).

Notably, Colorado's Local Patent Rules do not directly address a proposed amendment to invalidity contentions that occurs prior to the Final Invalidity Contentions. The Rules contemplate that any additional information, such as new prior art, would be part of the final invalidity contentions, not made by a pre-claim construction motion.

However, courts in this District have ruled in favor of amendments to infringement and invalidity contentions as soon as new information is discovered. Judge Robert E. Blackburn stated in *Wyers Prods.. Grp., Inc. v. Cequent Performance Prods., Inc.*, No. 12–CV–02640–REB–KMT, 2015 WL 3494718, at *2 (D. Colo. June 2, 2015),

> A requirement that parties to a patent case disclose infringement, non-infringement, and invalidity contentions is intended to require the parties to provide "early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366 (Fed Cir. 2006) (addressing effect of district court local rules applicable to patent cases). "If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation." *Id.*

*Id*.

The Federal Circuit has stated local rules unique to patent cases are likely to directly affect the substantive patent law theories that may be presented at trial, being designed specifically to "require parties to crystallize their theories of the case early in the litigation" so as to "prevent the 'shifting sands' approach to claim construction." *O2 Micro Int'l Ltd,.* 467 F.3d at 1364 (Fed. Cir. 2006) (quoting *Atmel Corp. v. Info. Storage Devices Inc.*, No. C 95–1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. 1998)). The Federal Circuit concluded "that issues concerning the validity and interpretation of such local rules are intimately involved in the

substance of enforcement of the patent right and must be governed by the law of this circuit." *Id*. (internal citations omitted.)

The Federal Circuit has held that "good cause" for amendments in the context of patent litigation requires a showing of diligence. *Id.* at 1366 (addressing amendments of infringement contententions). *See also* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment of section (b) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

Under this guidance, courts have held that the good cause inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted. *Barco N.V. v. Tech. Properties Ltd.*, 2011 WL 3957390, at * 1 (N.D. Cal. Sept. 7, 2011). Other factors relevant to this inquiry include the "relevance of newly-discovered prior art, whether the request to amend is motivated by gamesmanship, and whether the opposing party will be prejudiced by the amendment." *West v. Jewelry Innovations, Inc.*, 2009 WL 152136, at *2 (N.D. Cal. Jan. 22, 2009). The moving party has the burden of demonstrating good cause. *O2 Micro In''l,* 467 F.3d at 1366*; Genentech, Inc. v. Amgen, Inc., 289 F.3d 761, 774 (Fed. Cir. 2002);24/7 Customer, Inc. v. Liveperson, Inc.,* No. 315CV02897JSTKAW, 2016 WL 6673983, at *1–2 (N.D. Cal. Nov. 14, 2016)

***ANALYSIS***

This case comes forward in very unique circumstances. Not only is the case now almost twelve years old, there have been numerous other adversarial proceedings between the same parties in which many, if not all, of the same issues have arisen. Specifically, the two patents addressed in this motion have been the focal point of all prior proceedings. *See* U.S. Patent No.

6,993,858 ("the '858 patent") and U.S. Patent No. D 517,789 ("the '789 patent"). The most significant of these litigations was the ITC proceeding in 2006 as referenced above.

Crocs began this action on April 3, 2006, by filing a complaint against Double Diamond Distribution, Ltd. ("Double Diamond") and other defendants, alleging infringement of the '858 patent and the '789 patent. On May 16, 2006, at Crocs' request, the Court administratively closed the instant case based on Crocs' filing, three days prior to the filing of its complaint in the instant action, a complaint with the International Trade Commission ("ITC") for infringement of the same two patents. [Doc. No. 31.] This federal case thereafter took a significant hiatus between 2006 and 2012 until, following the conclusion of the ITC investigation, on April 27, 2012, Crocs filed a Motion to Lift Stay and Transfer Record in the case at bar [Doc. No. 70], which was granted on May 9, 2012 [Doc. No. 75]. The case was only open for six months and was once again stayed due to Double Diamond's reexamination requests for both patents asserted by Crocs. At the reopening of this case in 2016, beyond the foreign and other litigation matters which had come and gone, there had been both the full trial at the ITC and the reexaminations of the two Crocs patents was still ongoing.

Courts in more procedurally 'normal' cases have an expectation that new issues affecting the parties' contrasting contentions will change or broaden during discovery as more and more is learned about the case. Most of the case law addressing the issue of amendment of contentions, either infringement or invalidity, are simply not analogous to a case where the parties have engaged in information seeking behavior and adversarial proceedings for the length of time herein. This is not to say that some new facts can't be learned; but it is the case that over the course and scope of litigation such as this, twelve or more years into the matter, the court has a

right to expect that initial contentions will be far more fleshed out than in a run-of-the-mill case and that the areas of opposing strengths and weaknesses will be well-known to the parties from the outset.

