IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-00605-PAB-KMT
    (Consolidated with Civil Action No. 16-cv-02004-PAB-KMT)

---

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

    Plaintiff,

v.

EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION, LTD., and
U.S.A. DAWGS, INC.,

    Defendants.

---

Civil Action No. 16-cv-02004-PAB-KMT

U.S.A. DAWGS, INC. and
DOUBLE DIAMOND DISTRIBUTION, LTD.,

    Plaintiffs,

v.

RONALD SNYDER,
DANIEL HART,
THOMAS J. SMACH,
ANDREW REES,
GREGG RIBATT,
ANDREW REDDYHOFF,
GEORGE B. BOEDECKER, JR.,
LYNDON HANSON,
DONALD LOCOCO,
RAYMOND CROGHAN,
RONALD FRASCH,
MICHAEL MARGOLIS,
JEFFREY LASHER,
MICHAEL E. MARKS,
PRAKASH MELWANI,

JOHN P. MCCARVEL,
ERIK REBICH,
SARA HOVERSTOCK, and
JOHN AND JANE DOE DEFENDANTS 1-30,

    Defendants.

---

# ORDER

---

This matter is before the Court on defendant Dawgs' Rule 72 Objection to Magistrate Judge Tafoya's Order Compelling Dawgs to Produce Further Financial Information (Doc # 701) [Docket No. 730] and Dawgs' Motion to District Judge Under D.C.COLO.LCivR 30.2(b) to Stay Magistrate Judge's Order to Produce Discovery [Docket No. 747].[1] On October 17, 2017, Magistrate Judge Kathleen M. Tafoya issued an order granting in part and denying in part Crocs's Motion to Compel Production of Financial, Organizational and Ownership Information [Docket No. 600]. Docket No. 701. Defendant filed an objection to the order on October 31, 2017 and moved for a limited stay of the order pending this Court's resolution of the objection. Docket No. 730; Docket No. 731. On November 14, 2017, the magistrate judge denied defendant's motion for a limited stay and ordered defendant to produce its 2016 and 2017 financial statements within fourteen days. Docket No. 743. On November 15, 2017, defendant filed a motion with this Court pursuant to D.C.COLO.LCivR 30.2(b), requesting a stay of the magistrate judge's order to produce such financial statements pending resolution of defendant's Fed. R. Civ. P. 72(a) objection. Docket No. 747. Plaintiff filed a response

---

[1] "Defendant" is used in this order to refer to both U.S.A. Dawgs, Inc. and Double Diamond Distribution, Ltd.

to defendant's objection on November 21, 2017. Docket No. 758. Defendant filed its reply on November 26, 2017. Docket No. 767.

Defendant's objection pertains to a non-dispositive discovery matter. When reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 365, 395 (1948)).

Defendant asserts that the magistrate judge's order compelling the production of defendant's financial statements is clearly erroneous and contrary to law on three grounds: (1) defendant has already produced all the information relevant to plaintiff's claims; (2) defendant's financial statements are not relevant; and (3) defendant has a legitimate concern that its financial statements will be misused if produced. *See* Docket No. 730 at 3-8.[2]

---

[2]Defendant also suggests error based on the magistrate judge's failure to make a finding that defendant's financial statements are relevant to the issues in the case. *See* Docket No. 730 at 6; Docket No. 747 at 4. Although defendant appears to be correct that the magistrate judge did not make an express factual finding as to the relevance of defendant's financial statements, the transcript of the proceedings demonstrates that the magistrate judge considered the issue. *See* Docket No. 730-1 at 13-14, 23-25, 220:10-221:22 (discussing relevance of financial statements in absence of anti-trust claims), 230:18-232:8 (discussing value of financial statements to patent case). Specifically, the magistrate judge asked plaintiff's counsel to explain the relevance of the financial statements outside of the antitrust, alter ego, and fraudulent transfer

Defendant first argues that it has produced all information relevant to plaintiff's calculation of damages, including financial statements through May 31, 2015 and a summary of the unit sales, revenues, and costs for the allegedly infringing products. Docket No. 730 at 3; Docket No. 621-1 at 2, ¶ 3; Docket No. 594-8 at 2-3. At the hearing on Crocs's motion to compel, the magistrate judge asked plaintiff's counsel why defendant's production of summary sales information was insufficient. Docket No. 730-1 at 24-25, 231:23-232:1. Counsel responded that the statements were "confirmatory evidence" of defendant's profits and costs and therefore relevant to plaintiff's damages claim. *Id.* at 25, 232:2-8. Defendant's objection does not address this contention. Nor does it cite any authority for the proposition that the production of summary sales information precludes discovery of the underlying financial statements.

Defendant's argument that its financial statements are no longer relevant to the issues in the case is equally unavailing. Fed. R. Civ. P. 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Before ruling on plaintiff's motion to compel, the magistrate judge heard argument that defendant's financial statements are relevant to

---

contexts. *See id.* at 14, 24, 221:6-9, 231:13-19. She further inquired into the necessity of the financial statements given defendant's prior production of sales information. *Id.* at 24-25, 231:23-232:1. Finally, the magistrate judge expressly found that prejudgment discovery of a party's financial information is generally not permitted unless the information is relevant to a claim or defense. *Id.* at 26-29, 233:7-236:6. Thus, the record demonstrates that the magistrate judge thoroughly considered the parties' arguments as to the relevancy of the financial statements and concluded that prejudgment discovery of a party's financial condition is not permitted unless relevant to the issues in the case. Because the transcript of the hearing is sufficient to permit the Court's review of the magistrate judge's order, the magistrate judge's failure to make an express factual finding as to the relevance of the financial statements does not, standing alone, warrant sustaining defendant's objection.

plaintiff's claim for disgorgement. *See* Docket No. 730-1 at 14, 16, 25, 221:6-22, 223:18-21, 232:2-8.[3] In its objection to the magistrate judge's ruling, defendant cites various authorities for the proposition that a party's financial status is not discoverable under Fed. R. Civ. P. 26(b)(1) until final judgment has been entered. *See* Docket No. 730 at 5. But these cases state only the general rule. *See, e.g.*, *Saint Paul Commodities, LLC v. Crystal Creek Cattle Co.*, 2012 WL 3135574, at *2-4 (N.D. Tex. Aug. 1, 2012) (addressing whether claims for fraudulent transfer, civil and criminal fraud, fraudulent concealment, civil conspiracy, unjust enrichment, and constructive trust were barred by the doctrine of *res judicata* when information regarding party's financial condition was not discoverable in prior breach of contract suit); *Sierrapine v. Refiner Prods. Mfg., Inc.*, 275 F.R.D. 604, 605, 609-10 (E.D. Cal. 2011) (finding that information about defendant's financial condition was not relevant to any claims or defenses in breach of contract action); *Lincoln Elec. Co. v. MPM Techs., Inc.*, 2009 WL 2413625, at *3 (N.D. Ohio Aug. 5, 2009) (holding that financial information sought for purposes of evaluating defendant's ability to satisfy judgment was not relevant to issues in breach of contract case). In patent infringement suits, courts have routinely held that an infringer's financial information is relevant to the patent holder's claim for damages.

---

[3]As noted previously, the magistrate judge did not make a specific finding regarding the relevance of the financial statements to plaintiff's damages claims. However, the magistrate judge heard argument that the financial statements were "confirmatory evidence" of defendant's profits and thus relevant to plaintiff's claim for damages. *See id.* at 25, 232:2-8. Moreover, the magistrate judge rejected plaintiff's alternative argument that the financial statements are discoverable based on their relevance to potential claims of fraudulent transfer and alter ego. *See id.* at 26-29, 233:3-236:6. The record thus demonstrates that the only possible basis for the magistrate judge's order compelling the production of defendant's financial statements is a finding that those statements are relevant to plaintiff's claim for damages.

*See, e.g.*, *Zvelo, Inc. v. SonicWALL, Inc.*, No. 06-cv-00445-PAB-KLM, 2013 WL 2338352, at *4 (D. Colo. May 29, 2013) (stating that "information about Defendant's profits resulting from its alleged infringing activity" was "Plaintiff's only way to establish damages" in patent infringement action); *Nordock Inc. v. Sys. Inc.*, 2012 WL 4760784, at *1-2 (E.D. Wis. Oct. 5, 2012) (granting motion to compel production of financial records after finding that information regarding defendant's profits was relevant to claim for disgorgement under 35 U.S.C. § 289); *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, 2011 WL 3033033, at *3 (M.D. Pa. July 25, 2011) (stating that "financial data [pertaining to allegedly infringing product lines] would be relevant to issues of liability and damages in . . . patent infringement and patent validity litigation"); *Mintz v. Dietz & Watson, Inc.*, 2008 WL 5147234, at *1 (S.D. Cal. Dec. 5, 2008) (characterizing request for "quantity and sales price of all the accused products" as "a straightforward and fundamental request in a patent infringement matter").

Defendant contends that its financial statements cannot be relevant because plaintiff has refused to articulate a specific theory of recovery. *See* Docket No. 730 at 7. However, defendant fails to explain how such a refusal bears on the issue of relevance under Rule 26(b)(1). *See Greenkeepers, Inc. v. Nike, Inc.*, 2009 WL 3581817, at *4-5 (E.D. Pa. Oct. 29, 2009) (requiring parties to "exchange all documents containing underlying records which may be relevant on the topic of amount of damages, such as sales records and financial statements" even though plaintiff had not disclosed damages theory it intended to pursue).[4] Moreover, by arguing that plaintiff

---

[4]The Court further notes that plaintiff's complaint alleges a claim for disgorgement under 35 U.S.C. § 289. Docket No. 473 at 11, ¶ E.

has failed to establish a clear link between its damages claims and the requested financial data, defendant improperly shifts the burden of proof onto plaintiff. *See Bonanno v. Quizno's Franchise Co., LLC*, 255 F.R.D. 550, 552 (D. Colo. 2009) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery . . . does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) . . . ." (quoting *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 359 (D. Colo. 2004))).

Finally, defendant asserts that its financial data may be misused if subject to discovery. Docket No. 730 at 8. The Court notes, as an initial matter, that this argument was not raised in defendant's opposition to plaintiff's motion to compel, and thus the Court is not required to consider it. *See United States v. Ledford*, No. 07-cv-01568-WYD-KMT, 2010 WL 749843, at *8 (D. Colo. Mar. 3, 2010) ("[A]rguments not provided to the attention of the magistrate judge will not be considered in connection with review of nondispositive motions." (citing *Claytor v. Comput. Assocs. Int'l, Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003)).[5] Even considering the argument on the merits, the Court finds it unpersuasive. Although defendant alleges that plaintiff previously used customer lists produced in discovery to threaten defendant's customers with suit, *see* Docket No. 730 at 8, defendant does not explain how the information contained in the financial statements would be misused. Additionally, defendant has already produced

---

[5]Defendant claims it could not have waived its argument regarding plaintiff's potential misuse of the financial statements because plaintiff's misuse of previously disclosed information did not occur until October 6, 2017, after briefing on plaintiff's motion to compel was complete. *See* Docket No. 767 at 4. However, defendant does not explain why it did not raise the argument at the October 17, 2017 hearing on plaintiff's motion to compel. *See* Docket No. 730-1 (transcript of hearing).

7

its financial statements through May 31, 2015.  *See* Docket No. 730 at 3.  Defendant does not assert that those statements have been used for improper purposes[6] or that the more recent statements contain sensitive information not previously disclosed.

For the foregoing reasons, the Court finds that defendant has failed to establish that the magistrate judge's order was clearly erroneous or contrary to law.  It is therefore

**ORDERED** that Dawgs' Rule 72 Objection to Magistrate Judge Tafoya's Order Compelling Dawgs to Produce Further Financial Information (Doc #701) [Docket No. 730] is **OVERRULED**.  It is further

**ORDERED** that Dawgs' Motion to District Judge Under D.C.COLO.LCivR 30.2(b) to Stay Magistrate Judge's Order to Produce Discovery [Docket No. 747] is **DENIED** as **MOOT**.

DATED November 28, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[6]Defendant does contend that plaintiff has misused its financial information to "falsely insinuate that [defendant] is or may become insolvent."  Docket No. 730 at 8.  However, the Court is not persuaded that the use of discovered information to support a litigating position constitutes "misuse" of discovery.