IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 06-cv-00605-PAB-KMT
    (Consolidated with Civil Action No. 16-cv-02004-PAB-KMT)

---

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

    Plaintiff,

v.

EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION, LTD., and
U.S.A. DAWGS, INC.,

    Defendants.

---

Civil Action No. 16-cv-02004-PAB-KMT

U.S.A. DAWGS, INC. and
DOUBLE DIAMOND DISTRIBUTION, LTD.,

    Plaintiffs,

v.

RONALD SNYDER,
DANIEL HART,
THOMAS J. SMACH,
ANDREW REES,
GREGG RIBATT,
ANDREW REDDYHOFF,
GEORGE B. BOEDECKER, JR.,
LYNDON HANSON,
DONALD LOCOCO,
RAYMOND CROGHAN,
RONALD FRASCH,
MICHAEL MARGOLIS,
JEFFREY LASHER,
MICHAEL E. MARKS,
PRAKASH MELWANI,

JOHN P. MCCARVEL,
ERIK REBICH, and
SARA HOVERSTOCK,

     Defendants.

# ORDER

This matter is before the Court on Double Diamond Distribution, LTD. and Mojave Desert Holdings, LLC's Motion to Re-Open Cases for Good Cause [Docket No. 832] and Mojave Desert Holdings, LLC's Motion to Substitute or Join as the Real Party-In-Interest of U.S.A. Dawgs, Inc.'s Claims and Counterclaims Against Crocs and the Snyder Defendants [Docket No. 833].

## I.  BACKGROUND

Crocs, Inc. ("Crocs") filed Case No. 06-cv-00605-PAB-KMT on April 3, 2006, alleging, *inter alia*, infringement of United States Patent Nos. 6,993,858 and D 517,789. Docket No. 1.

On May 12, 2006, Effervescent, Inc., Holey Soles Holdings, Ltd., and former defendant Collective Licensing International, LLC moved to stay this case pending proceedings under Section 337 of the Tariff Act of 1930 before the International Trade Commission.  Docket No. 26.  The Court granted the motion on May 16, 2006 and administratively closed the case.  Docket No. 31.  In 2012, during a brief reopening of the case, Crocs added one of the U.S.A. Dawgs, Inc. ("Dawgs") entities as a named defendant and Dawgs asserted counterclaims, Docket No. 119, before the action was stayed pending a reexamination of the patents-in-suit.  Docket No. 137.  In February

2016, Dawgs filed motions to reopen the case and lift the stay, Docket Nos. 167, 168, which the Court granted. Docket No. 184. On May 31, 2016, Dawgs filed its first amended answer to the amended complaint and counterclaims against Crocs, Scott Seamans, and John and Jane Does 1 through 100. Docket No. 209.

On August 5, 2016, Dawgs filed its complaint in Case No. 16-cv-02004-PAB-KMT ("the 2016 lawsuit"). Case No. 16-cv-02004, Docket No. 1. The 2016 lawsuit named 18 individual defendants, all of whom were current or former employees of Crocs. *Id.* at 10-19, ¶¶ 9-14.

This case and the corresponding consolidated action, Civil Action No.16-cv-02004-PAB-KMT, were administratively closed on March 19, 2018. Docket No. 821. Dawgs filed for Chapter 11 bankruptcy and the Court administratively closed the cases because "allow[ing] this matter to proceed in a piecemeal fashion pending resolution of the bankruptcy proceeding . . . would impose unnecessary burdens on both the parties and the Court." Docket No. 821 at 4.

Double Diamond Distribution, LTD ("Double Diamond") and Mojave Desert Holdings, LLC ("Mojave") move to reopen the consolidated cases. Docket No. 832. Additionally, Mojave now claims that the bankruptcy proceeding is complete and that it purchased Dawgs's legal claims in the consolidated actions. Docket No. 833 at 5. As a result, Mojave moves to be substituted or joined as the real party in interest. *See* Docket No. 833.

## II. ANALYSIS

### A. Substitution

Mojave informs the Court that Dawgs's bankruptcy proceedings are finished and that Mojave has purchased "all of its rights . . . in and to the -605 and -2004 cases, as well as all other rights arising out of these claims and the facts and circumstances giving rise to such claims including the right to bring claims and counterclaims and raise defenses." Docket No. 833 at 5 (citations and quotations omitted).

Rule 25(c) states that, "if an interest is transferred, the action may be continued by or against the original party." Fed. R. Civ. P. 25(c). Importantly, "Rule 25(c) . . . does not require that anything be done after an interest has been transferred. . . . An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation." Wright & Miller, Transfer of Interest in Action, 7C Fed. Prac. & Proc. Civ. § 1958 (3d ed.). A party may be substituted or joined in "the sound discretion of the trial court." *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978).

Crocs argues that substitution or joinder is inappropriate for three reasons. Crocs states that "there are questions about [(1)] whether Mojave is in fact the real party-in-interest, [(2)] the process by which it acquired the claims, and [(3)] its standing to seek the relief asserted." Docket No. 835 at 3. Each argument is unpersuasive.

First, Crocs argues that Mojave seeks to "have their prey and eat it too" by only taking ownership of Dawgs's claims and not Dawgs's liabilities. *Id.* at 4. But Mojave makes no such assertion. Mojave purchased all of Dawgs's claims and expressly

4

agrees to "stand in Dawgs'[s] shoes" and "tak[e] on liability" as to Crocs's claims. Docket No. 839 at 4-5. Second, Crocs asserts that the right to Dawgs's litigation claims is not yet determined. Docket No. 835 at 5. However, the bankruptcy court allowed a third-party, Optimal Investment Group ("OIG"), Docket No. 836-10 at 18, to purchase Dawgs's claims free and clear and noted that OIG was a purchaser in good faith. Docket No. 833-2 at 6-8. Additionally, as Mojave points out, the ongoing lawsuits do not pertain to the ownership of Dawgs's litigation claims. Docket No. 838 at 5-8. Thus, the outcome of those proceedings will have no effect on Mojave's ownership of Dawgs's claims, which Mojave purchased from OIG after a valid bankruptcy proceeding. For similar reasons, Crocs's argument that there was some impropriety in the bankruptcy sale is misleading. Although the bankruptcy court noted that Steven and James Mann attempted to maintain control over the litigation claims, that attempt failed, and the claims were sold free and clear to OIG. Docket No. 836-10 at 18-19.

As to standing, the Court agrees with Mojave that a motion to substitute or join is not the proper place to litigate the issue and, thus, the Court does not consider it.[1]

The Court, however, agrees with Crocs that, given the many moving parts to the litigation and various ongoing proceedings involving both Dawgs and Mojave, the prudent action is to join Mojave, rather than substitute it. As a result, the Court will grant Mojave's motion to join.

---

[1] The Court notes that the Supreme Court's opinion in *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269 (2008), appears to foreclose Crocs's argument that Mojave does not have standing, constitutional or prudential, to assert Dawgs's assigned claims. There, the Supreme Court held that an assignee has both constitutional and prudential standing to assert statutory claims. *Id.* at 286-292.

5

### B.  Whether to Reopen Case

Mojave and Double Diamond argue that, because the bankruptcy proceedings are complete, there exists good cause to reopen the case.  Docket No. 832 at 2.  Crocs argues that the case should not be reopened because (1) there is ongoing litigation involving Mojave, (2) there was a delay moving to reopen the case, (3) Mojave and Double Diamond have not outlined how they plan to streamline the case, (4) there is no ongoing harm to Mojave and Double Diamond because neither are in the footwear business, and (5) Crocs will be prejudiced due to the lack of clarity on whom to serve discovery requests and whether those entities will comply.  Docket No. 834 at 3-13.  The Court will address each in turn.

First, as discussed above, the ongoing litigation does not involve Mojave's ownership of Dawgs's claims.  As a result, the various other proceedings that Mojave is involved in do not bear on whether the consolidated actions should be reopened.

Second, in this case, any delay on its own does not provide a reason to keep the case administratively closed.  First, Mojave and Double Diamond noted their intention to reopen the case in October 2018.  Docket No. 827 at 2.  Crocs wanted the case to remain closed.  *Id.*  While there is a delay of a year between the October 2018 status report and Mojave and Double Diamond's motion to reopen, the Court finds that this delay is insufficient to deny reopening the case.  Crocs cites *Wesson v. Hope Mining, Milling, and Leasing Co.*, No. 00-cv-02403, 2011 WL 6440493, at *5 (D. Colo. Dec. 11, 2011), in support of its argument that delay should prevent reopening of the case.  There, however, the counsel "admitted that she was not diligent in following the

deadlines in that she stated the case 'just slipped through the cracks.'" *Id.* Here, there is no evidence that counsel mismanaged the case or that they missed any court-mandated deadlines.

Third, Crocs cites no authority for the proposition that an adverse litigant must offer a detailed look into its litigation strategy and how it intends to pursue the case before the case may be reopened. Thus, this argument in unpersuasive.

Fourth, Crocs's argument as to ongoing harm goes to the merits of the underlying claims, not to whether the case should be reopened. *See Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, No. 11-cv-00970-PAB-MEH, 2013 WL 1910636, at *2 (D. Colo. May 8, 2013) (noting that the "viability of plaintiffs' third-party claims [was] not properly before the Court on plaintiffs' motion to reopen and [would] not be addressed until such time as plaintiffs file[d] a motion to assert [such] claims"). The nature and extent of any remaining claims can be addressed once the case is reopened.

Finally, Crocs's argument that it is unclear on whom to serve discovery and whether the purchaser of Dawgs's assets will comply is unavailing. The same issue arises for assignee suits and, as the Supreme Court stated in *Sprint*, "[e]ven assuming [third-parties are not forthcoming], courts have long permitted assignee lawsuits notwithstanding the fact that such problems could arise. Regardless, courts are not helpless in the face of such problems. [A] district court can, if appropriate, compel a party to collect and to produce whatever discovery-related information is necessary." 554 U.S. at 291-92.

The Court ordered the case administratively closed due to the then-pending bankruptcy litigation. *See* Docket No. 821. That proceeding is completed in relevant

aspects and Mojave is now the owner of Dawgs's litigation claims.  The Court therefore finds that there is good cause to reopen the case.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Double Diamond Distribution, LTD. and Mojave Desert Holdings, LLC's Motion to Re-Open Cases for Good Cause [Docket No. 832] is **GRANTED**.  It is further

**ORDERED** that Civil Action Nos. 06-cv-00605-PAB-KMT and 16-cv-02004-PAB-KMT shall be reopened.  It is further

**ORDERED** that Mojave Desert Holdings, LLC Motion to Substitute or Join as the Real Party-In-Interest of U.S.A. Dawgs, Inc.'s Claims and Counterclaims Against Crocs and the Snyder Defendants [Docket No. 833] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that Mojave Desert Holdings, LLC shall be joined to Civil Action Nos. 06-cv-00605-PAB-KMT and 16-cv-02004-PAB-KMT.

DATED July 14, 2020.

                                            BY THE COURT:

                                            PHILIP A. BRIMMER
                                            Chief United States District Judge