IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 06-cv-00605-PAB-KMT
      (Consolidated with Civil Action No. 16-cv-02004-PAB-KMT)

---

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

      Plaintiff,

v.

EFFERVESCENT, INC., et al.,

      Defendants.

---

Civil Action No. 16-cv-02004-PAB-KMT

U.S.A. DAWGS, INC., et al.,

      Plaintiffs,

v.

RONALD SNYDER, et al.,

      Defendants.

---

**ORDER**

---

This matter is before the Court on plaintiff and counterclaim defendant Crocs,

Inc.'s Motion to Dismiss Eighth Claim for Relief in Dawgs's Second Amended

Counterclaim [Docket No. 846].  The Court has jurisdiction pursuant to 28 U.S.C.

§ 1331.

## I.  BACKGROUND[1]

The Court assumes familiarity with this fourteen-year-long dispute and will not detail the procedural history or factual allegations beyond what is necessary to resolve this motion to dismiss.  Additional background can be found in the Court's September 25, 2017 order, Docket No. 673, and in the magistrate judge's October 27, 2020 recommendation.  Docket No. 897.

### A.  Procedural History

The case involves three patents concerning varieties of Crocs's foam shoes and associated infringement claims.  In mid-2016, Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc. (individually and/or collectively, with Mojave Desert Holdings, LLC, referred herein as "Dawgs") alleged, among other things, that two of Crocs's asserted patents, United States Patent Nos. 6,993,858 (the "'858 patent") and D517,789 (the "'789 patent"), were unenforceable for inequitable conduct because Crocs and the named inventors were aware of a prior art clog shoe, the "'Bassiston' clog shoe,"[2] yet neither Crocs nor the named inventors disclosed this to the patent office.  Docket No. 856 at 2 (citing Docket No. 209 at 7).  Crocs moved to dismiss this counterclaim, i.e., the seventh counterclaim.  Docket No. 227 at 6, 14.  As relevant here, the Court granted Crocs's motion to dismiss this counterclaim.  Docket No. 504 at 32–33.

_____

[1] Unless otherwise stated, the facts are taken from the second amended answer and counterclaims filed by defendants Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc. [Docket No. 487], and are presumed to be true for the purposes of this order.

[2] The Court presumes Dawgs is referring to the "Battiston Molded Clog," which Dawgs refers to in the eighth counterclaim.  Docket No. 487 at 70, ¶ 225.

Before the Court ruled on Crocs's motion to dismiss, Crocs amended its complaint to add a third patent, U.S. Patent No. D632,465 ("'465 patent"), Docket No. 473, and Dawgs again counterclaimed for inequitable conduct based on similar concerns as to the '858 and '789 patents.  Docket No. 487.  Crocs then moved to dismiss this counterclaim, i.e., the eighth counterclaim.  Docket No. 506.

This case and the corresponding consolidated case were administratively closed on March 19, 2018 after Dawgs filed for Chapter 11 bankruptcy and the Court determined that "allow[ing] this matter to proceed in a piecemeal fashion pending resolution of the bankruptcy proceeding . . . would impose unnecessary burdens on both the parties and the Court."  Docket No. 821 at 4.  After the consolidated action was reopened, Docket No. 842, the parties were permitted to reinstate certain motions, including this one.  Docket No. 845.  Crocs reinstated its motion to dismiss the eighth counterclaim, Docket No. 846, and Dawgs responded.  Docket No. 856.  Crocs then replied.  Docket No. 860.

### B.  Factual History[3]

On February 7, 2006, the U.S. Patent and Trademark Office ("PTO") issued the '858 patent, and on March 28, 2006, the PTO issued the '789 design patent.  Docket No. 487 at 28–29, ¶¶ 54, 58.  Crocs's co-founder, Scott Seamans, was listed as the sole inventor for both patents.  *Id.*  Dawgs alleges that the '858 patent "contains diagrams and descriptions of, and claims," a previous clog in the market, the Battiston

---

[3] Unless otherwise stated, the facts are taken from the second amended answer and counterclaims filed by defendants Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc. [Docket No. 487], and are presumed to be true for the purposes of this order.

molded clog, except that Crocs added a heel strap.  *Id.* at 28, ¶ 54.  According to

Dawgs, however, "such a strap had previously existed for many years on a wide variety

of footwear, including clogs and sandals."  *Id.*  Crocs knew this.  *Id.*, ¶ 56.  Moreover,

according to Dawgs, the '789 patent "contains diagrams of the base shoe that are

substantially similar to the Battiston Molded Clog with a strap added that serves a

functional purpose and, as noted, this design had previously existed for many years."

*Id.*, ¶ 58.  Dawgs states that the shoe in the '789 patent is "not new and inventive nor

invented and designed by Seamans or by Crocs."  *Id.*  Crocs has been unable to secure

patents similar to the '789 and '858 patents outside of the United States, Dawgs

argues, because of the "well-known existence of prior sales, the widely-recognized

existence of invalidating prior art, and the established identity of the true and proper

inventorship and origin of the Crocs'[s] clog."  *Id.* at 32, ¶ 65.

On April 3, 2006, Crocs filed the instant lawsuit alleging patent infringement even

though, Dawgs claims, Crocs "clearly knew the patents identified incorrect inventorship

and had been obtained by withholding material information from the patent examiner."

*Id.* at 38, ¶ 84.   Dawgs claims that this litigation is "objectively baseless" in light of the

unenforceability of the patents and because, by the time Crocs filed the first amended

complaint, it knew a previous patent "rendered the claims of at least the '858 patent"

invalid.  *Id.* at 40, ¶ 92.

### C.  Dawgs's Eighth Counterclaim

Dawgs's eighth counterclaim asks for declaratory judgment of the

unenforceability of the '465 patent.  Docket No. 487 at 70, ¶ 223–35.  Dawgs

acknowledges that this counterclaim is "based on a similar set of facts and the same law" as its seventh counterclaim, Docket No. 856 at 2, which the Court dismissed in its order of March 31, 2017.  Docket No. 504 at 32.

## II.  LEGAL STANDARD

Dismissal of a claim under Rule 12(b)(6) is appropriate where a party fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. (8)(a)(2).  Rule 8(a)'s "short and plain statement" mandate requires that a party allege enough factual matter that, taken as true, makes his "claim to relief . . . plausible on its face."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).  In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (ellipses omitted).  The "plausibility" standard requires that relief must plausibly

follow from the facts alleged, not that the facts themselves be plausible.  *Bryson*, 534 F.3d at 1286.

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III.  ANALYSIS

Dawgs acknowledges that its "claim of inequitable conduct for the '465 patent is largely the same theory" as one of the claims that it asserted as a basis for inequitable conduct for the '789 and '858 patents.  Docket No. 518 at 1; Docket No. 856 at 2–3. That is, its eighth counterclaim is based largely on the same theory as its seventh.[4]  The Court construed the seventh counterclaim to allege that, because the Battiston molded clog and Battiston work-shoe are prior art, Mr. Seamans cannot be the named inventor of the patents that were issued as a result.  Docket No. 504 at 12–13.  More specifically, the eighth counterclaim alleges that the named inventors of the '465 patent, Stefano del Biondi and Luciano Stefanello, are not the actual inventors of the '465

---

[4] The Court notes that the seventh counterclaim was the fifth counterclaim in the first amended answer and counterclaims.  *Compare* Docket No. 209 at 7–8 *with* Docket No. 487 at 53–70.  For clarity, the Court will refer to this as the "seventh counterclaim."

patent because "Crocs was aware of the Battiston Molded Clog, and that Battiston conceived of the Battiston Molded Clog."  Docket No. 487 at 70, ¶¶ 226–27.  Dawgs claims that Crocs knew this and that the design claimed in the '465 patent is the Battiston clog with fleece lining, which amounts to a false declaration of inventorship and inequitable conduct.  *Id.* at 71, ¶ 232; 69–70, ¶ 221–22.

Crocs insists that the eighth counterclaim should be dismissed for the same reasons that the Court dismissed the seventh.  While the Court will not repeat its analysis of the seventh counterclaim here, the Court dismissed that counterclaim because it found Dawgs had not sufficiently alleged that Mr. Seamans was not the inventor, or the sole inventor, of the patents at issue.  Docket No. 504 at 13.  Crocs seeks dismissal of the eighth counterclaim because it believes Dawgs has again pleaded that the Battiston molded clog is prior art for the '465 patent and yet fails to plead anything with respect to whether Ettore Battiston, the Italian inventor who designed the shoes' molds, had any role in jointly conceiving of the invention behind the '465 patent.  Docket No. 846 at 4.  Furthermore, Crocs insists that Dawgs's eighth counterclaim must be dismissed because it alleges no facts regarding the '465 patent that could show Crocs engaged in an affirmative misrepresentation of material fact, failure to disclose material information, or a submission of false material information, and that this was done with the specific intent to deceive the PTO, as required by Federal Rule of Civil Procedure 9(b).  *Id.* at 5 (citing *Exergen Corp. v. Wal-Mart Stores*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009)).

As mentioned above, Dawgs acknowledges that its seventh and eighth counterclaims are "based on a similar set of facts and the same law."  Docket No. 856

at 2.  While Dawgs insists that the Court erred in dismissing the seventh counterclaim with prejudice, Dawgs "understand[s] the Court is highly likely to apply the same test to the Eighth Claim for Relief that it applied to the Seventh Claim for Relief."  *Id.* at 3.  Therefore, Dawgs asks that the Court's dismissal be without prejudice to re-file an inequitable conduct claim if either Dawgs is "successful in an appeal of the Court's dismissal" of the seventh counterclaim, or if Dawgs "demonstrate[s] good cause to amend under Rule 16(b)" or *Id.* at 2.

On its first point, Dawgs argues that, in the event it is successful on appeal of the seventh counterclaim, since the two claims are based on the same facts and law, it must then be permitted to re-file the eighth counterclaim.  *Id.* at 3.   This argument, however, is unconvincing.  The Court's dismissal of this counterclaim with or without prejudice would have no bearing on Dawgs's rights following a hypothetical reversal on appeal, as both appeals with and without prejudice are appealable.  *Rogers v. Andrus Trans. Servs.*, 502 F.3d 1147 (10th Cir. 2007); *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369 (Fed. Cir. 2000).  Furthermore, the Court will not enter an order regarding one claim based on how a party believes the Federal Circuit may handle another claim if one of the Court's orders is appealed.

On its second point, Dawgs argues that dismissal should be without prejudice because discovery is ongoing and Dawgs has yet to depose any of the named inventors or other individuals involved in the '465 patent.  *Id.*  Dawgs states that it is "entirely possible" that they will "discover additional facts that would support an inequitable conduct claim" and, therefore, "connect the dots that the Court previously

thought were missing in its" order.  *Id.*  Dawgs claims that this how "many inequitable conduct claims are added since they are, by nature, heavily-dependent upon information in a patent owner's s [sic] possession that are difficult to uncover – including the requisite specific intent – until after discovery is complete."  *Id.*

Crocs also disagrees with this.  Crocs explains that, over course of this litigation, Dawgs has had ample opportunity to provide specific facts to support its inequitable conduct allegations, but has failed to do so.  Docket No. 860 at 3.  Crocs also argues that none of the authority that Dawgs relies upon stands for the proposition "that a party who pleads a defective claim should be afforded the right to discovery to see if they can find a claim to re-plead."  *Id.* at 4.

Dawgs finds itself in a familiar – if uncomfortable – position.  Over three years ago, Dawgs stated, "[m]ore details of the extent of each individual's participation will undoubtedly be discovered from the files of Crocs and the Conspirator Defendants."  Docket No. 38 at 10.  In response to that argument, the Court explained that "Dawgs is not entitled to a fishing expedition to make its case."  Docket No. 673 at 21.  Three years later, in response to another motion to dismiss, Dawgs again believes it will soon have the requisite facts to make its case.  Yet Dawgs is still not entitled to a fishing expedition.  The Court will dismiss the eighth counterclaim with prejudice.  *Segelman v. City of Springfield*, 561 F. Supp. 2d 123, 125 (D. Mass. 2008) ("A ruling allowing a Motion to Dismiss for failure to state a claim is presumed to be with prejudice." (citing *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004)).  This is particularly the case because Dawgs has already amended its pleading,

and, "because it does not appear that amending the pleadings would correct the defect[,] . . . the Court will dismiss the claim[] with prejudice." *Oldham v. Brennan*, No. 15-cv-2464-WJM-MJW, 2016 WL 7375328, at *7 (D. Colo. Dec. 20, 2016).  As before, due to Dawgs's failure to adequately amend the counterclaims and the clear deficiencies in the pleadings, the Court finds dismissal with prejudice to be appropriate. Docket No. 504 at 24 n.10 (citing *Radiancy, Inc. v. Viatek Consumer Prod. Grp., Inc.*, 138 F. Supp. 3d 303, 325 (S.D.N.Y. 2014)).

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Crocs, Inc.'s Motion to Dismiss Eighth Claim for Relief in Dawgs's Second Amended Counterclaims [Docket No. 846] is granted.  It is further

**ORDERED** that Dawgs's eighth claim for relief is dismissed with prejudice.

DATED March 11, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge