IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 06-cv-00605-PAB-KMT
        (Consolidated with Civil Action No. 16-cv-02004-PAB-KMT)

---

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

        Plaintiff,

v.

EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION, LTD., and
U.S.A. DAWGS, INC.,

        Defendants.

---

Civil Action No. 16-cv-02004-PAB-KMT

U.S.A. DAWGS, INC. and
DOUBLE DIAMOND DISTRIBUTION, LTD.,

        Plaintiffs,

v.

RONALD SNYDER,
DANIEL HART,
THOMAS J. SMACH,
ANDREW REES,
GREGG RIBATT,
ANDREW REDDYHOFF,
GEORGE B. BOEDECKER, JR.,
LYNDON HANSON,
DONALD LOCOCO,
RAYMOND CROGHAN,
RONALD FRASCH,
MICHAEL MARGOLIS,
JEFFREY LASHER,
MICHAEL E. MARKS,
PRAKASH MELWANI,

JOHN P. MCCARVEL,
ERIK REBICH, and
SARA HOVERSTOCK,

      Defendants.

---

**ORDER**

---

This matter is before the Court on the Out-of-State Defendants' Motion for Reconsideration of Denial of Rule 12(b)(2) Dismissal [Docket No. 847] and defendant Andrew Reddyhoff's Motion to Dismiss and Joinder in Out-of-State Defendants' Motion for Reconsideration of Denial of Rule 12(b)(2) Dismissal [Docket No. 848]. The out-of-state defendants[1] request that the Court reconsider its September 25, 2017 order, Docket No. 673 (the "September 25 Order"), denying their motion to dismiss for lack of personal jurisdiction, Case No. 16-cv-02004, Docket No. 31. Docket No. 847 at 1.

**I. BACKGROUND**

This fourteen-year dispute involves infringement and non-infringement claims related to three patents concerning variations of shoes made by Crocs, Inc. ("Crocs"). The background facts and procedural history are set out in the magistrate judge's recommendation, as well as in the September 25 Order, and will not be repeated unless necessary for purposes of this order.

---

[1] These defendants are Raymond Croghan, Ronald Frasch, Prakash Melwani, Michael Marks, Thomas Smach, Andrew Rees, and Gregg Ribatt. The Court will refer to these seven defendants and Andrew Reddyhoff together as the "out-of-state defendants" because Mr. Reddyhoff "adopts and joins the arguments" that the defendants set forth in Docket No. 847. *See* Docket No. 848 at 2. Mr. Reddyhoff followed the same practice in the first round of briefing for this motion before the case was administratively closed. *See, e.g.*, Docket Nos. 738 (motion), 778 (reply).

Crocs filed Case No. 06-cv-00605-PAB-KMT on April 3, 2006, alleging, *inter alia*, infringement of United States Patent Nos. 6,993,858 and D 517,789.  Docket No. 1 ("the 2016 lawsuit").  On August 5, 2016, U.S.A. Dawgs, Inc. and Double Diamond Distribution Ltd. (individually and/or collectively, with Mojave Desert Holdings, LLC, referred herein as "Dawgs") filed its complaint in Case No. 16-cv-02004-PAB-KMT ("the 2016 lawsuit").  Case No. 16-cv-02004, Docket No. 1.[2]  The 2016 lawsuit ultimately named 18 individual defendants (the "individual defendants"), all of whom were current or former employees, officers, or directors of Crocs.  *Id.* at 10–19, ¶¶ 9–14.  Dawgs, a Crocs competitor, claimed that, as a result of Crocs's conduct in marketing the exact same shoe that was already in existence using invalid and unenforceable patents, *id.* at 38, ¶¶ 55–56, Crocs had secured its own success, obtained a market share for "molded clog-type footwear" in excess of 90%, and negatively impacted Dawgs.  *Id.* at 43–46, ¶¶ 68–74.  According to Dawgs, the individual defendants "directed, participated in, sanctioned, ratified, or acquiesced" in the decision to sue Dawgs and to continue the 2006 lawsuit through the present.  *Id.* at 10–18, ¶¶ 9–13.  As such, Dawgs brought seven claims against the individual defendants, discussed more fully in the September 25 Order and below.  *Id.* at 61–107, ¶¶ 150–262.

In response to Dawgs's complaint, the individual defendants filed a motion to dismiss all claims in the 2016 lawsuit.  Case No. 16-cv-02004, Docket No. 31.[3]  Seven

---

[2] The two lawsuits were consolidated on January 27, 2017.  *See* Case No. 06-cv-00605, Docket No. 426; Case No. 16-cv-02004, Docket No. 66.

[3] That motion was filed on behalf of the 15 original defendants served in the 2016 action (Daniel Hart, Thomas Smach, Andrew Rees, Gregg Ribatt, Lyndon "Duke" Hanson, Donald Lococo, Raymond Croghan, Ronald Frasch, Michael Margolis, Jeffrey

of these defendants, the out-of-state defendants, also moved to dismiss for lack of personal jurisdiction.  *Id.* at 24.[4]  The out-of-state defendants argued that "nearly half of the [d]efendants . . . reside outside of Colorado" and that Dawgs failed to allege that "each out-of-state [d]efendant has sufficient contacts with Colorado in this suit."  *Id.* Rather, the out-of-state defendants insisted that Dawgs "[a]lleg[ed] an affiliation with an in-state corporation," which "does not save Dawgs' claims against these [d]efendants." *Id.* (citing *Encore Prods., Inc. v. Promise Keepers*, 53 F. Supp. 2d 1101, 1107 (D. Colo. 1999)).  Nor, the out-of-state defendants maintained, "can an individual be subject to personal jurisdiction solely on acts undertaken in his or her corporate capacity."  *Id.* at 25. (citing *Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 784 (11th Cir. 2004)); *see also Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012). Dawgs argued that there were sufficient contacts with the forum state by virtue of the out-of-state defendants' participation in "sham patent litigation, intentional interference, and false advertising."  Case No. 16-cv-02004, Docket No. 38 at 25.

The Court denied the motion to dismiss for lack of personal jurisdiction.  Docket No. 673 at 10.  The Court further noted that personal jurisdiction comports with due process when the defendant has "minimum contacts with the forum state and where those contacts are such that jurisdiction does not offend 'traditional notions of fair play

---

Lasher, Michael Marks, Prakash Melwani, John McCarvel, Erik Rebich and Sara Hoverstock).  Docket No. 31 at 1 n.1.  Mr. Reddyhoff did not join this motion because he had not been served before the cases were consolidated and then administratively closed.

[4] These defendants are Mr. Croghan, Mr. Frasch, Mr. Melwani, Mr. Marks, Mr. Smach, Mr. Rees, and Mr. Ribatt.  *Id.* at 24 n.15.

and substantial justice.'"  *Id.* at 11 (quoting *Interstate Restoration, LLC v. Wilson Assocs.*, No. 13-cv-03423-REB-MJW, 2014 WL 1395466, at *2 (D. Colo. Apr. 8, 2014) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945))).  The Court found that, while the complaint alleged that the individual defendants interfered with Dawgs's business opportunities and violated the Lanham Act, the complaint did not allege that these activities were purposefully directed at the forum state.  *Id.* at 12–13 (citing *Allison v. Wise*, 621 F. Supp. 2d 1114, 1120 (D. Colo. 2007) (finding no personal jurisdiction where out-of-state conduct was not "expressly aimed" at the forum state, despite causing injuries in the forum state).  Therefore, the "only relevant conduct directed at the forum state" was the "out-of-state defendants' alleged authorization of this lawsuit." *Id.* at 13.  The Court determined that this was sufficient to satisfy the minimum contacts requirement because "the act of authorizing and directing a lawsuit [may] be enough to establish jurisdiction over officers of a corporation."  *Id.* (quoting *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1101 (10th Cir. 2009)).  Further, the Court noted, "it must be true that those who support and authorize funding of intentional tortious conduct must be subject to personal jurisdiction in the state where the tort took place and where they committed the acts that supported the tort."  *Id.* (quoting *Rusakiewicz*, 556 F.3d at 1101).  Because "[i]t is scarcely unfair to make those who have initiated a lawsuit in a particular state undergo suit in that state to determine whether the lawsuit was tortious," *id.* (quoting *Rusakiewicz*, 556 F.3d at 1102), the Court found that exercising personal jurisdiction did not offend "traditional notions of fair play and substantial justice."  *Id.* quoting (*Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987)).

The out-of-state defendants sought reconsideration of the Court's order in October 2017.  Docket No. 704.  Dawgs responded.  Docket No. 744.  Dawgs then filed for Chapter 11 bankruptcy, however, and the Court administratively closed the cases on March 19, 2018.  Docket No. 821 at 4.  After the matter was reopened on July 14, 2020, Docket No. 842, the Court permitted the parties to re-file their motions and responses, Docket No. 845, and the out-of-state defendants re-filed their request that the Court reconsider its order denying the motion to dismiss for lack of personal jurisdiction. Docket No. 847.  Dawgs responded in opposition on September 4, 2020.  Docket No. 857.  The out-of-state defendants replied on September 11, 2020.  Docket No. 861.  As noted above, Mr. Reddyhoff joins the out-of-state defendants' briefing.  *See* Docket Nos. 848, 862.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter,* 313 F.2d 91, 92 (10th Cir. 1962).  Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were

6

available at the time of the original motion." *Servants of the Paraclete v. Does*, 204

F.3d 1005, 1012 (10th Cir. 2000).  "[A] motion for reconsideration is appropriate where

the court has misapprehended the facts, a party's position, or the controlling law."

*Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018).

Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the

entire evidence is left with the definite and firm conviction that a mistake has been

committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)

(citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III.  ANALYSIS

The out-of-state defendants do not argue that new evidence or legal authority

has emerged that would call into question the soundness of the September 25 Order.

*See* Docket No. 847.  Thus, the Court considers whether the September 25 Order

misapprehended the controlling law or whether the Court committed a mistake

warranting reconsideration.  *See Alpenglow*, 894 F.3d at 1203; *Ocelot Oil*, 847 F.2d at

1464.

The out-of-state defendants argue that, though the Court found that there was "a

sufficiently pleaded basis" for personal jurisdiction over the defendants by virtue of

plaintiff's "sham litigation claim," the Court dismissed the sham litigation claim and

therefore has no basis to exercise personal jurisdiction over them.  *Id.* at 2.  That is,

because personal jurisdiction is analyzed "on a claim-by-claim basis," the "dismissal of

[the only] claims for which there is jurisdiction eliminates the basis for personal

jurisdiction" for other claims.  *Id.* (citing *United States v. Botefuhr*, 309 F.3d 1263 (10th

Cir. 2002)).  To  allow Dawgs to proceed based on claim for which there is no

jurisdiction, because the claim was dismissed, the out-of-state defendants argue, would

"impose an unreasonable burden" on them.  *Id.*

The out-of-state defendants argue that the dismissal of the claim that provides

personal jurisdiction "means that the theory of pendant [sic] personal jurisdiction cannot

support maintaining personal jurisdiction over claims for which there is no independent

basis for specific jurisdiction."  *Id.* at 5–6.  That is because the basis for exercising

pendent jurisdiction "no longer applies."  Docket No. 861 at 1.  Pendent jurisdiction, the

out-of-state defendants argue, only applies to a claim that "arises out of the 'same

nucleus of operative fact' as the jurisdictionally proper 'anchor' claim."  Docket No. 847

at 9 (quoting *Botefuhr*, 309 F.3d at 1272–73).  Here, the out-of-state defendants argue

that the sham litigation claim – the only claim for which the Court found personal

jurisdiction over the out-of-state defendants – did not arise out of the same nucleus of

operative fact as the Lanham Act false advertising claim.  *Id.* at 10.  Rather, the sham

litigation theory alleges that the defendants "caused Crocs to assert patent rights

against Dawgs" by filing the Crocs case in Colorado.  *Id.*  This claim concerns the

"propriety of Crocs's assertion of intellectual property rights against ***Dawgs's*** footwear,

as well as Crocs's conduct" before the United States Patent and Trademark Office.  *Id.*

The Lanham Act allegations, however, concern "allegedly inaccurate statements to the

public about the foam materials in its ***Crocs's*** footwear."  *Id.*  While both claims relate

to Crocs, the out-of-state defendants do not believe this is enough for pendent

jurisdiction.  *Id.* at 11 n.4.

Dawgs opposes reconsideration.  First, Dawgs argues that the out-of-state defendants are not entitled to reconsideration because the out-of-state defendants never addressed pendent jurisdiction in their original brief and "spent only one paragraph in their opening brief and one paragraph in reply even discussing personal jurisdiction."  Docket No. 857 at 2.  Second, Dawgs argues that the Court was correct in determining that it "can and should" exercise personal jurisdiction over the out-of-state defendants for Dawgs's Lanham Act claims because the out-of-state defendants should reasonably anticipate "being subject to the jurisdiction of the Colorado courts as a result of holding office or being a director in a Colorado corporation."  *Id.* (quoting *Pub. Warranty Corp. v. Mullins*, 757 P.2d 1140, 1141 (Colo. App. 1988)).  The out-of-state defendants authorized Crocs to file a lawsuit in Colorado and to continue the case in Colorado, Dawgs argues, directing Crocs to avail itself of the Colorado courts.  *Id.* 2–3. Additionally, the out-of-state defendants, who are Crocs executives, attended board of directors meetings in Colorado, where they "created or continued the dissemination of false claims that Croslite was patented."  *Id.* at 3.  As such, Dawgs argues, reliance on non-director or non-officer cases, like *Botefuhr*, is misplaced.  *Id.* at 8.

The Court agrees with the out-of-state defendants that the September 25 Order was in error.  As the out-of-state defendants explain, once the Court determined that the dismissed sham litigation claim was the only claim for which there was personal jurisdiction, the Court then should have determined that it could only exercise pendent personal jurisdiction over the out-of-state defendants if there were another live claim. When the Court dismissed all other claims but the Lanham Act claim, it erred in finding personal jurisdiction.

9

The out-of-state defendants are correct that the rule in *Botefuhr* and its progeny controls this issue.  In *Botefuhr*, an Oklahoma resident gifted shares of stock to her niece and two nephews, two of whom were Texas residents.  309 F.3d at 1268–69.  However, the recipients failed to comply with gift tax laws and the estate did not comply with estate tax laws.  *Id.* at 1268.  The Internal Revenue Service ("IRS") brought three claims against the recipients, two for individual liability for the gift tax violations and one for representative liability for the estate tax liability.  *Id.* at 1269.  The IRS later abandoned the representative liability claim.  *Id.*  The Tenth Circuit held that the district court erred in exercising jurisdiction over the individual liability claims.  *Id.* at 1271.  First, the court held that the Texas recipients receiving gifts from an Oklahoma resident was insufficient to confer personal jurisdiction.  *Id.* at 1272.  Then, the court held that the district court erred in exercising pendent jurisdiction for the individual liability claims based on the dismissed representative liability claim.  *Id.* at 1274.

The court explained that pendent personal jurisdiction exists when "a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim."  *Id.* at 1272.  The claim that serves as the basis for personal jurisdiction is called the "anchor" claim.  *Id.* at 1274.  This "piggyback[ing]" on the anchor claim only works, however, "provided that all the claims arise from the same facts as the claim over which [the court] has proper jurisdiction."  *Id.* at 1272.  But if the anchor claim is dismissed and there is no

10

other claim before the district court that could serve as a basis for personal jurisdiction over the defendants, the district court "abuse[s] its discretion by retaining jurisdiction" over another claim.  *Id.* at 1274.

The out-of-state defendants are correct that the sham litigation claim – which served as the anchor claim – did not arise from "the same facts" as the Lanham Act claim.  The sham litigation theory concerned allegations that the out-of-state defendants authorized and directed Crocs to assert baseless patent claims for the benefit of Colorado-based Crocs.  *See* Case No. 16-cv-02004, Docket No. 38 at 24–25.  The Lanham Act claim, on the other hand, is that Crocs and the individual defendants, including the out-of-state defendants, "have been misleading the public and consumers by claiming that Crocs footwear is made of an exclusive and proprietary closed-cell resin [Crocs] call[s] 'Croslite.'"  Case No. 16-cv-02004, Docket No. 1 at 105–06, ¶ 256. The Lanham Act claim, therefore, is that Crocs has misled consumers into believing that Crocs uses a material different than its competitors and that Crocs owns the rights to such material.  *Id.* at 106, ¶ 257.  Thus, because the anchor claim did not arise from the same facts as the "piggyback[ed]" claim, *see Botefuhr*, 309 F.3d at 1272, it was error for the Court to assert pendent jurisdiction over the Lanham Act claim.  Even though a claim that a defendant directed and authorized sham litigation is sufficient to confer personal jurisdiction, *see Rusakiewicz v. Lowe*, 556 F.3d 1095, 1101–02 (10th Cir. 2009), such a claim can only anchor pendent jurisdiction if it is a live claim in the lawsuit.  Here, however, because the Court has dismissed the sham litigation claim, reliance on *Rusakiewicz* and similar cases is misplaced.

11

Moreover, as *Botefuhr* explains, even if the two claims arose from the same nucleus of operative facts, *see* 309 F.3d at 1272–73, it would be an abuse of discretion for the Court to retain jurisdiction over the Lanham Act claim after the Court dismissed the sham litigation claim because, once the anchor claim "disappeared, there was no claim before the [] [C]ourt for which it could" exercise jurisdiction. *See id.* at 1274. The Court therefore will grant the out-of-state defendants' motion to dismiss.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that Out-of-State Defendants' Motion for Reconsideration of Denial of Rule 12(b)(2) Dismissal [Docket No. 847] is **GRANTED**.  It is further

**ORDERED** that all claims against Raymond Croghan, Ronald Frasch, Prakash Melwani, Michael Marks, Thomas Smach, Andrew Rees, and Gregg Ribatt are **DISMISSED** without prejudice.  It is further

**ORDERED** that defendant Andrew Reddyhoff's Motion to Dismiss and Joinder in Out-of-State Defendants' Motion for Reconsideration of Denial of Rule 12(b)(2) Dismissal [Docket No. 848] is **GRANTED**.  It is further

**ORDERED** that all claims against Andrew Reddyhoff are **DISMISSED** without prejudice.

DATED March 11, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

12