# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00605-PAB-KMT
    (Consolidated with Civil Action No. 16-cv-02004-PAB-KMT)

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

    Plaintiff,

v.

EFFERVESCENT, INC., ET AL.,

    Defendants.

Civil Action No. 16-cv-02004-PAB-KMT

U.S.A. DAWGS, INC.,
MOJAVE DESERT HOLDINGS LLC, and
DOUBLE DIAMOND DISTRIBUTION, LTD.,

    Plaintiffs,

v.

RONALD SNYDER, ET AL.,

    Defendants.

## PLAINTIFF CROCS, INC.'S MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME

Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff Crocs, Inc. ("Crocs") respectfully submits this Motion for Leave to File Answer Out of Time ("Motion") in response to the remaining Counterclaims contained in the Second Amended Answer and

Counterclaims ("SAAC") filed by Defendants U.S.A. Dawgs, Inc. and Double Diamond Distribution, Ltd. (collectively, "Dawgs") on March 10, 2017.  ECF No. 487.

**I.      Background**

At the time that this case was stayed in 2018 due to U.S.A. Dawgs's bankruptcy proceeding, the Court denied all then-pending motions without prejudice, including Crocs's motion to dismiss the '465 inequitable conduct claim, the resolution of which would set the operative deadline for Crocs's Answer in response to Dawgs's SAAC.  ECF No. 821, at 4.  While the Court's Order denied that motion, and vacated all other deadlines, it did not specifically address Crocs's Answer, nor did any party raise the impact of the bankruptcy stay upon this issue.  *Id.*

After the stay was lifted, the parties convened to submit their Joint Status Report to the Court, which addressed various discovery issues, proposed scheduling, and the parties' intentions on prior motions, but did not address Crocs's Answer.  *See* ECF No. 842; ECF No. 844.  For its part, Dawgs did not assert that the lack of an Answer to its Counterclaims hindered its ability to complete discovery or identify the relevant issues remaining in the case.  The Court directed the parties to re-urge any previously dismissed motion they still wished to pursue.  ECF No. 845.  As it had so indicated in the parties' Joint Status Report, Crocs re-urged its motion to dismiss the '465 inequitable conduct claim.  ECF No. 846.  Crocs was forced to do so because Dawgs—despite admitting that this counterclaim was foreclosed by the Court's March 31, 2017 Order—refused to withdraw it.  The Court granted Crocs's motion to dismiss on March 11, 2021.  ECF No. 927.  As a result, all that now remains of Dawgs's counterclaims are (1) a single Lanham Act claim, and (2) declaratory judgment claims that mirror the patent infringement claims

brought by Crocs and raise patent validity issues. Per the fourteen-day period stated in Federal Rule of Civil Procedure 12(a)(4)(A), Crocs's Answer to these Counterclaims came due on March 25, 2021.

On April 1, 2021, Dawgs brought to Crocs's attention that it did not yet have an Answer on file from Crocs to the remaining counterclaims. On April 2, Crocs informed Dawgs that it intended to submit this Motion as well as Crocs's Answer. Counsel for Crocs and Dawgs further met and conferred in writing and via telephone. As of the filing of this Motion, Dawgs does not consent to the relief sought herein.

**II.     Argument**

Crocs submits that leave to file its Answer now, seven days after the period specified under Rule 12(a)(4)(A), is appropriate on the basis of excusable neglect. Crocs has not sought to delay the litigation, and acted expeditiously and in good faith in submitting this Motion and its Answer as soon as Dawgs alerted Crocs to its mistake. And, this instance of inadvertence is not part of any pattern of delay or neglect, but rather, an isolated incident in the context of a protracted litigation with a tortuous history of pleadings challenges and stays. After years of litigation and discovery, there is no mystery concerning the remaining issues to be adjudicated, and the balance of equities further supports granting the Motion so that all remaining claims can be decided on the merits.

Under Rule 6(b) of the Federal Rules of Civil Procedure, the Court may, for good cause, grant leave to file an answer out of time if the moving party "failed to act because of excusable neglect." Fed. R. Civ. Proc. 6(b)(1)(B). The Tenth Circuit has adopted the standard established by the U.S. Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507

U.S. 380 (1993), and held that excusable neglect depends on four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (quoting *Pioneer*, 507 U.S. at 395).

The "excusable neglect" standard "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (quoting *Pioneer*, 507 U.S. at 391); *see also Severy Creek Roofing, Inc. v. Auto-Owners Ins. Co.*, 2020 WL 2112364, at *2 (D. Colo. May 4, 2020) (Tafoya, M.J.). In granting relief, the Court may consider "whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005); *see also Procom Supply, LLC v. Langner*, 2012 WL 2366617, at *2-4 (D. Colo. June 21, 2012) (Tafoya, M.J.) (setting aside entry of default and granting motion for leave to file out-of-time answer where failure to respond was honest error and counsel acted quickly and appropriately to resolve the issue).

Here, the four *Pioneer* factors weigh in favor of relief. *First*, there is no danger of prejudice to Dawgs, because it has known for years what the issues are in this case, and has directed discovery efforts to such issues. Dawgs has never claimed that an Answer was needed in order to understand Crocs's defenses to Dawgs's counterclaims, and in any event, Dawgs cannot plausibly maintain that it was disadvantaged by a mere delay of seven days in receiving Crocs's Answer. *Second*, and relatedly, the delay in this instance is minimal, such that granting

the Motion will have no impact on the proceedings or the case schedule for completing discovery and beyond.  Crocs has also acted expeditiously to resolve its inadvertent error by discussing it with Dawgs and seeking to rectify it within a day of Dawgs raising the issue.  *Third*, the reason for the delay was inadvertence due to the convoluted case schedule, the bankruptcy stay, and various motions being denied without prejudice and then re-urged upon the case being re-opened.  This is not part of any larger pattern of disregard for deadlines, as demonstrated by hundreds of prior timely filings in this case.  *Fourth*, as reflected in the above and Crocs's efforts to timely correct the issue, Crocs has acted in good faith, and not sought to delay the litigation.

Furthermore, Crocs submits that the interests of justice favor granting the Motion, as the Answer filed concurrently herewith offers "specific allegations to support its defense, and not simply general denials," and on this basis, all remaining claims can and should be decided on the merits.  *See Procom Supply*, 2012 WL 2366617, at *3.

### III.    Conclusion

For the foregoing reasons, Crocs respectfully requests that the Court grant the Motion for Leave to File Answer Out of Time and accept Crocs's concurrently-filed Answer to Dawgs's remaining Counterclaims.

Dated: April 2, 2021
　　　　　　　　　　　　　　　　　　/s/ Michael A. Berta
　　　　　　　　　　　　　　　　　　Michael A. Berta
　　　　　　　　　　　　　　　　　　ARNOLD & PORTER KAYE SCHOLER, LLP
　　　　　　　　　　　　　　　　　　Three Embarcadero Center, 10th Floor
　　　　　　　　　　　　　　　　　　San Francisco, CA  94111
　　　　　　　　　　　　　　　　　　Telephone: 415.471.3100
　　　　　　　　　　　　　　　　　　Facsimile: 415.471.3400
　　　　　　　　　　　　　　　　　　Michael.Berta@arnoldporter.com

　　　　　　　　　　　　　　　　　　*Counsel for Crocs, Inc.*

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 2nd of April, 2021, the foregoing **MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME** was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Michael A. Berta*

MICHAEL A. BERTA