Unfortunately, whether by virtue of sloppy draftsmanship or inattention, Dawgs' original invality contentions were not in pristine condition when filed. However, fixing mistakes is not an approved purpose for amending invalidity contentions because such a need epitomizes a lack of care and diligence.

In examining Dawgs' Motion and the response, the court finds as follows

The Bihos patent—and a Calzuro-branded clog that embodied that patent—were submitted as evidence in the ITC. [*See, e.g.*, Doc. No. 410–1, ¶6 ("The Calzuro Clog by BIHOS was Exhibit CPX-048 at the ITC Proceeding")[2]; Doc. No. 410–5 (Notices of Prior Art in ITC proceeding); Doc. No. 410–6 at 3–4 (Dawgs admitting that ITC Respondents "appear to have filed a Notice of Prior Art with the ITC that includes the BIHOS patent as a prior art reference").] On August 30, 2016, when Dawgs served its original invalidity contentions, it provided images of a Calzuro-branded clog with a riveted strap as claimed prior art that had been on sale for more than a year prior to June 23, 2003. [Doc. No. 410, Ex. A.] Later it was learned that that shoe had not been made prior to 2012. The Calzuro clog that was on sale pre-2003, Model A in the proposed Amendment, was presented as evidence in the ITC, so was known to Dawgs at the time of its original invalidity contentions.

---

[2] Dawgs complains that Crocs has not supplied it with Ex. CPX-048 at the ITC proceeding. Double Diamond was a party to the ITC litigation. As this court has repeatedly noted, the entire record of the ITC proceedings is equally available to Dawgs and to Crocs. Therefore it is in as good a position as Crocs to know what the exhibit was and if it was not the Calzuro clog, it could make that argument.

Dawgs submitted the Bihos patent to the Patent Office in a 2012 request to reexamine the ’858 patent. [*See* Doc. No. 143–1, Ex. 1, at 9; Doc. No. 143–1, Ex. 2, at 10, 12.] In a declaration by the General Manager of Bihos, Roberta Bidoia noted that Dawgs’s counsel Brian Elliot had contacted Bihos in 2015 to inquire about its footwear, again long before the serving of original invalidity contentions. [Doc. No. 410–4.]

The “Thermoshoe” design is a public record. (Mot. Ex. 2 at 130.) In the ITC, the report of Stephen M. Evans, the expert for Holey Soles, identified this shoe as prior art on October 10, 2006. [*See* Callagy Decl., ¶2 & Ex. A, at 25; *id.* at 37, 41 (proof of service on Dawgs’s counsel).] The ITC and Federal Circuit ultimately held the ’858 and ’789 patents valid over all art asserted by Defendants. *See, e.g., Crocs, Inc. v. ITC*, 598 F.3d 1294, 1308 (Fed. Cir. 2010); *In re Certain Foam Footwear*, Inv. No. 337–TA–567, 2011 WL 5997932 (ITC July 15, 2011).

Dawgs has failed to show good cause for the proposed amendments. There is no new, previously undiscovered evidence or information justifying Dawgs’s failure to correctly frame its original invalidity contentions. *See* D.C.COLO.LPtR 16(b)(3). Dawgs specifically did not act with due diligence in determining when the Calzuro footwear it was depending on as prior art was manufactured before it framed its invalidity contentions.

The remaining proposed amendments are an attempt to rewrite Dawgs’s original contentions without any good cause basis whatsoever. While the court is cognizant that initial contentions are not meant to be “a straightjacket into which litigants are locked from the moment their contentions are served,” see *TFH Publ’ns, Inc. v. Doskocil Mfg. Co., Inc.,* 705 F. Supp. 2d. 361, 366 (D.N.J.2010); *Novartis Pharm., Corp. v. Wockhardt USA LLC*, No. CIV.A. 12–3967 SDW, 2013 WL 4732296, at *4 (D.N.J. Sept. 3, 2013), in this case, given the procedural history

and multiple adversary proceedings involving these same patents and same litigants, the court and opposing counsel have a right to expect that initial disclosures will be complete and correct and require little, if any, modification except as might be occasioned by unanticipated claim construction. Because the court finds a lack of diligence on the part of Dawgs and a lack of good cause to amend the invalidity contentions, there is no need to address prejudice to opposing parties.

It is therefore **ORDERED**

"Dawgs' Motion for Leave to Supplement Its Contentions for the '858 Patent and the '789 Patent" [Doc. No. 507] is **DENIED**.

Dated this 8th day of November, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge